IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE:  LUMBER LIQUIDATORS                )
CHINESE-MANUFACTURED FLOORING             )
PRODUCTS MARKETING, SALES                 )        MDL No. 1:15md2627 (AJT/TRJ)
PRACTICES AND PRODUCTS LIABILITY          )
LITIGATION                                )
_____)

This Document Relates to ALL Cases

_____

## INITIAL ORDER

### PRETRIAL ORDER #1
Setting Initial  Conference
and General Matters

By Order dated June 12, 2015 [Doc. No. 1] and Conditional Transfer Orders dated June 25,

2015 [Doc. No. 2] ("CTO 1") and June 29, 2015 [Doc. No. 3] ("CTO 2"), the Multi-District Litigation

Panel transferred to the Court  those cases listed in Schedule A for consolidated pre-trial proceedings.

Additional cases are expected to be transferred.

The Court's charge and objective are to complete pre-trial proceedings in these transferred cases

expeditiously, efficiently and fairly.  The Court expects all counsel to work cooperatively towards that

end, understanding that counsel also have their own obligations to their clients.

This Order and, unless indicated otherwise, all subsequent orders  shall apply to all cases

transferred to this Court and all "tag-along actions" filed in, removed to, or transferred to this

Court.

### 1.  Local Rules and Practices Apply

Counsel must familiarize themselves with the Court's Local Rules, which shall govern,

except as provided herein or by subsequent Order.  In that regard, the Court will follow its usual

practice with respect to the role of the Magistrate Judge and all non-dispositive motions not requiring a ruling by Judge Trenga will initially be referred automatically to Magistrate Judge Jones for consideration. Counsel are encouraged to reach agreements on non-controversial matters, and to use this Division's procedure for agreed motions (always remembering that the Court may not agree that the action sought is appropriate). The Local Rules are found at http://www.vaed.uscourts.gov/localrules/LocalRulesEDVA.pdf and the Alexandria Division procedures are at http://www.vaed.uscourts.gov/locations/documents/AlexandriaInformation-5-5-14.pdf.

The Court makes the following initial modifications to its rules and procedures:

a.  Separate local counsel for each plaintiff will not be required initially. The Court may revisit this decision if warranted. Plaintiffs' Lead Counsel, to be designated as set forth herein, must associate with and designate for the Court's approval a member of the Bar of this Court to serve as his or her local counsel, who will have for all plaintiffs the responsibilities set out in Local Civil Rule 83.1.

b.  Each attorney not admitted in this Court shall file this Court's "Application to Qualify as a Foreign Attorney," but it need not be signed by a member of the Bar of this Court, and payment of the fee for admission is hereby waived for all such applications filed after the date of this Order.

c.  The usual practice for noticing motions for hearing on a regular Friday docket will not apply in this litigation. The Court will determine whether and when a hearing is needed and will notify the parties. Delivery by overnight mail or courier of a copy of every motion, brief, and document relating to a motion or

2

brief will be required.  Hand delivery of Chambers copies will not be required until further notice.

d.  Discovery requests and responses are not to be filed with the Clerk nor sent to the Judge's Chambers, except when specifically ordered by the Court or to the extent needed in connection with a motion.

## 2. Consolidation

The civil actions listed on Schedule A are consolidated for pretrial purposes.  Any "tag-along actions" later filed in, removed to or transferred to this Court, or directly filed in the Eastern District of Virginia, Alexandria Division, will automatically be consolidated with this action without the necessity of future motions or orders.   This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any person or entity a party to any action in which that person or entity has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

## 3.  Plaintiffs' Lead Counsel and Plaintiffs' Steering Committee

The Court intends promptly to appoint Plaintiffs' Lead Counsel and Plaintiffs' Steering Committee. The Court will defer deciding whether an additional Liaison Counsel is needed.  In selecting Plaintiffs' Lead Counsel and members of the Plaintiffs' Steering Committee, the Court will give due regard to any consensus among counsel with respect to any particular candidate for either position.  Plaintiffs' counsel are therefore encouraged to confer as a group in an effort to select by consensus, and nominate to the Court, both Plaintiffs' Lead Counsel and a Plaintiffs' Steering Committee.

a.  Appointment Process

All applications and nominations for Plaintiffs' Lead Counsel or Plaintiffs' Steering

3

Committee must be filed with the Clerk's Office of the Eastern District of Virginia, Alexandria Division, either electronically or on paper (original and one copy) on or before July 27, 2015, stating counsel's qualifications, including specifically experience in multi-district litigation and in this District.

The main criteria for both Lead Counsel and Steering Committee members will be: (a) professional experience in this type of litigation; (b) willingness and availability to commit to a time-consuming project, including, without limitation, the ability to attend timely to the initial duties of Lead Counsel outlined in this Order before the Initial Status Conference and Rule 16(b) Conference on October 5, 2015; (c) ability to work cooperatively with others; and (d) willingness to commit the necessary resources to pursue this matter at an expeditious pace. Applications and nominations should succinctly address each of the above criteria as well as any other relevant matters, including counsel's access to resources sufficient to advance the litigation in a timely manner, any particular financing arrangements in that regard, and the specific fee arrangement expected or in place. The required information pertaining to available resources, including, specifically, financing arrangements and specific fee arrangements, must be shared with other plaintiffs' counsel but need not be provided to defendants at this time and may be submitted to the Court *ex parte* and not as part of an applicant's public filings. An application should be limited to four pages in addition to any case listings. The Court will only consider an attorney who has entered an appearance in a civil action involved in these proceedings.

Written objections may be made to the appointment of a proposed applicant or nominee. Any such written objections must be filed with the Clerk of Court either electronically or on paper (original and one copy) on or before August 3, 2015. The objections, if there be any, must be short, yet thorough, and must be supported by any necessary documentation.

4

Every application, nomination, and objection must be served either electronically or by overnight mail or courier on all counsel who have then entered an appearance in any consolidated case.

