UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED FLOORING PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 1:15-md-02627-AJT-TRJ |
| This Document Relates to ALL Cases | |

**OBJECTIONS OF APPLICANTS COHEN, MILSTEIN, SELLERS & TOLL PLLC AND COTCHETT, PITRE & MCCARTHY, LLP TO COMPETING APPLICATIONS FOR APPOINTMENT AS PLAINTIFFS' LEAD COUNSEL AND TO PLAINTIFFS' STEERING COMMITTEE**

I.      **INTRODUCTION**

The law firms of Cohen, Milstein, Sellers & Toll PLLC ("Cohen Milstein") and Cotchett, Pitre & McCarthy, LLP ("Cotchett") moved for appointment as interim co-lead counsel (Dkt. No. 371) and assembled a lean and highly skilled four-firm proposed Plaintiffs' Steering Committee ("PSC") consisting of the well-known and respected plaintiffs' class action law firms of Barrack Rodos & Bacine, Girard Gibbs, Cohen & Malad LLP, and Berger & Montague, P.C. (collectively, the "Cohen Milstein/Cotchett Group").  Three competing motions were filed.  (Dkt Nos. 356 ("Breit/Hausfeld Group"), 366 ("Segal McCambridge/Reilly Slate"), and 408 ("Hagens Berman")).  Without question, moving counsel are all capable and accomplished advocates, but the Cohen Milstein/Cotchett Group has the skill, experience, and size that best qualify them to efficiently and tenaciously represent the class's interests against Lumber Liquidators, which is represented by highly proficient and well-heeled counsel.  In contrast, given their applications, Hagens Berman and the Breit/Hausfeld Group are likely to either under or over staff this action, to the detriment of the Class.  The Breit/Hausfeld Group, which includes attorneys who voluntarily dismissed a previous class action *in this District* against Lumber Liquidators, has proposed an *eleven firm* PSC consisting of *fifteen* committees (seventeen if the Foreign Discovery and Depositions committees, each of which has a Chair, are counted separately).  At the other extreme, Hagens Berman, which has applied by itself and unsupported by others, has unrealistically suggested that just two firms plus liaison counsel are all that is likely needed to prosecute this wide-ranging class action.

While all the firms meet certain aspects of this Court's criteria (Dkt. No. 10), the Cohen Milstein/Cotchett Group is the most qualified because it is the only group that (1) has assembled a strong litigation team without a structure so large that it would lead to confusion, duplication of effort, and a bloated lodestar; (2) is exceptionally experienced and well qualified to prepare and (if necessary) try a consumer class action on behalf of plaintiffs in this District; (3) has enormous class action experience in this Court, and (4) has demonstrated the ability to work cooperatively with each other and the expertise required to move the litigation forward in a measured and efficient manner.  Of all the proposed applicants for Lead Counsel, none has class action

plaintiffs' experience in this Court anywhere remotely close to that of Steven Toll of Cohen Milstein,[1] who has litigated numerous class actions in this Court.  *See* Application of Cohen Milstein/Cotchett, Dkt. 371.  Judge Brinkema, as well as other judges in this Court, including Magistrate Judge Jones are familiar with the experience and skills of Mr. Toll and Cohen Milstein, their understanding of litigating class cases in this Court, and the results they have obtained.  *See, e.g.*, Dkt. 371 at 3 (providing a list of representative cases litigated by Cohen Milstein in this District).

For these reasons, and as set forth in their respective applications and below, the Cohen Milstein/Cotchett Group requests that the Court deny the applications by the Breit/Hausfeld Group, Hagens Berman, and the Segal McCambridge/Reilly Slate, and appoint Cohen Milstein and Cotchett as interim co-lead class counsel and Barrack Rodos & Bacine, Girard Gibbs, Cohen & Malad, and Berger & Montague, P.C. to the PSC.[2]

## II.   ARGUMENT

### A.   The Cohen Milstein/Cotchett Group is  Best Equipped to Lead this Litigation

Each movant has experience in complex consumer class actions.  But the litigation strategies employed by some of the other movants countenance against their selection and in favor of the Cohen Milstein/Cotchett Group.  For example, the Hausfeld firm, and two of the

---

[1] Although Mr. Toll has been principally involved in litigating securities class actions, he has experience in consumer and product litigation.  For example, as explained in Cohen Milstein and Cotchett's Application for Co-Lead Counsel, Mr. Toll had an active and significant role in a product defects case concerning defective Masonite hardboard siding.  Dkt. 371 at 1 n.1.  Mr. Toll has also assisted in developing litigation strategies for nationwide consumer class actions against Symantec and Thomson Electronics.  *See* Dkt. 371 Ex. A.  Furthermore, Cohen Milstein's Consumer and Products Liability Practice Group, led in large part by Mr. Toll's partner Andrew Friedman who will be assisting Mr. Toll in this litigation, has recovered hundreds of millions of dollars in numerous complex class actions on behalf of consumers.  *See* Dkt. 371 at n.1.  Likewise, Cotchett has also significant experience litigating consumer class actions, including the Lead Paint Litigation.  Dkt. 371 at 2.

