

FILED
MAILROOM
OCT - 9 2015
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: LUMBER LIQUIDATORS CHINESE MANUFACTURED FLOORING PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 1:15-md-02627 (AJT/TRJ) |
| This Document Relates to:<br>Loup v. Lumber Liquidators, Inc. et al.,<br>No. 2:15-cv-01207-EEF-MBN (E.D. La.)<br>No. 1:15-cv-02733 (E.D. Va.) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND,

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Claire Loup ("Loup") and Robert and Louann Rounds (the "Rounds Plaintiffs") (collectively "Plaintiffs"), who respectfully submit this Memorandum in Support of Plaintiffs' Motion for Remand.

### I.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

In September of 2013, Loup ordered Bellawood engineered hardwood flooring from Lumber Liquidators to be installed in her home. (See Loup Petition for Damages attached as Exhibit 1, ¶3). Boucher Construction and Renovation, L.L.C. and Fernando Paladino ("Installer Defendants) were responsible for installing the Bellawood flooring. (See Exhibit 1, ¶4). Approximately three weeks after the installation, in mid-October, the floor began buckling and separating from the surface to which it was applied. (See Exhibit 1, ¶5). Loup filed suit against Lumber Liquidators, Boucher Construction and Renovation, L.L.C. and Fernando Paladino on September 23, 2014. (See Exhibit 1).

In March of 2013, the Rounds Plaintiffs also purchased engineered hardwood flooring from Lumber Liquidators. (See Supplemental and Amending Petition for Damages attached as Exhibit 2, ¶16). Shortly thereafter the floor began bowing and pulling away from the sub-floor. (See Exhibit 2, ¶16). Lumber Liquidators agreed to have the floor replaced, and it was reinstalled by Charles Oliver in April of 2014. (See Exhibit 2, ¶17 and ¶24). By June 1, 2014, the floor was again separating from the sub-floor and popping up. (See Exhibit 2, ¶18).

On February 18, 2015, Installer Defendant Boucher Construction and Renovations, LLC, filed Exceptions of Vagueness and No Cause of Action. (See Boucher Exceptions of Vagueness and No Cause of Action attached as Exhibit 3). Prior to the Boucher exceptions being heard, Loup filed a Supplemental and Amending Petition for Damages on March 25, 2015, adding the Rounds Plaintiffs and class action allegations. (See Exhibit 2). In the Supplemental and Amending Petition for Damages, Loup maintained her improper installation claims against Boucher Construction, L.L.C. and Fernando Paladino. (See Exhibit 2, ¶3(b), ¶3(c) and ¶14). The Rounds Plaintiffs included improper installation claims against Defendant, Charles Oliver. (See Exhibit 2, ¶3(d) and ¶24). Loup and the Rounds Plaintiffs alleged that the engineered wood flooring that they purchased from Lumber Liquidators was defective. (See Exhibit 2). The exceptions were heard on April 14, 2015 and the court denied both exceptions. (See Judgment attached as Exhibit 4).

On April 16, 2015, Plaintiffs received Lumber Liquidator's Notice of Removal to the United States District Court, Eastern District of Louisiana as No. 2:15-cv-01207; the case was then transferred to the United States District Court, Eastern District of Virginia on June 30, 2015 as No. 1:15-cv-02733. (See Notice of Removal attached as Exhibit 5; Notice of Ruling by the Judicial Panel on Multidistrict Litigation Pursuant to 28 U.S.C. §1407 attached as Exhibit 6; See

Transfer attached as Exhibit 7). Thereafter, on April 21, 2015, Lumber Liquidators filed a Motion to Stay Pending MDL Determinations, which was opposed by Plaintiffs, but nevertheless granted. (See Motion to Stay Pending MDL Determinations attached as Exhibit 8; See Plaintiffs' Opposition to Motion to Stay attached as Exhibit 9; See Motion for Leave to File Reply Memorandum in Support of Its Motion to Stay Pending MDL Determination attached as Exhibit 10; See Judgment attached as Exhibit 11).

On September 11, 2015, Lead Counsel filed the Representative Class Action Complaint. (See Record, Doc. #548). The First Amended Representative Class Action Complaint was filed on September 18, 2015. (See Record, Doc. #562). **The allegations in both Complaints only relate to Chinese-manufactured laminate flooring. Neither Loup nor the Rounds Plaintiffs have any claims regarding laminate flooring.**

On October 5, 2015, Plaintiffs' Motion to Lift Stay was granted. (See 1:15-cv-02733 Record, Doc. #97). Plaintiffs' Motion for Leave to File Amended Complaint to withdraw Louisiana State class action allegations was also granted on October 5, 2015. (See 1:15-cv-02733 Record, Doc. #96; See MDL 1:15-md-02627 Record, Doc. #589). As instructed, Plaintiffs immediately filed their First Amended Complaint on October 5, 2015. (See Plaintiffs' First Amended Complaint attached as Exhibit 12).

Presently, Plaintiffs seek a discretionary remand of this matter back to the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana. As such, Plaintiffs' respectfully request that this Honorable Court grant their Motion to Remand.

## II. LAW AND ARGUMENT

"A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action

is pending a notice of removal...." 28 U.S.C.A. §1446(a). This case was removed to the Eastern District of Louisiana based upon jurisdiction under the Class Action Fairness Act. With the amendment of their complaint, Loup and the Rounds have eliminated the class action allegations that gave rise to CAFA jurisdiction. There is no other independent grounds for federal jurisdiction, and all of the claims asserted in that action arise under Louisiana law. Moreover, the claims asserted by Loup and the Rounds relate to engineered flooring rather than laminate; the Master Complaint in the MDL refers only to laminate and this does not address the claims asserted in the Loup/Rounds case. Absent CAFA, there would have been no federal jurisdiction since no diversity of parties existed.

