UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: LUMBER LIQUIDATORS ) <br> CHINESE-MANUFACTURED FLOORING ) <br> PRODUCTS MARKETING, SALES ) <br> PRACTICES AND PRODUCTS LIABILITY ) <br> LITIGATION, ) <br> ) <br> ─────────────────────────────────────── ) | MDL No.: 1:15-md-02627-AJT <br><br> FILED UNDER SEAL |

THIS DOCUMENT RELATES TO ALL CASES

---

**DEFENDANT LUMBER LIQUIDATORS, INC.'S MEMORANDUM IN SUPPORT OF
ITS MOTION FOR PARTIAL RECONSIDERATION OF ORDER OVERRULING
LUMBER LIQUIDATORS' RULE 72 OBJECTIONS**

Diane P. Flannery (VSB No. 85286)
E-mail: dflannery@mcguirewoods.com
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
804.775.1015 (Telephone)
804.698.2047 (Facsimile)
*Defendants' Co-Lead Counsel*

William L. Stern (Pro Hac Vice)
E-mail: wstern@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
415.268.7000 (Telephone)
415.268.7522 (Facsimile)
*Defendants' Co-Lead Counsel*

Defendant Lumber Liquidators, Inc. ("Lumber Liquidators"), by counsel and pursuant to Federal Rule of Civil Procedure ("Rule") 54(b), submits this Memorandum in Support of its Motion for Partial Reconsideration of Order Overruling Lumber Liquidators' Rule 72 Objections (the "Motion") stating as follows:

I. **INTRODUCTION**

On January 6, 2016, this Court—after agreeing with Judge Jones that the Benchmark International ("Benchmark") testing ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ constituted work product—found that the test results were fact, not opinion, work product. *See* Transcript of Jan. 5, 2016 Hearing, at 49. The Court found this to be a close question.[1] In reaching its conclusion, the Court analyzed two individual test reports provided *in camera* as Exhibits 21 & 22.

Here, Lumber Liquidators respectfully moves this Court to reconsider its determination that the Benchmark test results are not opinion work product as it relates to a small subset of Benchmark test results arising from tests ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇. The ▇▇▇▇▇▇▇▇▇▇▇▇ test results are entitled to opinion work product immunity because they reveal the "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). The facts supporting Lumber Liquidators' position on its Motion for Reconsideration are detailed in the Declaration of E. Livingston B. Haskell, submitted *in camera*.

---

[1] *See id.* ("[T]he Court has to conclude that while I understand the argument that there are aspects of these tests that would constitute opinion work product, including the selection of the particular sample to be tested, the results themselves constitute fact work product and not opinion work product as evidenced by the information that's set forth in the reports themselves.").

1

## II. PROCEDURAL HISTORY

On December 18, 2015, Lumber Liquidators and Plaintiffs submitted an *in camera* joint brief setting out the parties' respective positions on Lumber Liquidators' claims of attorney-client privilege and/or work product protection for three sets of documents: (1) Mercury Public Affairs ("Mercury"), (2) Pure Air, and (3) Benchmark. *See* Letter Brief, Doc. No. 756. Judge Jones treated the joint brief as Plaintiffs' Motion to Compel and Lumber Liquidators' response in opposition.

On December 28, 2015, Judge Jones granted in part, denied in part, and deferred in part Plaintiffs' Motion to Compel. *See* Mem. Opinion and Order, Doc. No. 757. As to Benchmark, the only ruling relevant to the current Motion, Judge Jones ruled that the test results were fact work product and that Plaintiffs would be given an opportunity to argue substantial need at the January 5, 2016 status hearing, but rejected the argument that communications with Benchmark enjoyed any attorney-client or work product protections. *See id.* at 4–5. Judge Jones instructed Lumber Liquidators that if it desired to file a Rule 72 Objection, Lumber Liquidators must do so without additional briefing and that its Objections would be heard at the status hearing on January 5, 2016. *See id.* at 6.

On December 30, 2015, Lumber Liquidators filed a Rule 72 Objection to Judge Jones' Memorandum Opinion and Order—objecting to Judge Jones' privilege rulings with regard to Benchmark and Mercury. *See* Def. Lumber Liquidators' Rule 72 Obj. to Mem. Opinion and Order, Doc. No. 769. Lumber Liquidators did not object to Judge Jones' ruling for documents related to Pure Air. On January 5, 2016, this Court heard argument on Lumber Liquidators' Rule 72 Objections and ruled with respect to Benchmark that: (1) Benchmark communications regarding testing were opinion work product not subject to substantial need; (2) Benchmark test

results and/or reports constitute fact work product that is subject to substantial need; and (3) because Plaintiffs satisfied their burden demonstrating substantial need of the test results and/or reports, Lumber Liquidators must produce test results and/or reports to Plaintiffs. *See* Order, Doc. No. 775; *see also* Transcript of Jan. 5, 2016 Hearing, at 50–51.

