UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED FLOORING PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION, | )<br>)<br>)   MDL No.: 1:15-md-02627-AJT<br>)<br>)<br>) |

**THIS DOCUMENT RELATES TO ONLY:**
*Vincent v. Lumber Liquidators Inc., et al.,*
No. 1:15-cv-02692 (E.D. Va.)

**MEMORANDUM IN SUPPORT OF CONSENT MOTION FOR
SUGGESTION OF REMAND TO DISTRICT OF SOUTH CAROLINA**

Pursuant to 28 U.S.C. § 1407, Plaintiff and Defendant Lumber Liquidators, Inc., by counsel, hereby join in requesting that this Court suggest to the Judicial Panel on Multidistrict Litigation (JPML) the remand of the individual case styled *Vincent v. Lumber Liquidators, Inc., et al.*, No. 1:15-cv-02692, back to the United States District Court for the District of South Carolina for further proceedings. *See* JPML Rule 10:1(b), 10:3(a).

28 U.S.C. § 1407 authorizes only the JPML to enter an order transferring a case that was previously transferred to an MDL back to the transferor court. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 32 (1998); *accord In re Patenaude*, 210 F.3d 135, 146 (3d Cir. 2000) (explaining that "the Court concluded that a § 1404 transfer order was outside the scope of the transferee court's authority"); *see also Pinney v. Nokia, Inc.*, 402 F.3d 430, 452 (4th Cir. 2005) ("At any point in the district court proceedings, the Naquin plaintiffs could have petitioned the JPML directly for a remand" to the Eastern District of Louisiana "or they could have requested that the district court suggest a remand to the JPML."). However, the JPML "is reluctant to order a remand absent the suggestion of the transferee judge" out of deference to the

MDL court's supervision. JPML Rule 10:3(a); *see* JPML Rule 10:1(b) ("Typically, the transferee judge recommends remand of an action, or a part of it, to the transferor court at any time by filing a suggestion of remand with the Panel."). In fact, the JPML requires parties who desire remand to the transferor court to include in their motion "[a]n affidavit reciting whether the movant has requested a suggestion of remand and the judge's response," among other things. JPML Rule 10:3(a)(i). Once suggested, the Panel will often defer "to the transferee judge's determination that remand of a particular action at a particular time is appropriate." *In re Asbestos Prods. Liability Litig. (No. VI)*, 545 F. Supp. 2d 1362, 1363 (J.P.M.L. 2008) (quoting *In re Holiday Magic Secs. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977)); *see In re Patenaude*, 210 F.3d at 146 (affirming the JPML's authority to defer to the transferee court's analysis).

Remand of this action is appropriate at this time. In response to this Court's order of October 9, 2015, (Dkt. No. 612),[1] Plaintiff reaffirmed that her claims involve only bamboo flooring. (No. 1:15-cv-02692, Dkt. No. 89; *see id.*, Dkt. No. 1 at 2, ¶6.) The rest of the cases pending in this MDL involve Lumber Liquidators' Chinese-manufactured laminate flooring. *See* (Dkt. Nos. 548, 562, 612, 636). Furthermore, the parties are this day entering a joint stipulation of dismissal without prejudice of all claims based upon formaldehyde emissions or upon products other than the bamboo flooring at issue in this case, removing another core element of commonality between this action and the rest of those pending in this MDL proceeding.

In a similar case, *Loup v. Lumber Liquidators, Inc.*, No. 1:15-cv-02733, involving claims as to only engineered hardwood flooring proceeding on behalf of individuals, and not a class, this Court granted the parties' consent motion for suggestion of remand, (Dkt. No. 669), which

---

[1] Unless otherwise noted, all references to docket entries shall be to the main MDL docket, number 1:15-md-02627.

decision was confirmed by conditional order of the JPML and the case was transferred. (No. 1:15-cv-02733, Dkt. Nos. 127, 135.) For many of the same reasons that justify that decision, further consolidated proceedings in this action no longer serve "the convenience of parties and witnesses" or "promote the just and efficient conduct" of this action or of the larger MDL proceeding. For these reasons, the parties respectfully request entry of a suggestion of remand to the transferor court, the District of South Carolina.

## CONCLUSION

For all the foregoing reasons, a suggestion of remand should be entered.

Dated: May 6, 2016                                  Respectfully submitted,

                                                    LUMBER LIQUIDATORS, INC.

                                                    By Counsel

*/s/ Diane P. Flannery*                             */s/ William L. Stern*
Diane P. Flannery (VSB No. 85286)                   William L. Stern (Pro Hac Vice)
E-mail: dflannery@mcguirewoods.com                  E-mail: wstern@mofo.com
McGuireWoods LLP                                    Morrison & Foerster LLP
Gateway Plaza                                       425 Market Street
800 East Canal Street                               San Francisco, CA 94105-2482
Richmond, Virginia 23219-3916                       415.268.7000 (Telephone)
804.775.1015 (Telephone)                            415.268.7522 (Facsimile)
804.698.2047 (Facsimile)

                                                    *Defendants' Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2016, a true and correct copy of the foregoing was filed electronically with the clerk of this Court using the CM/ECF system, and in accordance with Local Rules and the procedures adopted in the Initial Order and Pretrial Order No. 1A.  This filing will cause a copy of the same to be served, via a Notice of Electronic Filing, upon counsel of record in this matter.  I also hereby certify that, on the same day, a true and correct copy was served by U.S. Mail upon the parties proceeding pro se, listed below:

**Karriem v. Lumber Liquidators, Inc.**, No. 1:15-cv-2765

**Elijah Karriem (*pro se*)**
1404 Asbury Court
Hyattsville, Maryland 20782

>*/s/ Diane P. Flannery*
>Diane P. Flannery (VSB No. 85286)
>E-mail: dflannery@mcguirewoods.com
>McGuireWoods LLP
>Gateway Plaza
>800 East Canal Street
>Richmond, Virginia 23219-3916
>804.775.1015 (Telephone)
>804.698.2047 (Facsimile)
>*Defendants' Co-Lead Counsel*