# Exhibit 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_Eastern District of Virginia

| | |
|---|---|
| In Re: Lumber Liquidators Chinese-Manufactured Flooring Products Marketing, Sales Practices and Products Liability Litigation | ) ) ) ) ) ) MDL No. 1:15-md-02627 (AJT/TRJ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   California Air Resources Board
      1001 I Street, Sacramento, CA 95814

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT A.

| Place:   Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, CA 94105-2482 | Date and Time:   February 24, 2016, 9:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/10/2016

              *CLERK OF COURT*
                                                      OR   [signature]
       *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Lumber Liquidators, Inc. _____, who issues or requests this subpoena, are:
William L. Stern, Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105-2482
WStern@mofo.com / (415) 268-7000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

You are hereby ordered to produce any and all documents responsive to the requests below:

## DEFINITIONS

1. The terms "ARB" and "YOUR" mean the California Air Resources Board and including, but not limited to, any directors, agents, employees, or entities or persons acting on behalf of the foregoing entity.

2. The term "DOCUMENTS" means any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, Photostatting, photographing, magnetic impulse, email, or mechanical or electronic recording and any non-identical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, records of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, text messages, instant messages, desk calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, and all other writings and recordings of every kind that are in YOUR actual or constructive possession, custody or control.

3. The term "COMMUNICATIONS" means every manner or method of disclosure, transfer, and exchange of information, whether orally or by document, and whether face to face, by telephone, mail, electronic mail, personal delivery, facsimile, or otherwise.

4. The term "ATCM" means the Airborne Toxic Control Measure, 17 C.C.R. § 93120 *et seq.*

5. The term "SOP" means the "Standard Operating Procedure for Finished Good Test Specimen Preparation Prior to Analysis of Formaldehyde Emissions from Composite Wood Products," found at http://www.arb.ca.gov/enf/compwood_sop_fg_decon_091313.pdf.

6. The term "TPC" means "third party certifier," as set forth in title 17, section 93120.1(a)(41), of the California Code of Regulations.

7. The terms "relating," and "related" mean pertaining to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, discussing, showing, describing, reflecting, analyzing, constituting, setting forth, in respect of, and having any direct or indirect logical or factual connection with the subject matter in question.

8. The terms "and" and "or" are to be read in both the conjunctive and disjunctive and shall encompass all information that would be responsive under a conjunctive reading and all information that would be responsive under a disjunctive reading.

## DOCUMENT REQUESTS

1. DOCUMENTS and COMMUNICATIONS since January 1, 2007 relating to finished goods testing for purposes of ARB's enforcement of the "Phase 2" emission standards under the ATCM as set forth in title 17, section 93120.2(a), of the California Code of Regulations.

2. COMMUNICATIONS with, or DOCUMENTS referencing or relating to, *60 Minutes* or CBS News since January 1, 2013.

3. COMMUNICATIONS with, or DOCUMENTS referencing or relating to, Richard T. Drury, Michael R. Lozeau, Lozeau | Drury LLP, Jonathan Weissglass, Eric P. Brown, or Altschuler Berzon LLP.

4. COMMUNICATIONS with, or DOCUMENTS referencing or relating to, Whitney Tilson, Global Community Monitor, Sunshine Park LLC, Xuhua Zhou, Yangtze Decorative, LLC, or Yangtze Floor Co.

5. All DOCUMENTS referencing or relating to the SOP.

6. All DOCUMENTS, including studies, supporting ARB's identification of "[t]wo sources of variability" in deconstructive testing as set forth in ARB's June 2, 2009

        presentation called "Update on California's Composite Wood Products Regulation," found at http://www.arb.ca.gov/toxics/compwood/outreach/ cpa053109.pdf.

7. DOCUMENTS and COMMUNICATIONS related to the "variability and uncertainty" associated with the SOP, which would be used in an enforcement evaluation, as stated in ARB's "Frequently Asked Questions," found at http://www.arb.ca.gov/toxics/compwood/implementation/faq.htm.

8. DOCUMENTS substantiating that the SOP is an approved "test method" under the ATCM, within the meaning of title 17, section 93120.9, of the California Code of Regulations.

9. DOCUMENTS and COMMUNICATIONS relating to how the SOP may be used by private parties in assessing whether a finished good is in compliance with "Phase 2" emission standards.

10. DOCUMENTS and COMMUNICATIONS showing the repeatability or reproducibility of the SOP.

11. DOCUMENTS and COMMUNICATIONS showing that third-party testing of composite wood products is adequate to determine "Phase 2" compliance with the ATCM.

12. DOCUMENTS and COMMUNICATIONS showing that manufacturers or retailers are required to use the SOP to deconstruct samples of finished goods to determine "Phase 2" compliance with the ATCM.

13. DOCUMENTS and COMMUNICATIONS constituting ARB's approval of the SOP.

14. DOCUMENTS or COMMUNICATIONS showing that an "Executive Officer" of ARB issued an "Executive Order" within the meaning of title 17, section 93120.9(a)(3)(A), of the California Code of Regulations approving the SOP.

15. DOCUMENTS and COMMUNICATIONS relating to the application to use the SOP as an alternative secondary test method within the meaning of title 17, section 93120.9(a)(3)(A), of the California Code of Regulations.

16. DOCUMENTS and COMMUNICATIONS with any third parties regarding the SOP prior to ARB's posting it online.

17. All annual TPC reports since January 1, 2011.

18. DOCUMENTS and COMMUNICATIONS relating to all ARB board meetings regarding the ATCM, TPC annual reports, TPC reviews, or TPC certification and application processes.

19. DOCUMENTS and COMMUNICATIONS from all TPCs to ARB.

20. All monthly reports from manufacturers to TPCs that are required by ARB, as set forth in title 17, Appendix 2, section (g)(10), of the California Code of Regulations, and all submissions of those reports to ARB.

21. DOCUMENTS and COMMUNICATIONS reflecting ARB's verification of TPCs.

22. DOCUMENTS and COMMUNICATIONS reflecting all tests that were performed pursuant to the "Composite Wood Product Program" as referenced at page 37 of the 2013 Annual Enforcement Report, found at http://www.arb.ca.gov/enf/reports/2013_enf_rpt.pdf.

23. DOCUMENTS and COMMUNICATIONS reflecting all tests that were performed pursuant to the "Composite Wood Product Program" as referenced at page 36 of the 2012 Annual Enforcement Report, found at http://www.arb.ca.gov/enf/reports/2012_enf_rpt.pdf.

24. DOCUMENTS and COMMUNICATIONS reflecting all tests that were performed pursuant to the "Composite Wood Product Program" as referenced at page 33 of the 2011 Annual Enforcement Report, found at http://www.arb.ca.gov/enf/reports/2011_enf_rpt.pdf

25. All the TPC primary and secondary test method data that has been reviewed or requested by CARB, to include the five correlation data pairs for each test method, as set forth in title 17, Appendix 2, section (f), of the California Code of Regulations.

26. The "Wood Shop Log book" referenced in the SOP.

27. Any information, testing, or verification related to the quality control limit set by TPCs for composite wood manufacturers, as required by title 17, Appendix 2, section (g)(3), of the California Code of Regulations.