**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **IN RE: LUMBER LIQUIDATORS** ) | |
| **CHINESE-MANUFACTURED FLOORING** ) | |
| **PRODUCTS MARKETING, SALES** ) | **MDL No. 1:15-md-2627(AJT/TRJ)** |
| **PRACTICES AND PRODUCTS LIABILITY** ) | |
| **LITIGATION** ) | |
| ) | |
| This Document Relates to All Cases ) | |

## ORDER

After a hearing, the court took under advisement plaintiffs' motion (no. 961) to amend the

scheduling order to allow them to further depose the California Air Resources Board ("CARB").

Because neither the rules nor equity justify the relief, and defendant would be prejudiced, the motion

will be denied.

Plaintiffs  never sought discovery from CARB, and never sought defendant's position on CARB

by interrogatory or otherwise.  They cross-noticed CARB for deposition only after defendant noticed a

30(b)(6) deposition late in discovery.  CARB objected to all of plaintiff's topics and refused to produce

evidence on them.  Plaintiffs chose not to pursue that, and the deposition proceeded on defendant's

topics.

The deposition was taken before CARB had produced any documents in response to defendant's

document subpoena.  Plaintiffs never subpoenaed documents.

CARB refused to answer numerous questions, relying on various privileges, and plaintiffs chose

not to pursue that either, making no intra-deposition motions and no reservation of rights at the close of

the deposition.

Soon thereafter CARB settled its administrative proceeding against defendant.

CARB later produced documents to defendant.  Some of them, produced after the close of

discovery, were not seen by plaintiffs' counsel until they were mentioned in one or more defense expert

reports.  Defense counsel had provided copies of other subpoenaed documents to plaintiffs, but

justifiably did not provide copies of the documents in issue because defense counsel justifiably believed that plaintiffs' counsel had made their own arrangements to obtain copies directly from CARB.  Indeed, the record strongly suggests that plaintiffs' counsel did that and then failed to follow through.

Plaintiffs now seek to reopen discovery to (a) find out if CARB will continue to stand on its privileges now that it has settled with defendant, and (b) depose CARB on documents that were produced after the deposition in response to defendant's subpoena, assuming that CARB does not assert privilege(s) to plaintiffs' new inquiries.

\* \* \* \* \*

The deposition began and ended in circumstances well understood by both sides -- discovery was winding up, CARB was being examined without having produced documents, and it asserted privilege claims that were presaged by its pre-deposition objections.  The possibility that either side might see the other use later-produced documents without the opportunity to depose on them was a risk for each side.  The time to deal with the privilege assertions was, *at the latest,* immediately after CARB settled with defendant.  Moreover, plaintiffs offer only speculation  as to the benefit if any that new or renewed inquiry might provide.    Having proceeded as described above, they lie in a bed of their own making and have no cause to complain.

The speculative nature of plaintiffs' hoped-for relief demonstrates the lack of prejudice to them in the *status quo*.  It is also worthy of note that they did not and do not seek to amend their own expert reports.  Defendant, on the other hand, would be seriously prejudiced by a reopening of discovery, having served expert reports that stand on the deposition record at the close of discovery and being well into the drafting process for a motion for summary judgment.

On these findings the motion is DENIED and it is so ORDERED.

Alexandria, Virginia
June 21, 2016

_____
/s/
THOMAS RAWLES JONES, JR.
United States Magistrate Judge