IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED FLOORING PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION,** | Case Nos. Case Nos. 1:16-cv-02781-AJT-TRJ; 1:16-cv-02771-AJT-TRJ 1:16-cv-02774-AJT-TRJ |

**DEFENDANT LUMBER LIQUIDATORS, INC.'S
MEMORANDUM IN SUPPORT OF ITS
MOTION TO COMPEL DISCOVERY RESPONSES**

COMES NOW Defendant Lumber Liquidators, Inc. ("Lumber Liquidators"), by counsel and pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Civil Rule 37(D), and states as follows for its Memorandum in Support of its Motion to Compel Discovery Responses ("Motion"):

### I.   INTRODUCTION AND PROCEDURAL BACKGROUND

On March 18, 2016, the Joint Panel on Multidistrict Litigation transferred eleven cases pending in Louisiana to this Court for consolidated pretrial proceedings pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation and 28 U.S. C. § 1407.  See Conditional Transfer Order (CTO-11, Docket No. 877).  Pursuant to the Court's Pretrial Order No. 7 (Doc. No. 603) Lumber Liquidators served Plaintiff Fact Sheets, See Exhibit A, Agreed Plaintiff Fact Sheet, on the recently transferred Plaintiffs on March 22, 2106. Plaintiffs' responses were due on April 22, 2016.

After first addressing the plaintiffs that served no response whatsoever (See Doc. Nos. 939, 946, and 947),[1] Lumber Liquidators reviewed the Plaintiff Fact Sheets for the responding plaintiffs. Lumber Liquidators noted deficiencies in certain plaintiffs' responses and sent two deficiency letters to plaintiffs' respective counsel on May 2, 2016. See Exhibits B (letter to Banner and Devillier counsel) and C (letter to Jones counsel). Each of the letters specifically identified deficiencies in the fact sheet, offered to meet and confer about those deficiencies, and requested supplementation by May 9, 2016. *Id.* More than half of the plaintiffs supplemented their fact sheet responses after receiving Lumber Liquidators' May 2, 2016 deficiency letters.

However, a number of plaintiffs in the following three cases completely failed to respond to Lumber Liquidators' deficiency letters or failed to provide complete answers in response to the deficiency letter. The cases and the non-responsive plaintiffs are as follows:

- **Banner, et al. v. Lumber Liquidators,** Case No. 1:16-cv-02781-AJT-TRJ (for Plaintiffs **Banner**, **Bartley**, **Bechel**, **Joseph**, **McCray**, **Nunez**, and **Vandrell**)

- **Devillier, et al. v. Lumber Liquidators,** Case No. 1:16-cv-02771-AJT-TRJ (for Plaintiffs **Devillier**, and **Wells**)

- **Jones, et al. v. Lumber Liquidators,** Case No. 1:16-cv-02774-AJT-TRJ

Specifically, the plaintiffs' Fact Sheets had the following deficiencies:

### Banner

Plaintiff failed to provide key identifying information including dates of birth.

**Questions 17, 18, 21-24, 35-36, 43, and 45:** Plaintiff failed to answer any of the questions listed above that were required by the Court's Pretrial Order.

**Question 11:** Plaintiff failed to answer all subparts of this question and did not describe the content of the advertisement he referenced.

---

[1] All of the Louisiana plaintiffs subject to Lumber Liquidators' first Motion to Compel provided fact sheets. Some of the fact sheets, however, contained deficiencies.

**Question 25:** Plaintiff failed to answer the subparts of this question regarding the flooring that the Lumber Liquidators flooring replaced.

**Question 28:** Plaintiff answered "yes" to the question about testing his Lumber Liquidators flooring, but failed to answer the subparts of this question.

**Question 31:** Plaintiff's responses to this question are conflicting. He answered "no" to the question asking if he had ever contacted Lumber Liquidators after the installation of his flooring, but described a post-sale communication with Lumber Liquidators in response to a subpart of the question.