The Court considers its appointment of Lead Counsel and a Steering Committee to be among the most important in these proceedings. Its expectations are high; and the Court will not hesitate to reconsider its appointments during the litigation if the Court believes Lead Counsel or Steering Committee members are not discharging their obligations appropriately.

b.  Duties of Plaintiffs' Lead Counsel

Plaintiffs' Lead Counsel, assisted by and in consultation with the Plaintiffs' Steering Committee and other counsel, as may be appropriate, shall be generally responsible for coordinating the activities of plaintiffs during pretrial proceedings and shall:

> i.  Discharge the obligations outlined in this Order with respect to the tasks to be accomplished before the Initial Status Conference and Rule 16(b) conference on October 5, 2015, including specifically formulating the proposed litigation schedule specified in Paragraph 8 herein;
>
> ii.  Determine how and through which counsel to present to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;
>
> iii.  Determine and coordinate how discovery is to be conducted on behalf of plaintiffs, including, without limitation, the preparation of joint interrogatories, requests for production of documents, requests for admission, and subpoenas, and the examination of witnesses in

deposition;

iv. Conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

v. Delegate specific tasks to other counsel or committees, as authorized by the Court, in a manner to ensure that the pretrial preparation for the plaintiffs is conducted efficiently and effectively and is assigned fairly and appropriately among counsel who wish to assume responsibilities for conducting pre-trial matters on behalf of all plaintiffs. In that regard, no attorney for a plaintiff may be excluded from attending the examination of witnesses and other proceedings; and, subject to further Orders, as may be necessary, any attorney may suggest questions to be posed to deponents through the designated Plaintiffs' Steering Committee members. Any plaintiff's counsel who believes that the particular interests of his or her client are not being adequately served in common discovery should seek the assistance of the Court after exhausting efforts to resolve any such disputes through Plaintiff's Lead Counsel and the Steering Committee;

vi. Enter into stipulations with opposing counsel as necessary for the conduct of litigation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within ten (10) days after he or she knows or should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will

automatically be binding on that party;

vii.  Prepare and distribute periodic status reports to the parties;

viii.  Maintain adequate time and disbursement records covering services as Lead Counsel; establish adequate procedures to accurately record and report time and expenditures by other counsel; and submit periodic summaries to the Court for its review. In this regard, the Court has under consideration whether to utilize the services of an outside accountant to assist the Court on an on-going basis;

ix.  Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

x.  Perform such other duties as the Court may direct.

**4.  Defendants' Lead Counsel and Defendants' Steering Committee**

Within ten (10) days of the date of this Order, defendants shall propose a specific lawyer as Defendants' Lead Counsel, together with a general description of his or her qualifications and experience.  If proposed Lead Counsel is not a member of the bar of this Court then defendants shall also propose local counsel. The Court will defer a decision on whether appointment of a Defendants' Steering Committee is appropriate.

To the extent defendants are unable to agree upon a Lead Counsel, all counsel who want to be considered for appointment as Defendant's Lead Counsel shall file an application on or before July 27, 2015.  Applications shall state (a) professional experience in this type of litigation; (b) willingness and availability to commit to a time-consuming project, including, without limitation, the ability to attend timely to the initial duties of Lead Counsel outlined in this Order before the Initial Status Conference and Rule 16(b) Conference on October 5, 2015;

(c) ability to work cooperatively with others; and (d) willingness to commit the necessary resources to pursue this matter at an expeditious pace. An application should be limited to four (4) pages in addition to the listing of relevant case experience.

As a general matter, Defendants' Lead Counsel shall have for defendants, to the extent applicable, those duties and responsibilities described in Paragraph 3 of this Order. In addition, (1) Defendants' Lead Counsel shall file within 14 days of his or her appointment a list of all cases currently pending in state courts that raise the same or similar issues to those to be addressed in these consolidated proceedings, and the status of those cases; and (2) on or before September 21, 2015, Defendants' Lead Counsel shall file a statement concerning how the allegations in these consolidated cases relate to issues in *In re: Lumber Liquidators Holdings, Inc. Securities Litigation,* E.D. Virginia, C.A. No. 4:13-cv-157, or other pending securities or derivative actions, including, in particular, the extent to which overlapping discovery is anticipated.

### 5. Communications Among Counsel Not a Waiver of Attorney Client or Work Product Privilege

The communication of information among and between plaintiffs' counsel or among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protections afforded an attorney's work product. Likewise, communications between Lead Counsel, or their representatives, and the cooperative efforts between them, as contemplated in this Order in discharge of their duties and obligations as Lead Counsel, shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, unless reflected in a writing signed by both Lead Counsel; nor shall any communications among counsel be used by or against any plaintiff or defendant. Nothing contained in this Order shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or

8

attorney work product doctrine.

### 6. Communications with the Court

Unless otherwise authorized by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel. Neither the parties nor counsel should contact the Court *ex parte*. Any contact with the Court on any substantive matter shall be by motion or letter. To expedite procedural and scheduling matters, Lead Counsel or their designees may contact Chambers in a joint call, although the Court advises that they should do so only when necessary to advance the resolution of an issue. Magistrate Judge Jones, who is on recall for this litigation, may also be contacted by Lead Counsel or their designees by email, and he will discuss that procedure further at the Rule 16(b) Conference.

In order to properly advance the resolution of this case, the Court may find it helpful from time to time to meet with or communicate with counsel *ex parte* and/or off the record. The Court would provide advance notice to Lead Counsel of its intention to do so with an opportunity for any objections. The Court may want to meet briefly with Lead Counsel separately at some point before or during the Initial Status Conference. On or before September 25, 2015, all counsel should advise the Court of any objections to the Court's meeting separately with Plaintiffs' Lead Counsel/Steering Committee and Defendants' Lead Counsel as outlined herein.