[2] Should the Court believe that any additional individual firms should be added to the PSC proposed here, the Cohen Milstein/Cotchett Group would, of course, work cooperatively and efficiently with those firms.  The Cohen Milstein/Cotchett Group reiterates what it said in its application – it is open and accepting to certain other firms not in our Group assisting us as needed, as some have shown some specific expertise which could be useful to the case, and we are familiar and have worked with most of them in previous cases.

firms on their proposed PSC (Grant & Eisenhofer and Block & Leviton), previously served as interim lead counsel in an action against Lumber Liquidators filed early last year in this District, *Williamson, et al. v. Lumber Liquidators, Inc.*, No. 1:14-cv-00035 GBL/TCB (E.D. Va.), that they claim is "significantly similar." (Dkt No. 332). The firms cite that case as though it supports their applications here because they first sued Lumber Liquidators last year, but they fail to provide this Court with the details of what happened in that case. In fact, that case's history clearly weighs against their appointment here. In *Williamson*, Lumber Liquidators filed its motion to dismiss on March 21, 2014, noting that nine of the 14 plaintiffs lacked standing. Defendants then moved to compel answers to discovery. At oral argument, Magistrate Judge Buchanan referred to plaintiffs' objections as "…one of the worse [*sic*] set of objections that I've ever seen…." "And I've got to tell you, this is one of the better examples of objections that shouldn't be filed. They have absolutely no merit. … I don't think they answered a single question adequately, and subject to all of these qualifiers which just made them absolutely worthless.…" *See* Transcript of April 4, 2014 Hearing at 14-16, attached hereto as Exhibit A. In her Honor's April 4, 2014 Order, all of plaintiffs' objections were struck; plaintiffs were ordered to answer discovery again, this time completely and with specificity; and the Court granted defendant's request for attorney fees in connection with the motion. *Id.* at 14-16. Three weeks later, instead of complying with Judge Buchanan's Order or otherwise substituting plaintiffs who did not have standing issues, or even responding to the extensive motion to dismiss filed by defendants, the firms walked away from the case by voluntarily dismissing the action with prejudice. *See* Stipulation of Dismissal attached hereto as Exhibit B. We would agree that the Court should look to this these firms' prior history in *Williamson* and weigh whether it is the type of representation that should be duplicated in this matter.

Further, before these cases were transferred to this Court, one lead plaintiff applicant (Hagens Berman), as well as a PSC applicant supporting the Breit/Hausfeld Group (Whitfield Bryson and Mason, LLP, Dkt. 335), filed motions for a preliminary injunction and expedited discovery in the Northern District of California, even though there were, according to court filings, already nearly a hundred cases pending in federal courts across the country and a motion

to centralize and transfer pending before the JPML. *Washington v. Lumber Liquidators, Inc.*, No. 3:15-cv-1475-JST (N.D. Cal.), Dkt. 11 (Notice of Motion and Motion; Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Preliminary Injunction). In a rush to file and brief its motion, Hagens Berman submitted test results of a non-class member who did not even have Chinese laminate products in his house, and which provided defendants with an opening to attack not only the motion, but also plaintiffs' cases as a whole. *Id.*, Dkt. 44 (Sur-Reply in Opposition to Plaintiffs' Motion for Preliminary Injunction). Ultimately, the district court found the motions were premature, ruling that they should await the JPML's decision whether to consolidate all of the cases. *Id.* at Dkt. 48 (Order Staying Motions for Preliminary Injunction).