28 U.S.C.A. §1337 provides in pertinent part:

> (a) Except as provided in subjections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district couts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> ...
>
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
> (1) the claim rasises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Prior to the codification the doctrine of pendant jurisdiction, the United States Supreme Court rendered a decision in *Carnegie-Mellon University v. Cohill*, wherein the Court concluded

"that a district court has discretion to remand to state court a removed case involving pendant claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." 484 U.S. 343, 108 S.Ct. 614 (1988). "The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Id.* at 357. "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the law-suit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction...." *Id.* at 350. The Fourth Circuit has stated that *Carnegie-Mellon*, although codified, "continues to inform the proper interpretation of §1367(c), which authorizes a district court in its discretion to 'decline to exercise supplemental jurisdiction' over a pendent State claim." *Hinson v. Norwest Financial South Carolina, Inc.*, 293 F.3d 611, 616 (4th Cir. 2001). Pursuant to the guidance provided by and the Fourth Circuit's reliance on *Carnegie-Mellon*, this Court should assert its discretionary authority to remand Plaintiffs' case to the Louisiana State Court in which it was originally filed.

As previously stated, Loup originally filed suit against the two Installer Defendants and Lumber Liquidators, asserting claims for improper installation and breach of contract against the Installer Defendants, and in redhibition against Lumber Liquidators. (See Exhibit 1). Loup filed her Supplemental and Amending Petition in which the Rounds Plaintiffs' were added and made similar claims against Lumber Liquidators and their Installer Defendant, Charles Oliver. (See Exhibit 2). On June 19, 2015, Lumber Liquidators filed its answer to Loup's original Petition for Damages. (See Answer to Petition attached as Exhibit 13). In its answer, Lumber Liquidators admitted that venue was proper. (See Exhibit 13, ¶ III). Loup purchased the engineered

hardwood flooring from Lumber Liquidators located in Jefferson Parish and the product was installed at Loup's residence located in Jefferson Parish. (See Exhibit 1, ¶ 2-5). The Rounds Plaintiffs purchased their engineered hardwood flooring from the same Lumber Liquidators located in Jefferson Parish. (See Exhibit 2, ¶). Plaintiffs' Installer Defendants are all Louisiana residents. (See Exhibit 1, ¶ 1b and 1c; See Exhibit 2, ¶ 3(d)).

This case was removed pursuant to the Class Action Fairness Act jurisdiction; however, the class claims asserted in the Representative Class Action Complaint and the First Amended Representative Class Action Complaint are for a completely different product than that purchased by the Plaintiffs. Plaintiffs' First Amended Complaint, withdrawing all Louisiana State class claims, was filed on October 7, 2015. (See Exhibit 12; See Record Doc. #594). Presently, all of Plaintiffs' claims are Louisiana State law claims. Additionally, Plaintiffs' case is in the "early stages" in that significant discovery has not been conducted, one defendant has not yet been served and no defendant has answered the Supplemental and Amended Complaint filed in March of this year. As articulated by the United States Supreme Court, "the balance of [the *Carnegie-Mellon*] factors indicates that [this] case properly belongs in state court [because] the federal-law claims have dropped out of the law-suit in its early stages and only state-law claims remain...." *Carnegie-Mellon*, supra at 350. Therefore, the Court "should decline the exercise of jurisdiction."

## III. CONCLUSION

This case was removed to the Eastern District of Louisiana and ultimately transferred to this Court under the Class Action Fairness Act jurisdiction. Plaintiffs withdrew their Louisiana State class allegations, leaving only Louisiana State law claims. Pursuant to the guidance provided by and the Fourth Circuit's reliance on *Carnegie-Mellon*, this Court should assert its

discretionary authority to remand Plaintiffs' case to the Louisiana State Court in which it was originally filed. Therefore, Plaintiffs' Motion to Remand should be granted.

Respectfully submitted,

*/s/*

JENNIFER N. WILLIS (*Pro Hac Vice*)
jenniferwblaw@bellsouth.net
WILLIAM P. BUCKLEY (*Pro Hac Vice*)
bill@willisbuckley.com
JENNIFER S. MARTINEZ (*Pro Hac Vice*)
jenniferm@willisbuckley.com
WILLIS & BUCKLEY, APC
3723 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 488-6301
Facsimile: (504) 488-6302

And

GARY J. GAMBEL (*Pro Hac Vice*)
ggambel@mrsnola.com
MICHAEL D. LETOURNEAU (Pro Hac Vice)
mletourneau@mrsnola.com
MURPHY, ROGERS, SLOSS,
    GAMBEL & TOMPKINS
701 Poydras Street, Suite 400
New Orleans, Louisiana 70139
Telephone: (504) 523-0400
Facsimile: (504) 523-5574

## CERTIFICATE OF SERVICE

I hereby certify that on the ___ day of October 2015, a copy of the foregoing Motion and Memorandum in Support of Motion to Remand was mailed to the Eastern District of Virgina Clerk of Court and to Ms. Diane Flannery. Notice of this filing will be sent by operation of the Court's electronic filing system.

_____
Jennifer N. Willis (*Pro Hac Vice*)