Consistent with the Court's ruling, Lumber Liquidators will produce the work product test results ███████████████████████████████████████████████████████████ ██████████████████████████. However, Lumber Liquidators respectfully moves this Court to reconsider its decision that the set of testing ████████████████████████████ was fact—not opinion—work product. Alternatively, should the Court find that the ████████ ████████ test results were fact work product, the test results and/or reports should nonetheless be protected because Plaintiffs cannot demonstrate substantial need as to this particular set of test results.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments in a case, providing that "any order or other decision . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The Fourth Circuit has held that "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment" under Federal Rules of Civil Procedure 59(e) and 60(b), but instead are committed to the discretion of the district court. *Am. Canoe Assoc., Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2004) (citing 12 MOORE'S FEDERAL PRACTICE § 60.23); *see also Moore v. Hartman*, 332 F. Supp. 2d 252, 256 (D.D.C. 2004) ("courts have more flexibility in applying Rule 54(b)" than Rule 59(e) and Rule 60(b)).

3

Motions to reconsider are appropriate where the court has patently misunderstood a party's position or the facts or applicable law or has made an error not of reasoning but of apprehension, or there has been a controlling or significant change in the law or facts since the submission of the issue to the Court. *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

Here, Lumber Liquidators moves this Court to reconsider its privilege ruling as to ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ test results because this Court has misunderstood Lumber Liquidators' position, has lacked certain facts due to the representative nature of the joint filing, and, therefore, and has misapplied the opinion work product doctrine and in the alternative, the substantial need test. Lumber Liquidators also moves this Court to amend its January 6, 2016 Order to reflect the Court's ruling on January 5, 2016 that Benchmark communications regarding testing are opinion work product not subject to substantial need.

## IV.  ARGUMENT

### A.  The ▇▇▇▇▇▇▇▇▇▇ test results are opinion work product.

The Federal Rules of Civil Procedure defines opinion work product as the "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). On its face, opinion work product can be generated by non-attorney such as an attorneys' "representative" or agent. *See id.* The Fourth Circuit "has adopted one of the most protective positions of any circuit with respect to the discoverability of opinion work product." *Musselman v. Phillips*, 176 F.R.D. 194, 199 (D. Md. 1997). Opinion work product documents enjoy "nearly absolute immunity" from discovery. *In re Allen*, 106 F.3d 582, 607 (4th Cir. 1997).

4

Fact work product, in contrast, lacks attorneys' or attorneys' agents' mental impressions and can be made discoverable subject to a showing of substantial need. Where the "factual work product cannot reasonably be excised from the opinion work product, the claim of privilege must be upheld and the request for production denied." *F.T.C. v. Boehringer Ingelheim Pharm., Inc.*, 286 F.R.D. 101, 110 (D.D.C. 2012).

Courts have protected a variety of documents as opinion work product where the documents *reflect* the attorneys' or attorneys' agents' mental impressions regarding legal strategies. *See, e.g., Boehringer Ingelheim Pharm., Inc.*, 286 F.R.D. at 110 (revealing data from company's financial database for historical settlement information would "necessarily reveal the attorneys' mental impressions, including, at a bare minimum, that the attorneys believed such analyses of that data was necessary or important to determining an appropriate settlement"); *Fortunati v. Campagne*, No. 1:07-CV-143, 2009 U.S. Dist. LEXIS 10729, at *12 (D. Vt. Feb. 12, 2009) ("draft press releases reflect the attorneys' process of assembling information and sifting facts to reflect a cohesive theory of the case").

Courts have also protected testing and test results conducted in anticipation of litigation as *opinion*—rather than fact—work product. In *Rodriguez v. SLM Corp.*, the District Court of Connecticut ruled that defendant Sallie Mae's "studies, tests, or analyses" conducted at the request of its attorneys constituted opinion work product. *See* No. 3:07-CV-1866, 2010 U.S. Dist. LEXIS 33639, at *5-9 (D. Conn. Apr. 5, 2010). Specifically, Sallie Mae conducted certain tests aimed to uncover whether its private student loan underwriting and credit policies resulted in any discriminatory impact. *Id.* The court found that documents related to Sallie Mae's testing and analyses of that testing "contains opinion work product" not subject to substantial need.