**Question 32:** Plaintiff's responses to this question are conflicting. He answered "no" to the question asking if he notified an insurer about his Lumber Liquidators flooring, but he described how he contacted an insurer in response to a subpart of the question. Plaintiff also failed to produce any correspondence related to his claims. Such documents are responsive to Document Request No. 7.

**Question 40:** Plaintiff responded "yes" to the question asking if the building has been tightly insulated recently for energy efficiency but failed to respond to the subparts of the question.

**Question 44:** Plaintiff responded that he became aware his floors allegedly were not CARB compliant from the TV but failed to respond to the subpart of this question.

**Plaintiff's Fact Sheet Document Responses:** Plaintiff produced a six page document labeled "Page 1 of 6," "Page 3 or 6," etc. Pages 2 and 5 are missing from his production.

**Bartley (Plaintiff in <u>Banner</u>)**

**Plaintiff's Fact Sheet Document Responses:** Plaintiff failed to produce any documents regarding his installation expenses in response to questions 23 and 24. Such documents are responsive to Document Request Nos. 2 and 7.

### Bechel (Plaintiff in <u>Banner</u>)

**Plaintiff's Fact Sheet Document Responses:** Plaintiff's flooring label photograph is unreadable and appears to be redacted.

### Joseph (Plaintiff in <u>Banner</u>)

**Question 3:** Plaintiff failed to provide the store address where he purchased the flooring.

**Question 23:** This question requires Plaintiff to provide the names of those who installed the flooring. Plaintiff failed to provide responsive information.

### McCray (Plaintiff in <u>Banner</u>)

**Plaintiff's Fact Sheet Document Responses:** Plaintiff failed to produce any documents regarding her installation expenses in response to questions 23 and 24. Such documents are responsive to Document Request Nos. 2 and 7. Furthermore, Plaintiff did not produce any documents in response to Request No. 9, but responded that the flooring is still present in her home.

### Nunez (Plaintiff in <u>Banner</u>)

**Question 40:** Plaintiff failed to respond to the subparts of this question regarding the insulation in the building.

**Plaintiff's Fact Sheet Document Responses:** Plaintiff failed to produce any documents regarding his installation expenses in response to questions 23 and 24. Such documents are responsive to Document Request Nos. 2 and 7. Furthermore, Plaintiff failed to produce an e-

mail from Lumber Liquidators referenced in response to Question 31.  The referenced e-mail is responsive to Document Request No. 10.

## Vandrell (Plaintiff in Banner)

**Question 8:** This question requires plaintiffs to identify other flooring they considered buying.  Plaintiff responded that he considered flooring from Home Depot and Lowes but failed to identify the type[s] of flooring he considered.

**Plaintiff's Fact Sheet Document Responses:** Plaintiff did not produce any documents in response to Request No. 9, but responded that the flooring was still present in his home.

Defense counsel sent a letter to counsel for the above-mentioned plaintiffs on May 2, 2016 requesting supplementation by no later than May 9, 2016.  See Exhibit B.  Plaintiffs' counsel sent supplemental fact sheets for plaintiffs Joseph, Champion, Bechel, and Bartley on May 19, 2016.  Counsel did not provide any supplement whatsoever for plaintiffs Banner, McCray, Nunez, Schwartz, or Vandrell.

Defense counsel sent an e-mail to Plaintiffs' counsel on May 19, 2016, requesting an update on supplementation of the remaining fact sheets.  Plaintiffs' counsel responded on May 19, 2016 that she hoped to have the remainder of the fact sheets completed by the end of the week.  See Exhibit D.  No additional fact sheets were provided.

On June 6, 2016, counsel for Lumber Liquidators sent another e-mail noting deficiencies remaining in the supplemental production received on May 19, 2016 and advising counsel for Plaintiffs that Lumber Liquidators intended to file a motion to compel the outstanding responses from the plaintiffs listed above.  See Exhibits D and E.  Plaintiffs' counsel provided

supplemental responses for plaintiffs McCray and Schwartz on June 14, 2016.  Plaintiffs' counsel provided supplemental responses for plaintiff Vandrell on June 17, 2016.