### 7. Initial Status Conferences

#### a. Date and Time

The Court intends to meet or confer from time to time with Lead Counsel and Plaintiffs' Steering Committee after their appointment, on dates and times to be set. In addition, the Court will conduct an Initial Status Conference and Rule 16(b) Conference on October 5, 2015 at 10:00 a.m. in Judge Trenga's courtroom, Room 701, United States Courthouse, 401 Courthouse

Square, Alexandria, Va. 22314. Judge Trenga and Magistrate Judge Jones will jointly preside.

   b. Agenda for Initial Status Conference

At the Initial Status Conference, the Court intends to establish a litigation schedule that includes:

   i. A schedule for the filing of any remaining responsive pleadings or motions to dismiss;

   ii. A schedule for disposition of any motions to dismiss or other procedural motions, such as motions to remand to state court;

   iii. A discovery schedule for both fact and expert discovery;

   iv. A schedule for summary judgment motions;

   v. A schedule for consideration of class certification motions; and

   vi. Such other deadlines that may facilitate the disposition of these proceedings.

The Court will also consider any other issues identified in Lead Counsel's required filings. In that regard, no later than September 18, 2015, Lead Counsel shall file any other agenda items that Lead Counsel want the Court to consider at the Initial Status Conference. On or before September 25, 2015, any other counsel may file suggestions for additional agenda items.

The Initial Status Conference will be followed by a Rule 16(b) Conference conducted by Magistrate Judge Jones, at which he will resolve any outstanding objections or other issues relating to the Discovery Plans to be filed in accordance with Paragraph 21 of this Order, including resolution of objections to the required initial interrogatories and document requests. He will also discuss and implement the logistics of fact discovery.

c. <u>Appearance of Counsel at the Initial Status Conference</u>

Each party represented by counsel shall appear at the Initial Status Conference through an attorney who will have primary responsibility for the party's interests in this litigation. Parties not represented by counsel may appear in person. To minimize costs and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent their interest at the conference. Designating an attorney to represent the party's interest at this initial conference will not preclude counsel from subsequently participating or a party from personally participating or selecting other representation during the future course of this litigation, nor will attendance at the conference waive objections to jurisdiction, venue or service.

**8. Litigation Schedule**

The standard litigation schedule in this Court for complex cases typically includes 150 days for discovery after the initial Rule 16(b) Conference. The Court recognizes that that this standard time frame may need to be tailored to accommodate the special features of this multi-district litigation, and welcomes the suggestions of counsel in that regard, but as a general proposition the Court intends to establish a litigation schedule as close as possible to its standard litigation schedule. Towards that end, the Court has identified in this Order certain tasks to be accomplished before the Initial Status Conference and Rule 16(b) conference on October 5, 2015 in order to facilitate an actual discovery period within the time frame typically imposed by the Court. Solely for the convenience of the parties, the Court has attached as Schedule C a chronological listing of the tasks to be accomplished before the Initial Status Conference.

Lead Counsel, after consultation with each other, shall file on or before September 21, 2015, jointly if possible, otherwise separately, a litigation schedule that proposes:

11

     a.  A discovery cut-off date for fact discovery;

     b.  A schedule for expert designations and expert discovery, including any necessary *Daubert* hearings;

     c.  A date for the filing of any summary judgment motions on common liability issues; and

     d.  A schedule for consideration of any class certification issues.

The submissions should contain a brief statement justifying the proposed schedule.

Any other counsel may file objections or comments to the proposed litigation schedule(s) submitted by Lead Counsel on or before September 28, 2015, provided counsel has attempted to resolve in good faith any such objections or concerns with their Lead Counsel and certifies in writing having done so.

### 9.  Document Depository

Plaintiffs' Lead Counsel (or a designated representative) and Defendants' Lead Counsel (or a designated representative) shall confer about the creation, financing, design, and operation of a document depository program (a "depository") and thereafter shall file with the Court on or before September 18, 2015, a stipulation outlining a protocol for the depository and its organization, categorization, and/or indexing of the defendants' responses to plaintiffs' document requests and a formula for sharing the cost of maintaining the depository facility. To the extent that Lead Counsel cannot agree on any aspect of a depository, they shall file on or before September 22, 2015 their respective protocols, together with their position on any matters on which they disagree. Any counsel may file objections or comments with respect to the proposed protocols on or before September 28, 2015, provided counsel has attempted in good faith to resolve any such objections or concerns with their Lead Counsel and certifies in writing having

done so.

In developing this protocol, the parties shall consider potential protocols that would efficiently use technologies and that would facilitate the parties' prompt and effective access to the contents of the depository and reduce a party's need to travel to examine documents. Any technology used must permit a hard copy of the document to be produced by the recipient. The Court will enter such orders, as necessary, for the efficient and proper operation of the depository. Subject to the parties' comments and suggestions, the Court provides the following expectations concerning the depository:

    a.  The depository would store all materials produced by the parties and third parties in this multidistrict litigation that may be needed for more than a single case, including documents, interrogatories, requests for admission, request for production of documents, deposition transcripts, and similar materials. These materials would be made available to any litigants in any case in this multidistrict litigation and any litigants in any related state court litigation;

    b.  The parties would agree on computer hardware and software systems for scanning, viewing, downloading, and printing documents from remote locations;

    c.  The document depository would not be operated as a profit center; and the parties would agree about allocating fees to operate the depository. Each attorney/party seeking access to the depository would sign an agreement regarding rules of usage, protection of confidential documents, and payment of fees;

    d.  A party would fully satisfy the obligation to produce documents to the parties

in all cases in this litigation by placing those documents in the depository and serving notice of this placement on counsel in all affected cases. Such notice would identify the documents produced, using a unique alphanumeric identifier. Produced documents would be produced as they are kept in the ordinary course of business or organized and labeled to correspond with categories in the request as set forth in Rule 34(b) of the Federal Rules of Civil Procedure or as the parties might otherwise agree;

e.  Each party would be responsible for immediately delivering to the depository all documents produced in this proceeding pursuant to Rule 45. The party noticing a deposition shall be responsible for delivering to the depository transcripts, including any videotape of a deposition taken in any of the consolidated cases. The party serving any objection, answer, or response to an interrogatory, Rule 34 request, or request for admission in any of the consolidated cases would be responsible for delivering a copy to the depository;

f.  Plaintiffs' Lead Counsel (or a designated representative) would be responsible for monitoring the content of the depository on behalf of the plaintiffs and would provide periodic notification to all plaintiffs' counsel of the addition of materials to the depository, with a basic description of the newly added material; and

g.  Parties to the litigation would be permitted to establish at their own expense private document depositories at other locations and make arrangements for obtaining documents for inclusion in those depositories as they see fit. The

depository established in the proposal, however, would be the only official document depository for consolidated cases.