In contrast, the Cohen Milstein/Cotchett Group's history of applying its professional experience at an expeditious, but not needlessly rushed pace, supports their application. For example, two members of the Cohen Milstein/Cotchett Group (Barrack Rodos as Co-Lead and Cohen Milstein as Liaison Counsel) successfully and efficiently prosecuted a class action in this District, in which they achieved a $202.75 million settlement within one year of the Court's denial of the defendants' motions to dismiss. As Judge O'Grady stated in approving the class settlements, plaintiffs' counsel had within that time completed all class discovery, achieved class certification, taken 25 fact witness depositions and a Rule 30(b)(6) deposition, and retained and developed the testimony of a damages expert. *In re The Mills Corp. Sec. Litig*, 265 F.R.D. 246, 254 (E.D. Va. 2009). The Court further found that plaintiffs' counsel had achieved "a very favorable result for the Class," *id.* at 262, notwithstanding the "highly complex" and fast-paced nature of the case, *id*. at 263. And, as previously demonstrated, all of the other firms within the Cohen Milstein/Cotchett Group have similarly demonstrated their consistent ability to efficiently and vigorously prosecute similarly highly complex high impact class actions and achieve very successful results for class members. Dkt Nos. 355, 381, 385, 387.

B.     **Other Movants Have Major Faults in their Applications**

This case will be principally pursued against one defendant, and while it requires more than a single firm, it certainly does not require *an eleven law firm PSC or fifteen committees,*

*some of which have subcommittees*, as proposed by the Breit/Hausfeld Group. (Dkt. 356.) In addition to this bloated structure, the Breit/Hausfeld Group notes that at least an additional 24 firms not on the PSC have pledged support. Fourteen of these firms already have roles in the committee structure as noted in Exhibit No. 2 to the Breit/Hausfeld Joint Application (Dkt. 356). If the other ten firms have also been promised work for their support, as is likely, then at least *thirty-seven law firms* (at a minimum they have 27 firms with assignments) will be working on this action against a single defendant. This is excessive. While lead counsel must have sufficient support from skilled and experienced firms to address the liability, testing, discovery, damages, and class certification issues in the case, it is equally important that plaintiffs' counsel efficiently litigate this case. To that end, the case should be prosecuted by a small and cohesive group, working efficiently, with the discretion to call upon particular people for expertise if and when such expertise is needed. This is exactly what the Cohen Milstein/Cotchett Group offers. The alternative – an oversized PSC and Support Group – runs the obvious risk that the cost of the prosecution will swallow any recovery. To ensure that work is done in the most efficient manner, should the Court appoint Cohen Milstein and Cotchett as co-lead counsel, the firms will immediately provide a time protocol to all counsel and review time on a monthly basis and strike any unnecessarily duplicative time or work that was unauthorized.

The other Group that is similar in size to the Cohen Milstein/Cotchett Group is the Segal McCambridge/Reilly Slate.[3] Craig Reilly is an experienced practitioner in this Court. However, he is a one person law firm undoubtedly with many other matters on his docket. His proposed Co-Lead Counsel Segal McCambridge lacks both a track record and reputation of successfully representing plaintiffs in class actions. Indeed, a review of the Segal McCambridge website (www.smsm.com) demonstrates why it would not be a good choice to lead this case. While it is not apparent from its Application (Dkt. 366), its website reveals that Segal McCambridge has little experience in the class action area, and what it highlights is its work as **defense** counsel –

---

[3] As discussed earlier, the remaining movant for lead counsel, Hagans Berman, has proposed a leadership structure that would prove too small to adequately prosecute this action. *See supra* at 1.

5

fighting and trying to *defeat* class actions. Of particular note, Segal McCambridge's Class Action section of its website states:

> A lawsuit alleging violations of consumer protection statutes presents a major risk to a business. Faced with these challenges, businesses routinely turn to Segal McCambridge to defend them against consumer protection violation claims and to help them manage their risk. Segal McCambridge has a successful history of defending clients sued in consumer class action lawsuits alleging violations of various state law consumer fraud statutes, … Our lawyers have represented numerous industries in this context, including healthcare, consumer products,… We have also been appointed national defense counsel across multiple industries to manage the risk associated with alleged consumer protection violations…..We understand that a primary battleground involved in class action litigation is the class certification process. Segal McCambridge attorneys closely follow this constantly developing area of law, which helps to identify our strategies for opposing class certification and define the scope of pre-certification. We have successfully defeated multiple class certification motions and have otherwise been successful in resolving matters on an individual basis under the threat of "busting the class."[4]

Respectfully, the Court should not appoint as Lead Counsel for Plaintiffs a firm that boasts of how it defeats class actions and thus clearly has an institutional bias towards representing defendants, rather than plaintiff classes, in these cases.