Here, disclosing the test reports ▮▮▮▮▮▮▮▮▮▮ would necessarily entail disclosing the mental impressions of the legal strategy employed by Livingston Haskell, General Corporate Counsel of Lumber Liquidators, and Channing Martin, outside counsel of Lumber Liquidators. *See generally* Declaration of E. Livingston B. Haskell, Ex. 1. This particular set of testing was done under a separate retainer agreement between Channing Martin of Williams Mullen and Travis Snapp at Benchmark. *See id.* at ¶ 8. The rationale for commissioning this set of testing was different than the rationale employed in any of the other specialized testing periods. *See id.* at ¶¶ 6–7. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See id.* at ¶¶ 5–7.

As such, the testing and test reports and/or results ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ are protected by the opinion work product doctrine. The decisions related to the selection of the samples, the "selection of the [testing] method," the selection of calculations to be applied, and the results that stemmed from this testing all contain and reflect strategic legal decisions made by Mr. Haskell and Mr. Martin ▮▮▮▮—and disclosure of these test results will necessarily reveal opinion work product generated in anticipation of litigation with CARB. *See id.* at ¶¶ 9–16.

### B. Alternatively, if this Court were to find that the ▮▮▮▮▮▮▮▮▮▮ test results constituted fact work product, Plaintiffs cannot demonstrate substantial need of the test results.

At the January 6, 2016 hearing, this Court found persuasive Plaintiffs' argument that they can satisfy their burden of substantial need where the test results were critical to the disputed issue of "what" Lumber Liquidators knew "when" with regard to testing of its laminate flooring

products. *See* Transcript of Jan. 5, 2016 Hearing, at 42. However, the ▮▮▮▮ ▮ testing actually provides no insight into "what" Lumber Liquidators knew "when." As explained in Mr. Haskell's declaration, Lumber Liquidators commissioned this testing as a strategic legal decision ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See generally* Ex. 1.

Moreover, pursuant to the Court's order, Plaintiffs will have access to ▮▮▮ ▮ work product test results ▮▮▮▮▮▮, ▮, as well as normal ordinary course compliance testing throughout the 2009 to July 2, 2015 time periods. ▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiffs do not need the work product test results ▮▮▮▮ to establish the "knowledge" element of their misrepresentation claims. Therefore, Plaintiffs fail to demonstrate substantial need as to the ▮▮▮ test results.

### C. The Court's January 6, 2016 Order is inconsistent with the Court's ruling as to opinion work product at the January 5, 2016 hearing.

Finally, Lumber Liquidators respectfully moves the Court to amend its January 6, 2016 Order to reflect the Court's ruling that Benchmark communications regarding testing are opinion work product not subject to substantial need. *Compare* Order, Doc. No. 775, at 1 (overruling Lumber Liquidators' objection with respect to Benchmark "test report documents"), *with* Transcript of Jan. 5, 2016 Hearing, at 50–51.

## V. CONCLUSION

For the foregoing reasons, Defendant Lumber Liquidators moves this Honorable Court for an Order:

A. Ruling that the Benchmark test results and/or reports ███████████████ are opinion work product not subject to discovery upon a showing of substantial need;

B. Providing that Lumber Liquidators need not disclose Benchmark test results and/or reports ███████████;

C. Amending its January 6, 2016 Order to reflect the findings regarding opinion work product reflected in the January 5, 2016 hearing transcript;

D. Providing such other and further relief as the Court may deem just and proper.

Dated: January 21, 2016

Respectfully submitted,

LUMBER LIQUIDATORS, INC.
By Counsel

/s/ Diane P. Flannery
Diane P. Flannery (VSB No. 85286)
E-mail: dflannery@mcguirewoods.com
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
804.775.1015 (Telephone)
804.698.2047 (Facsimile)

/s/ William L. Stern
William L. Stern (Pro Hac Vice)
E-mail: wstern@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
415.268.7000 (Telephone)
415.268.7522 (Facsimile)
*Defendants' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2016, a true and correct copy of the foregoing was filed electronically with the clerk of this Court using the CM/ECF system, and in accordance with Local Rules and the procedures adopted in the Initial Order and Pretrial Order No. 1A. This filing will cause a copy of the same to be served, via a Notice of Electronic Filing, upon counsel of record in this matter who has consented to electronic service.

*s/ Diane P. Flannery*
Diane P. Flannery (VSB No. 85286)
E-mail: dflannery@mcguirewoods.com
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
804.775.1015 (Telephone)
804.698.2047 (Facsimile)
*Defendants' Co-Lead Counsel*