The Banner plaintiffs' counsel has provided no further supplementation since June 17, 2016.

### Devillier

**Question 22:** Plaintiff failed to provide an answer to this question about the installation.

**Questions 32:** Plaintiff stated that she was "staying extremely congested and getting sick."  However, Plaintiff never responded to the question about whether she was seeking damages for personal injuries in this case.

**Question 37:** Plaintiff failed to answer this question about HVAC systems in the building.

**Question 40:** Plaintiff failed to respond to the subparts of this question regarding the insulation in the building.

### Wells (Plaintiff in Devillier)

**Plaintiff's Fact Sheet Document Responses:** Plaintiff did not produce any documents in response to Request No. 9, but responded that the flooring is still present in his home.

Defense counsel sent a letter to Plaintiffs' counsel in Devillier on May 2, 2016 requesting supplementation by no later than May 9, 2016.  See Exhibit B.  Plaintiffs' counsel sent supplemental fact sheets for plaintiff Wells on June 7, 2016.  Counsel did not provide any supplement whatsoever for plaintiff Devillier.

Defense counsel sent an e-mail to Plaintiffs' counsel on May 19, 2016, requesting an update on supplementation of the remaining fact sheets.  Plaintiffs' counsel responded on May

19, 2016 that she hoped to have the remainder of the fact sheets completed by the end of the week.  See Exhibit D.  The additional fact sheets were not provided.

On June 6, 2016, Lumber Liquidators' counsel sent another e-mail advising counsel for Plaintiffs that Lumber Liquidators intended to file a motion to compel the outstanding responses from the plaintiffs listed above.  See Exhibits E.  Plaintiff's counsel never responded to Lumber Liquidators' counsel's June 6, 2016 email. To date, Devilliers' counsel has not supplemented the discovery responses outlined above.

### Jones

**Question 9:** Plaintiff stated that she communicated with someone from Lumber Liquidators prior to purchase but failed to describe the content of her communication.

**Question 24:** Plaintiff failed to provide an answer to this question asking how much she paid for the installation of the flooring.

**Questions 25 and 26:** Plaintiff's responses to these questions are conflicting.  Plaintiff failed to clearly answer what type of flooring the Lumber Liquidators flooring replaced, the reason she replaced the previous flooring, and the location of the remnants of the flooring are stored.  Plaintiff's June 17, 2016 supplementation did not contain the pages responsive to Questions 25 and 26.

**Question 43:** This question requires Plaintiffs to review a list of alternative sources of formaldehyde materials in the building and identify those that are located in the same room as the Lumber Liquidators' flooring. The question also asks when the materials were present in the room.  The Court specifically approved this question on the Fact Sheet. Plaintiff marked several different materials, including, wood paneling, wood furniture, newly purchased clothing, newly painted walls, and newly installed wallpaper, as present in the same room but failed to provide

the dates that those materials were added to the room.  Plaintiff's June 17, 2016 supplementation did not contain the pages responsive to Question 43.

**Question 45:** Plaintiff responded that she has been involved in prior litigation but failed to respond to the subparts of the question asking her to describe the litigation, identify the court, docket number, date filed, and date resolved.  Plaintiff's June 17, 2016 supplementation did not contain the pages responsive to Question 45.

Lumber Liquidators' counsel sent a letter to Jones' counsel on May 2, 2016 requesting supplementation by no later than May 9, 2016.  See Exhibit C.  Lumber Liquidators' counsel sent an e-mail to Plaintiff's counsel on May 19, 2016, requesting an update on supplementation.  Plaintiff's counsel responded on May 19, 2016 that she hoped to have the remaining fact sheets completed by the end of the week.  See Exhibit D.  Plaintiff's counsel provided a supplemental response for plaintiff Jones on June 17, 2016.  Plaintiff's June 17, 2016 supplementation omitted multiple pages.  Plaintiff Jones' counsel has not provided supplementation since then.