**10. Proposed Discovery Plans**

    a.  Discovery on damages is deferred until further notice, and Rule 26(a)(1) disclosures will not be required of any party.

    b.  <u>Plaintiffs' Lead Counsel's Obligations</u>

On or before September 11, 2015, Plaintiff's Lead Counsel shall provide to Defendants' Lead Counsel a proposed Discovery Plan for discovery to be conducted within the United States on behalf of all plaintiffs, that includes the following:

        i.  A proposed litigation schedule as required under Paragraph 8 of this Order;

        ii.  A Rule 30(b)(6) Deposition Notice for defendants (without a date for the deposition), which states the areas of inquiry on liability issues;

        iii.  A detailed description of what fact information the plaintiffs require as to liability issues, including the text of not more than 20 initial interrogatories to defendants;

        iv.  A detailed description of what documents plaintiffs require from defendants as to liability issues, including the text of not more than 30 initial document requests;

        v.  A general description by subject matter and issue of what expert witnesses plaintiffs intend to designate, and a proposed schedule for designation and depositions of those experts;

vi. A general description of what damages discovery plaintiffs believe is appropriate in these consolidated proceedings; and

vii. A description of such other discovery that plaintiffs want to conduct within the United States, including depositions and document discovery from nonparties.

Before serving the proposed Discovery Plan on Defendants' Lead Counsel, Plaintiffs' Lead Counsel shall circulate the proposed Discovery Plan to all plaintiffs' counsel and provide a reasonable opportunity for comments and suggestions, which Plaintiffs' Lead Counsel shall, in good faith, consider, and, to the extent practicable, accommodate and reflect in the proposed Discovery Plan. However, Plaintiffs' Lead Counsel, in consultation with Plaintiffs' Steering Committee, shall finally decide the contents of the proposed Discovery Plan to be served on Defendants' Lead Counsel pursuant to this Order.

c. Defendants' Lead Counsel's Obligations

On or before September 11, 2015, Defendants' Lead Counsel shall provide to Plaintiffs' Lead Counsel defendants' proposed Discovery Plan for discovery within the United States that includes specifically the following:

i. A proposed litigation schedule as required under Paragraph 8 of this Order;

ii. A description of what fact information defendants require from plaintiffs as to defendants' alleged liability common to all plaintiffs or classes of plaintiffs, including the text of not more than 15 initial interrogatories and 15 initial document requests;

iii. A general description of what individualized discovery, if any,

16

defendants believe is appropriate from each plaintiff separately on liability issues;

iv.  A general description by issue and subject matter of what expert witnesses defendants intend to designate and a proposed schedule for designation and depositions of those experts;

v.  A general description of what discovery concerning damages defendants believe is appropriate in these consolidated proceedings;

vi.  A description of such other discovery that defendants want to conduct within the United States, including depositions and document discovery from nonparties; and

vii.  A statement concerning their efforts to date to locate and gather for prompt production all documents that relate to the issues alleged in the cases transferred to this multi-district litigation, the overall volume, and when defendants believe production of such documents can occur. Any particular problems or issues with respect to document production should be described with particularity. Likewise, any issues pertaining to the identification of privileged documents should be identified, together with a schedule for the filing of an appropriate privilege index.

d.  Duty to Confer

Following their receipt of the other's proposed Discovery Plans, Lead Counsel shall confer, attempt in good faith to resolve issues, and on or before September 21, 2015, file jointly if possible, otherwise separately, a statement concerning any unresolved objections to each

other's Discovery Plan, including any objections to the proposed schedule, initial interrogatories and document requests, Rule 30(b)(6) notices, or the subject matter of expert testimony. Extensive briefing on any remaining objections to initial discovery is neither expected nor desired.  Simple statements of reasons will suffice. The Court will resolve any remaining objections at the Initial Status Conference and/or the Rule 16(b) Conference.  Any counsel may file objections or comments to the filed proposed Discovery Plans on or before September 28, 2015, provided counsel has first attempted in good faith to resolve any objections or concerns with their Lead Counsel and certifies in writing having done so.

Because most of the core issues in this litigation are apparent, the Court requires that all parties' counsel begin now to identify what information is likely to be ordered produced under Rules 30, 33, 34, and 35, and begin planning accordingly.  All parties and their counsel must be prepared to serve answers to initial interrogatories, a written Rule 34 document response, and a privilege log not later than 30 days after the Rule 16(b) Conference, and to begin actual production under Rule 34 promptly thereafter.

**11. Foreign Discovery**

No later than September 25, 2015, Lead Counsel shall file jointly if possible, otherwise separately, a statement concerning what foreign discovery is believed to be necessary, a proposed plan and schedule for such discovery, and what legal or practical issues may need to be addressed by the Court. Any other counsel may file objections or comments to Lead Counsel's filings on or before September 28, 2015, provided counsel has attempted in good faith to resolve their objections or concerns with their Lead Counsel and certifies in writing having done so.

**12. Protective Order**

Not later than August 28, 2015, defendants, through Lead Counsel, shall file a motion for

the entry of an attached proposed protective order, applicable to all cases, relating to material deemed confidential by any party. (The proposed protective order may not provide prospectively for the filing of documents under seal. That issue will be discussed at the Rule 16(b) Conference.)