Lastly, as pointed out in footnote 4 of the Cohen Milstein/Cotchett Group's Application (Dkt. No. 371), Cohen Milstein is serving as liaison counsel in the Lumber Liquidators Securities Action pending before Judge Allen in Newport News. This will allow the Cohen Milstein/Cotchett Group a better ability to coordinate discovery between this action and the Securities Action should it become necessary.[5]

---

[4] *See* www.smsm.com/practices-72.html. Moreover, in the section of its website, "Who We Represent," Segal McCambridge lists more than 100 companies, many of which are companies engaged in manufacturing and/or retailing like Lumber Liquidators. *See* http://www.smsm.com/results-represent.html.

[5] While Cohen Milstein sees its role as liaison counsel in the Securities Action as a strength, should the Court have any concerns over a potential conflict, Cohen Milstein can withdraw from the Securities Action, since the litigation has been run predominantly by the two lead counsel firms and because another member of the bar of this District has been involved in the Securities Action from the outset and could easily transition into the liaison counsel role. To be clear, however, the Cohen Milstein/Cotchett Group does not believe that Cohen Milstein's liaison counsel position poses any conflict to its ability to serve as Co-Lead Counsel in this action as there is no indication that this is a limited fund situation. *See, e.g.*, *In re Bearing Point Sec. Litig.*

### III.     CONCLUSION

For the foregoing reasons, the Court should appoint the Cohen Milstein/Cotchett Group as Lead Counsel and as the members of a PSC, and deny the competing applicants' requests.

Dated:  August 3, 2015

**COHEN, MILSTEIN, SELLERS & TOLL PLLC**

/s/ *Steven J. Toll*
Steven J. Toll

STEVEN J. TOLL (VSB No. 15300)
ANDREW N. FRIEDMAN
ELIZABETH A. ANISKEVICH (VSB 81809)
**COHEN, MILSTEIN, SELLERS & TOLL PLLC**
1100 New York Avenue NW, Suite 500
Washington, DC 20005
Telephone:    (202) 408-4600
Facsimile:     (202) 408-4699
stoll@cohenmilstein.com
afriedman@cohenmilstein.com
eaniskevich@cohenmilstien.com

**COTCHETT, PITRE & McCARTHY, LLP**

/s/ *Matthew K. Edling*
Matthew K. Edling
NANCY L. FINEMAN (*pro hac vice*)
MATTHEW K. EDLING (*pro hac vice*)
medling@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:    (650) 697-6000
Facsimile:     (650) 697-0577

*Attorneys for Plaintiffs Lisa Deutsch and Jamie Deutsch*

---

232 F.R.D. 534 (E.D. Va. 2006) (finding counsel was adequate where defendants presented a string of "suppositions or contingencies [that] is plainly speculative"); *Sheftelman v. Jones*, 667 F.Supp. 859, 865 (N.D.Ga.1987) (holding that any conflicts presented by class counsel representing two classes against the same defendant are speculative and can be cured by procedural safeguards).

7

    /s/ *Jeffrey W. Golan*
Jeffrey W. Golan (admitted *pro hac vice*)
Lisa M. Port
**BARRACK, RODOS & BACINE**
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Fax: (215) 963-0838

Stephen R. Basser (admitted *pro hac vice*)
**BARRACK RODOS & BACINE**
One American Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Fax: (619) 230-1874

*Attorneys for Plaintiff Dan Johnson*


    */s/ Eric H. Gibbs*
Eric H. Gibbs (admitted *pro hac vice*)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800
Fax: (415) 981-4846

*Attorney for Plaintiffs R. Ezovski, D. Bowling, R. Smith, L. Doss, S. McNutt, Do. & De. Sampson, D. Banka, T. McHugh, G. Ware, P. Picard, and S. Liggins*

*/s/ Irwin B. Levin*
Irwin B. Levin
**COHEN & MALAD, LLP**
One Indiana Square, Ste. 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
Facsimile: (317) 636-2495

*Attorney for Plaintiffs Stephen Johnson and Sarah Johnson*

*/s/ Shanon J. Carson*
Shanon J. Carson
Eric Lechtzin

8

                                        **BERGER AND MONTAGUE, P.C.**
                                        1622 Locust Street
                                        Philadelphia, PA 19103
                                        Telephone:    215-875-3000
                                        Fax**:**    215-875-4604

                                        *Attorneys for Plaintiffs Stacy Vickery, Steve*
                                        *Fultineer, and Jason and Christi Clark*

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 3rd day of August, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing.

  */s/ Steven J. Toll*
  Steven J. Toll