## II.     LEGAL STANDARD

A party who fails to provide information in discovery "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  In addition, Rule 37 delineates several sanctions that are available to the Court, including striking pleadings in whole or in part, dismissing the action or proceeding in whole or in part, or rendering a default judgment against the disobedient party.  See Fed. R. Civ. P. 37(b)(2)(A)(iii, v & vi).  Any of these sanctions are permissible for failure to provide information in discovery.  See Fed. R. Civ. P. 37(c)(1)(C) (permitting courts to "impose other appropriate sanctions, including any of the orders listed in

Rule 37(b)(2)(A)(i-vi)"). The decision to impose the sanctions listed in Rule 37(b)(2)(A) is within the sound discretion of the trial court. See S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 595 (4th Cir. 2003). This Court has previously imposed discovery sanctions including dismissal on plaintiffs who failed to provide Fact Sheet responses. (Doc. No. 777) ("Sanctions Order").

### III.   ARGUMENT

Plaintiffs are obligated to provide full answers to the questions in the Plaintiff Fact Sheet. The Court has ordered plaintiffs to answer the Plaintiff Fact Sheet. (Doc. No. 603). The Court ruled on all objections related to the Fact Sheet (except for claims of privilege – which do not apply here). Notwithstanding the Court's Order and notwithstanding Lumber Liquidators' efforts to avoid a discovery dispute, the above identified Plaintiffs have not supplemented their fact sheet responses with the required information.

The Court can compel the above named Plaintiffs to supplement their respective fact sheets because the fact sheets are treated as interrogatory requests. See Id.; Fed. R. Civ. Pro. 37(a)(3)(B)(iii). Evasive or incomplete fact sheet answers are treated as a failure to answer. Fed. R. Civ. Pro. 37(a)(4).

The Plaintiffs identified above either failed to answer complete questions in the Plaintiff Fact Sheet or failed to clearly and fully answer questions, by ignoring subparts or the questions or providing conflicting and confusing answers. Lumber Liquidators made every effort to seek a supplemental response. Lumber Liquidators respectfully requests that the Court order the plaintiffs listed above to supplement their fact sheets to cure the deficiencies Lumber Liquidators identified above, to verify their supplemental responses, and to grant such other relief as the Court deems appropriate, including sanctions.

**Certificate of Conference**

Lumber Liquidators' counsel made a good faith effort to avoid a discovery dispute and to narrow the issues in dispute in this case with respect to these plaintiffs. See Exhibits B-E. Plaintiffs either did not respond to Lumber Liquidators letters and e-mails or refused to fully supplement their responses.

## IV. CONCLUSION

For the foregoing reasons, Defendant Lumber Liquidators moves this Honorable Court to: 1) order the above-named Plaintiffs to immediately produce full, complete and verified Fact Sheet responses or be subject to sanctions for failure to comply with discovery obligations; and 2) provide such other and further relief as the Court may deem just and proper.

Dated: July 8, 2016

Respectfully submitted,

LUMBER LIQUIDATORS, INC.
By Counsel

*/s/ Diane P. Flannery*
Diane P. Flannery (VSB No. 85286)
E-mail: dflannery@mcguirewoods.com
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
804.775.1015 (Telephone)
804.698.2047 (Facsimile)

*/s/ William L. Stern*
William L. Stern (Pro Hac Vice)
E-mail: wstern@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
415.268.7000 (Telephone)
415.268.7522 (Facsimile)
*Defendants' Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2016, a true and correct copy of the foregoing was filed electronically with the clerk of this Court using the CM/ECF system, and in accordance with Local Rules and the procedures adopted in the Initial Order and Pretrial Order No. 1A. This

filing will cause a copy of the same to be served, via a Notice of Electronic Filing, upon counsel of record in this matter who has consented to electronic service.

        *s/ Diane P. Flannery*
Diane P. Flannery (VSB No. 85286)
E-mail: dflannery@mcguirewoods.com
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
804.775.1015 (Telephone)
804.698.2047 (Facsimile)
*Defendants' Co-Lead Counsel*