Plaintiffs' Lead Counsel shall file a response to defendants' proposed protective order not later than September 9, 2015, which may include a different proposed order. Lead Counsel shall thereafter confer on outstanding issues, and Defendants' Lead Counsel shall file a report on the extent of agreement not later than September 18, 2015. Any other counsel may file objections or comments concerning the filed proposed protective orders on or before September 25, 2015, provided counsel has attempted in good faith to resolve their objections or concerns with their Lead Counsel and certifies in writing having done so. Magistrate Judge Jones will deal further with entry of a protective order at the Rule 16(b) Conference.

### 13. Case Classification

In its Transfer Order, the MDL Panel stated that "all actions involve common factual questions concerning whether Lumber Liquidators falsely represented that its Chinese-manufactured laminate flooring complied with California Air Resources Board standards and other legal requirements covering the emissions of formaldehyde." No later than September 14, 2015, Lead Counsel, after conferring, shall file jointly if possible, otherwise separately, a statement concerning whether any cases or classes of cases present distinct legal issues as to liability or general causation, what those differences are (i.e., different legal standards) and which cases fall into which separate categories. Lead Counsel are also invited to include any other observations or suggestions concerning the proper division or handling of cases by groups for any particular purpose, including specifically whether the non-personal injury claims can be

dealt with in a way that expedites their resolution and also whether early bellwether trials on some issues may be appropriate, and if so how many cases should be selected for that purpose and on what basis. Any other counsel may file objections or comments to any of Lead Counsel's filings, as required under this Paragraph, on or before September 21, 2015, provided counsel has attempted in good faith to resolve any objections or concerns with their Lead Counsel and certifies in writing having done so.

### 14. Initial Responsive Pleadings and Motions to Dismiss

Presently pending in certain cases transferred to this Court are motions to dismiss. Additional motions are anticipated. The Court intends to decide such motions on a representative basis and apply its decision on a representative motion to similar motions in all other cases, except to the extent that different cases or classes of cases present materially different legal issues. Lead Counsel shall confer with respect to presently filed motions to dismiss and report to the Court on or before August 28, 2015, their positions concerning whether motions to dismiss may be resolved through one or more representative motions, and if so which specific motions.

Likewise, the Court is considering requiring defendants to file an answer on a consolidated basis by answering a single representative complaint or a generic complaint, to be prepared, that contains factual allegations common to all cases or classes of cases. Lead Counsel shall confer and report in writing to the Court on or before September 14, 2015, their positions on proceeding in this fashion. Any other counsel may file objections or comments to Lead Counsel's submissions on or before September 21, 2015, provided counsel has attempted in good faith to resolve and objections or concerns with their Lead Counsel and certifies in writing having done so.

**15. Other Pending Motions**

No later than August 28, 2015, plaintiff's counsel in each consolidated action shall identify to Plaintiff's Lead Counsel any pending plaintiff's motions, other than a discovery motion, that still require a ruling in light of consolidation and this Order.  Also no later than August 28, 2015, Defendant's Lead Counsel shall identify to Plaintiff's Lead Counsel any pending defendant's motions that still require a ruling in light of consolidation and this Order, other than a discovery motion or motion to dismiss. Counsel's failure to identify timely any such motion to Plaintiff's Lead Counsel will be considered a withdrawal of that counsel's motions in that action.  No report is needed where no such motions are pending. On or before September 14, 2015, Plaintiff's Lead Counsel shall file with the Court a list of pending motions identified by plaintiffs' counsel and Defendant's Lead Counsel that require a ruling.

**16. Extension of Time to Respond to the Complaints and a Stay of Discovery**

Each defendant is hereby granted an extension of time to answer, move or otherwise respond to the complaint(s) until a date to be set by this Court.  Pending the Initial Status Conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated except as may be ordered.

**17. Remand Stipulations**

In the event that a case is remanded, the parties shall furnish to the Clerk of Court a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed so as to enable the transferee clerk to comply with the order of remand.

**18. Preservation of Evidence and Inspections**

Inspections and preservation of flooring and other physical material is an immediate

issue.  The Court assumes that a substantial amount of inspection and testing has already

occurred and the Court urges the parties immediately to discuss, as best as can be logistically

accomplished in advance of the appointment of Lead Counsel, a mutually acceptable testing

protocol with agreed upon experts, together with an expedited schedule for testing.  In any

event, with 10 days of the appointment of Lead Counsel, Lead Counsel shall file a specific

inspection, testing  and preservation protocol and inspection schedule, together with a description

of what testing has occurred to date, what remains and what issues may need to be resolved by

the Court. The Court expects defense counsel to initiate efforts with respect to the matters

discussed in this Paragraph upon receipt of this Order.

More broadly, all parties and their counsel are reminded of their duty to preserve

evidence that may be relevant to this action.  The duty extends to documents, data, and tangible

things in possession, custody and control of the parties to this action, and any employees, agents,

contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to

be subject to discovery in this action.  "Documents, data, and tangible things" is to be interpreted

broadly to include anything in which information of any kind is recorded.  Information that

serves to identify, locate, or link such material, such as file inventories, file folders, indices, and

metadata, is also included in this definition.

Preservation includes the obligation not to alter any such thing as to its form, content or

manner of filing.  Until the parties reach an agreement on a preservation plan or the Court orders

otherwise, each party shall take reasonable steps to preserve all documents, data and tangible

things containing information potentially relevant to the subject matter of this litigation. Each

attorney is under an obligation to the Court to exercise all reasonable efforts to identify and notify

parties and nonparties, including employees of corporate or institutional parties of the contents of

this paragraph.  Failure to comply may lead to dismissal of claims, striking of defenses, imposition of adverse inferences or other dire consequences.

Before any documents, data, or tangible things, which are reasonably calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved.  If counsel are unable to agree, any party may apply to this Court for clarification or relief from this Order upon reasonable notice.

### 19. MDL 2627 Website

A website particular to MDL 2627 is in the process of being created and, to the extent necessary, will be the subject of separate orders.

### 20.  Master Docket File

Any pleading or document which is to be filed in any of these consolidated actions shall be filed with the Clerk of this Court and not in the transferor court.  The Clerk of this Court will maintain a master docket case file under the style "In re: Lumber Liquidators Chinese-Manufactured Flooring Products Marketing, Sales Practices and Products Liability Litigation" and the identification "1:15md2627."  A pleading applicable to all actions shall be labeled conspicuously: "This Document Relates to All Cases."  A pleading applicable to fewer than all cases shall be conspicuously labeled: "This Document Relates to...", followed by this Court's docket number for each individual case to which the document relates.

The following is a sample of the pleading style:

| | | |
|---|---|---|
| IN RE: LUMBER LIQUIDATORS | ) | |
| CHINESE-MANUFACTURED FLOORING | ) | |
| PRODUCTS MARKETING, SALES | ) | MDL No. 1:15md2627 (AJT/TRJ) |
| PRACTICES AND PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | |
| | ) | |

This Document Relates to ALL Cases
**or**
This Document Relates to ONLY the following cases: [with specific case numbers listed]

The Clerk has established a protocol for maintaining these distinctions in electronic filings and it is attached to this Order as Schedule B. Failure by counsel and counsel's staff to follow this protocol will result in substantial and unnecessary work by court personnel, and will be regarded as sanctionable. The Court also welcomes any suggestions that would more efficiently allow for the distribution of pleadings and Orders through outside services.

**21. Electronic Filing**

All documents filed in this Court, subsequent to those initiating a new case, must be filed electronically pursuant to Local Civil Rule 1 and this Court's Electronic Case Filing Policies and Procedures manual, as modified by this Order in Paragraph 1. Attorneys may register for electronic filing at http://www.vaed.uscourts.gov/ecf/E-Filing%20Registration.html.

Pro se litigants who are not authorized to file electronically shall continue to file their pleadings with the Clerk of this Court in the traditional manner, on paper. Pro se litigants must arrange with the Clerk to receive their copies of orders and other parties' filings by e-mail unless they do not have an e-mail address.

## 22. Additional Matters

Counsel should bring to the attention of the Court through a written filing or letter any issues related to this Order as well as any other issues or matters not addressed herein that should be before the Initial Status Conference.

The Clerk is directed to forward copies of this Order to all counsel of record as well as those counsel of record in the cases listed in CTO 1 and 2 who have not yet entered an appearance in this Court.

_____ /s/

Anthony J. Trenga
United States District Judge

Alexandria, Virginia
July 2, 2015

IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED
FLOORING PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                    MDL No. 2627

## SCHEDULE A

Northern District of Alabama

HEILMAN, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-00414
JEFFCOAT v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-00970

District of Arizona

GORAY, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-00596

Eastern District of Arkansas

ROACH v. LUMBER LIQUIDATORS, INC., C.A. No. 4:15-00185
ROBERTS v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 4:15-00292

Central District of California

DEUTSCH, ET AL. v. LUMBER LIQUIDATORS HOLDINGS, INC., ET AL., C.A. No. 2:15-01978
JACEK v. LUMBER LIQUIDATORS, INC., C.A. No. 2:15-03985
FLANAGAN v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-01752
FLORES, ET AL. v. LUMBER LIQUIDATORS HOLDINGS, INC., ET AL., C.A. No. 5:15-00921
GRIFFITHS, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 2:15-01783
HURD, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 5:15-00424
LYZNICK, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-02817
RAYGOZA, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-02483
RUIZ v. LUMBER LIQUIDATORS HOLDINGS, INC., ET AL., C.A. No. 2:15-02507
TYRRELL, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 2:15-01615
WILLIAMS v. LUMBER LIQUIDATORS HOLDINGS, INC., ET AL., C.A. No. 2:15-02260

Eastern District of California

COATS, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-00515
LATTA v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-00512

Northern District of California

BALERO, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 3:15-01005
BELL, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-01923
BERG, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-01359

CHAVEZ, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 3:15-01887
CONTE, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-01012
DEL BRACCIO v. LUMBER LIQUIDATORS, INC., C.A. No. 3:15-01249
DOSS, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-01225
EZOVSKJ, ET AL v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 5:15-01074
GENTRY v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-02251
GROSSMAN v. LUMBER LIQUIDATORS, INC., C.A. No. 5:15-02310
GUEST v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-01363
HALL v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-01558
IRVING, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 3:15-01235
JEFFRIES v. LUMBER LIQUIDATORS HOLDINGS, INC., ET AL., C.A. No. 3:15-01490
KAMM v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-02344
MUSGRAVE v. LUMBER LIQUIDATORS, INC., C.A. No. 3:15-02082
PESCE v. LUMBER LIQUIDATORS, INC., C.A. No. 3:15-01321
PICARD, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-01460
PRASAD v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-01315
RONQUILLO, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 3:15-01209
SCHABER v. LUMBER LIQUIDATORS HOLDINGS, INC., ET AL., C.A. No. 3:15-01822
SILVERTHORN v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-01428
SMITH v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-01163
WASHINGTON, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 3:15-01475

Southern District of California

LEVY v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-00596

Middle District of Florida

GUINANE, ET AL. v. LUMBER LIQUIDATORS HOLDINGS, INC., ET AL., C.A. No. 8:15-01235
MORRIS, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 8:15-00675

Northern District of Florida

CONSTATINE v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 4:15-00130

Southern District of Florida

ASHLEY, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-14081
BADIAS v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 1:15-20876
CRAWFORD v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 0:15-60891
MARINO v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 1:15-21015
SCHNEIDER, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 0:15-60592
STEINLAUF, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 1:15-21032
WILLIAMS v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 1:15-21432
WILLIAMS v. LUMBER LIQUIDATORS HOLDINGS, INC., ET AL., C.A. No. 2:15-14142

Northern District of Georgia

CLARK, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 1:15-00748
LIPSKI, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 1:15-00685

Northern District of Illinois

BLOOMFIELD v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 1:15-01956
FITZGERALD, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 1:15-02583
GARCIA, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 1:15-02605
SOWIZROL v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 1:15-02145

Southern District of Illinois

FITTERER v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-00266

Southern District of Indiana

JOHNSON, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 1:15-00395

Northern District of Iowa

CHAPMAN v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-03118

District of Kansas

FOX v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-07986

Western District of Kentucky

CROSS v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-00228
FULTINEER v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-00233
NORTHERN, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-00306

Eastern District of Louisiana

BEERBOHM, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-00788
GIORLANDO v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-00811
LOEHN, ET AL. v. LUMBER LIQUIDATORS, ET AL., C.A. No. 2:15-01088
LOUP, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-01207
MATTHEWS v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-00934
PINELLI v. LUMBER LIQUIDATORS, INC., C.A. No. 2:15-00780
ROTH, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 2:15-01692
WOLVERTON, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 2:15-01191

#### Middle District of Louisiana

MESSER, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-00169

#### District of Maryland

COPENHEAVER, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 1:15-00959

#### District of Massachusetts

BRAY, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 1:15-10724

#### Eastern District of Michigan

STRUDGEON v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-11312

#### District of Minnesota

DUNN v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 0:15-02553
PETERMAN v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 0:15-02406

#### Southern District of Mississippi

BRYANT, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-00235

#### Western District of Missouri

AMEYE v. LUMBER LIQUIDATORS, INC., C.A. No. 6:15-03155

#### District of Nevada

BENNETT, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-00479
BROWN III v. LUMBER LIQUIDATORS HOLDINGS, INC., ET AL., C.A. No. 2:15-00954
COX, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 2:15-00459
GROTON, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-00475

#### District of New Jersey

BYCHKOWSKI, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 1:15-03305
JEGOU, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-01773
PETHO v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-02008
UNIVERSITA v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-01678

#### Eastern District of New York

ROBSON, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 1:15-02156

Northern District of New York

EMILIO v. LUMBER LIQUIDATORS, INC., C.A. No. 3:15-00290

Southern District of New York

PHELAN v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 1:15-02318
MORELAND v. LUMBER LIQUIDATORS, INC., C.A. No. 7:15-01754
SAID, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 1:15-02262

Eastern District of North Carolina

CAIOLA v. LUMBER LIQUIDATORS, INC., ET AL, C.A. No. 5:15-00094

Western District of North Carolina

DUCKWORTH, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 5:15-00042

Southern District of Ohio

ABSHIER, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 2:15-02045
ANDERSON v. LUMBER LIQUIDATORS, INC., C.A. No. 1:15-00397
NEUHAUS, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 1:15-00203
SPIVAK v. LUMBER LIQUIDATORS, INC., C.A. No. 1:15-00178

Western District of Oklahoma

MARTIN, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 5:15-00233

Eastern District of Pennsylvania

BURNS v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-01222
CARL v. LUMBER LIQUIDATORS, INC., C.A. No. 2:15-01421
JARDINE, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-01316
KELLY, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-01516

Middle District of Pennsylvania

KARLICK, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 3:15-00474

District of South Carolina

BOLLING-OWEN v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-01971
GREEN, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 4:15-01111
SAHN, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-01176
VINCENT v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-02333
WATSON, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-01259
WHITE, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 2:15-01175

Eastern District of Tennessee

MYERS, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 3:15-00112
VICKERY v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-00106

Eastern District of Texas

PARNELLA, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 4:15-00166
PARSLEY, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 1:15-00106

Southern District of Texas

MCGREEVY v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 4:15-01110
SANCHEZ JR. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 5:15-00072

Western District of Washington

BAILEY, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-00430
KLEINSASSER v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 2:15-00376

Northern District of West Virginia

BALDWIN v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 5:15-00061

IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED
FLOORING PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                    MDL No. 2627

## SCHEDULE B

| | |
|---|---|
| **Introduction** | This document contains instructions for filing documents in MDL 2627 Lumber Liquidators Chinese-Manufactured Flooring Products Marketing, Sales Practices and Products Liability Litigation. Certain documents will allow the filer to spread the text of the docket entry and document to the member cases. |
| **Effective Date** | July 2, 2015 |
| **Attorney Filers** | Most of the attorneys who will be filing in this case are not admitted to the Eastern District of Virginia. By order of the court, these attorneys will be allowed to electronically file in the case but must abide by all EDVA ECF policies and procedures. Attorneys not admitted will have their ECF account deactivated once their case(s) conclude. |
| **Lead Case** | The lead case number is 1:15md2627 AJT/TRJ. All filing is to be done in the lead case. |
| **Filing Events Docketed Only in Lead Case** | Minute Entries and any events setting hearings/deadlines are to be docketed only in the lead case (1:15md2627). Essentially there is only one hearing being held; therefore, it only need be set once in the lead case. This also ensures that the judges' statistics are properly reported. |
| **Motions** | Motions will be electronically filed by the attorneys and spread to the member cases. The Clerk's Office staff will docket the generic order in the category *MDL Cases Only* instead of *Order on Motion* to be able to spread the text of the order to each member case that it applies. The Clerk's Office staff will also need to terminate the motion in the lead case and in each member case in which the motion was spread. |

*Continued on next page*

# MDL 2627 Lumber Liquidators Chinese-Manufactured Flooring Products Marketing, Sales Practices and Products Liability Litigation, Continued

**Filing Events that Spread Text**

The filing events found in the category *MDL Cases Only* are the only filing events that will allow the filer to spread the docket entry text and document to member cases.  When docketing an *Order* or *Memorandum Opinion* in the MDL lead case (1:15md2627), use the *Order* and *Memorandum Opinion* that appear in the category *MDL Cases Only.*

To spread the text and document to the member cases during the filing of a document in the lead case, answer *yes* to the question *Do you want to spread text?*  All the member cases will appear in a list for selection to spread the text to the member cases selected.  **Only select the member cases that the filing applies.**

A docket entry will be entered and the document uploaded to the lead case and to each member case selected.

*Continued on next page*

2

## MDL 2627 Lumber Liquidators Chinese-Manufactured Flooring Products Marketing, Sales Practices and Products Liability Litigation, Continued

**Steps for Spreading Text**   Take the following steps to file in the lead case and spread text and document to member cases:

| Step | Action |
|------|--------|
| 1 | Log in to the Eastern District of Virginia E-Filing System. |
| 2 | Select *Civil* from the main blue menu. |
| 3 | Select *MDL Cases Only* category. |
| 4 | Select either *Order* or *Memorandum Opinion* and then click the *Next* button. |
| 5 | Enter the lead case number 1:15md2627 and then click the following two *Next* buttons. |
| 6 | Select *yes* to the question *Do you want to spread this docket text?* then click the *Next* button. |

**MDL Events Only**

1:15-md-02627-AJT-TRJR In Re:
Lumber Liquidators Chinese-
Manufactured Flooring Products
Marketing, Sales Practices and
Products Liability Litigation

LEAD

Do you want to spread this docket entry?  ⦿ Yes  ◯ No

[ Next ]   [ Clear ]

*Continued on next page*

# Error! No text of specified style in document., Continued

**Steps for Spreading Text (continued)**

| Step | Action |
|------|--------|
| 7 | Select the cases to which the text should be spread by clicking on each one (if selecting more than one, be sure to hold the control button as you click on the case) and then click the *Next* button. Use the scroll bar if necessary. **MDL Events Only** 1:15-md-02627-AJT-TRJR In Re: Lumber Liquidators Chinese-Manufactured Flooring Products Marketing, Sales Practices and Products Liability Litigation LEAD *Select associated case to which text should be spread.* *** ALL *** 1:15-cv-02628-AJT-TRJR Caiola v. Lumber Liquidators [Multi-district Litigation] 1:15-cv-02629-AJT-TRJR Marmonti v. Lumber Liquidators [Multi-district Litigation] 1:15-cv-02630-AJT-TRJR CONSTATINE v. LUMBER LIQUIDATORS INC et al [Multi-district Litigation] 1:15-cv-02631-AJT-TRJR Badias v. Lumber Liquidators [Multi-district Litigation] Next   Clear |
| 8 | Upload the document and then continue until complete. |

**SCHEDULE C**
**In re: LUMBER LIQUIDATORS CHINESE-MANUFACTURED FLOORING PRODUCTS MARKETING,**
**SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

1:15md2627 (AJT/TRJ)

| Seq. | Action | Date | Para. |
|---|---|---|---|
| 1 | Defendants file proposed lawyer for Defendants' Lead Counsel | within 10 days of Order | 4 |
| 2 | File applications for Plaintiffs' Lead Counsel/Steering Committee | 27-Jul-15 | 3(a) |
| 2 | File applications for Defendants' Lead Counsel (if not agreed) | 27-Jul-15 | 4 |
| 3 | File objections to appointment of any Lead Counsel applicants | 3-Aug-15 | 3(a) |
| 4 | Lead Counsel to file inspection and preservation schedule and protocol | within 10 days of appointment | 18 |
| 5 | Defendants' Lead Counsel to file list of all pending state court cases | within 14 days of appointment | 4 |
| 6 | Lead Counsel to file report re: representative motions to dismiss | 28-Aug-15 | 14 |
| 6 | Defendants' Lead Counsel to move for entry of proposed protective order | 28-Aug-15 | 12 |
| 6 | Each plaintiff's counsel and Defendants' Lead Counsel to identify to Plaintiffs' Lead Counsel any outstanding motions still requiring a ruling (other than to dismiss or for discovery) | 28-Aug-15 | 15 |
| 7 | Plaintiffs' Lead Counsel to file response to defendants' motion for protective order | 9-Sep-15 | 12 |
| 8 | Lead Counsel to exchange proposed discovery plans | 11-Sep-15 | 10(b), (c) |
| 9 | Lead Counsel to file statement re: case classification/distinctions | 14-Sep-15 | 13 |
| 9 | Plaintiffs' Lead Counsel to file list of outstanding motions (other than to dismiss or for discovery) requiring a ruling | 14-Sep-15 | 15 |
| 9 | Lead Counsel to confer and file statement re: answering a representative complaint | 14-Sep-15 | 14 |
| 10 | Lead Counsel to file stipulation re: protocol for depository | 18-Sep-15 | 9 |
| 10 | Lead Counsel to submit items for discussion at Initial Status Conf. | 18-Sep-15 | 7(b) |
| 10 | Defendants' Lead Counsel to file report on the extent of agreement re: proposed protective order | 18-Sep-15 | 12 |
| 11 | Defendants' Lead Counsel to file report re: pending securities or derivative litigations | 21-Sep-15 | 4 |
| 11 | Lead Counsel to file proposed litigation schedule | 21-Sep-15 | 8 |
| 11 | Lead Counsel to file statement re: unresolved objections to opposing party's discovery plan | 21-Sep-15 | 10(d) |
| 11 | Any other counsel to file objections/comments to Lead Counsel's filings re: case classification, answering a representative complaint | 21-Sep-15 | 13; 14 |
| 12 | Lead Counsel to file respective protocols or statement of any disagreement re: document depository | 22-Sep-15 | 9 |
| 13 | Lead Counsel to file statement re: expected foreign discovery | 25-Sep-15 | 11 |
| 13 | All counsel to file any objections to *ex parte* meetings w/counsel at Initial Status Conf. | 25-Sep-15 | 6 |
| 13 | Any other counsel to submit suggested items to discuss at Initial Status Conf. | 25-Sep-15 | 7(b) |
| 13 | Any other counsel to file objections to Lead Counsel's proposed protective order | 25-Sep-15 | 12 |

| | | | |
|---|---|---|---|
| 14 | Any other counsel to file objections to Lead Counsel's proposed litigation schedule, proposed depository protocols, proposed discovery plans, foreign discovery statement | 28-Sep-15 | 8; 9; 10; 11 |
| 15 | Initial Status and Rule 16(b) Confs. | 5-Oct-15 | 3(a), (b); 4; 7(a); 8 |