### UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

| | | |
|---|---|---|
| IN RE: LUMBER LIQUIDATORS | ) | |
| CHINESE-MANUFACTURED FLOORING | ) | |
| PRODUCTS MARKETING, SALES | ) | MDL No.: 1:15-md-02627-AJT |
| PRACTICES AND PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | REDACTED VERSION |
| _____ | ) | |

**THIS DOCUMENT RELATES TO ALL CASES**

_____

### DEFENDANT LUMBER LIQUIDATORS, INC.'S REPLY MEMORANDUM OF LAW
### IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
### ON PLAINTIFFS' FIRST AMENDED REPRESENTATIVE COMPLAINT

Diane P. Flannery (VSB No. 85286)
E-mail: dflannery@mcguirewoods.com
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
804.775.1015 (Telephone)
804.698.2047 (Facsimile)
*Defendant's Co-Lead Counsel*

William L. Stern (Pro Hac Vice)
E-mail: wstern@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
415.268.7000 (Telephone)
415.268.7522 (Facsimile)
*Defendant's Co-Lead Counsel*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................. 1

UNDISPUTED MATERIAL FACTS ................................................................... 1

ARGUMENT ....................................................................................................... 2

I.   Plaintiffs fail to refute Lumber Liquidators' entitlement to summary judgment on all claims because no ATCM violation occurred (Counts I-XII) ........................... 2

II.   Plaintiffs cannot establish Article III standing, which entitles Lumber Liquidators to summary judgment on any claim not concerning the Brandts (Counts I (partial), II-IV, VI-VIII, IX (partial), X (partial), and XII (partial)) ............ 4

III.   Plaintiffs fail to refute Lumber Liquidators' entitlement to summary judgment on the California consumer-protection claims (Counts II-IV) ................................... 6

   A.   Plaintiffs do not dispute that any presumption of reliance is subject to rebuttal on summary judgment .......................................................... 7

   B.   The record rebuts any presumption of reliance ................................... 7

IV.   Plaintiffs fail to refute Lumber Liquidators' entitlement to summary judgment on the other states' consumer-protection claims (Counts V-VIII) ............................ 10

V.   Plaintiffs fail to refute Lumber Liquidators' entitlement to summary judgment on the fraudulent-concealment claims (Count I) ...................................... 11

   A.   Plaintiffs improperly shift the alleged omissions on which their claims rest ....................................................................................... 12

   B.   Plaintiffs have not established a genuine dispute regarding materiality ........ 15

VI.   Plaintiffs fail to refute Lumber Liquidators' entitlement to summary judgment on the remaining negligent-misrepresentation claim (Count XI) ............................ 17

VII.   Plaintiffs fail to refute Lumber Liquidators' entitlement to summary judgment on the implied-warranty and Magnuson-Moss claims (Counts IX and X) ................ 17

VIII.   Plaintiffs concede that Lumber Liquidators is entitled to summary judgment on the declaratory-relief claim (Count XII) .............................................. 18

IX.   █████████████████████████████████████████████████████ .................. 18

CONCLUSION .................................................................................................... 20

## INTRODUCTION

Plaintiffs apparently would rather submit their claims to the court of public opinion than to a court of law.  They offer no response to Lumber Liquidators' Statement of Undisputed Material Facts.  Instead, they devote nearly half of their brief to a recitation of factual allegations that altogether fail to address, much less dispute, Lumber Liquidators' statement.  Moreover, these allegations show almost no connection to Plaintiffs' legal arguments.  Under this Court's rules, Plaintiffs have conceded all of Lumber Liquidators' designated facts.

On all claims, Plaintiffs fail to carry their burden to refute Lumber Liquidators' entitlement to summary judgment.  All but one couple concede that, before their purchases, they did not see or hear, let alone rely on, any statements concerning formaldehyde.  Instead, Plaintiffs attempt to reframe their case around a series of omissions that appear nowhere in the Complaint and as to which Lumber Liquidators had no duty to disclose.  For these and numerous additional reasons, the Court should grant Lumber Liquidators summary judgment in full.

## UNDISPUTED MATERIAL FACTS

Federal Rule of Civil Procedure 56(c) provides, as relevant, that "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record."  Local Rule 56(B) further states that

> A brief in response to [a motion for summary judgment] shall include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on . . . .  [T]he Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

"As this Court has repeatedly explained, a party contending that a fact is genuinely disputed must support the assertion by complying with the requirements of both Fed. R. Civ. P. 56(c) and Local Civ. R. 56(B)."  *Lutfi v. United States*, No. 1:09-CV-1114 (AJT/IDD), 2011 WL 1226030, at *2

(E.D. Va. Mar. 28, 2011).

Plaintiffs wholly fail to contest any of Lumber Liquidators' factual assertions.  Under Rule 56, the Court should therefore deem all such facts admitted and disregard all of Plaintiffs' contentions as improper.  *See Rogers v. Stem*, No. 1:12-cv-976 (AJT), 2013 WL 3338651, at *1 n.1 (E.D. Va. July 2, 2013) ("accept[ing] as undisputed" the moving party's facts and considering the non-moving party's allegations for background only), *aff'd*, 590 F. App'x 201, 205 (4th Cir. 2014).[1]  Moreover, Lumber Liquidators need not and, given time and space constraints, could not address all of Plaintiffs' untruths here.  *See Orme v. Swifty Oil Co.*, No. IP 98-1494-C H/G, 2000 WL 682678, at *3 n.1 (S.D. Ind. Mar. 28, 2000).  Nor would doing so serve any legal purpose, for vast swaths of Plaintiffs' allegations are immaterial.  Nevertheless, Lumber Liquidators denies and rejects Plaintiffs' unsupported characterization of this case.

Plaintiffs vilify Lumber Liquidators in a transparent attempt to deflect attention from the shortcomings of their claims.  This matter does not concern Lumber Liquidators' conduct untethered from the experience of any actual consumer.  Rather, the Court must decide whether these particular Plaintiffs may proceed on their personal claims.  The Court should respond "no."

## ARGUMENT

### I.   Plaintiffs fail to refute Lumber Liquidators' entitlement to summary judgment on all claims because no ATCM violation occurred (Counts I-XII).

All of Plaintiffs' claims turn on establishing a violation of the formaldehyde standards in CARB's ATCM regulations.  Plaintiffs, however, cannot do so for three reasons: (1) only CARB—not Plaintiffs, and not a jury—can establish an ATCM violation, and it has not done so

---

[1] *See also, e.g.*, *Simard v. Unify, Inc.*, Case No. 1:15cv1649 (JCC/TCB), 2016 WL 3854451, at *4 (E.D. Va. July 15, 2016); *Lutfi v. United States*, Case No. 1:09-CV-1114 AJT IDD, 2011 WL 795895, at *3 (E.D. Va. Mar. 1, 2011); *Lake Wright Hosp., LLC v. Holiday Hosp. Franchising, Inc.*, Case No. 2:07cv530, 2009 WL 2606254, at *3-5 (E.D. Va. Aug. 20, 2009).

here; (2) CARB has never even tested the products purchased by most Plaintiffs; and (3) the

ATCM does not apply outside of California, such that products marketed in other states could

not have failed to comply with CARB standards.  *See* Mem. in Supp. 12-14.[2]

Plaintiffs fail to refute this argument.  They first contend that "CARB is aware that third-

party certifiers work with suppliers and resellers to test the products for compliance with CARB

standards, so the resellers can self-correct."  Pls.' Opp'n at 6, ¶ 14.  This misses the point.

Whether third parties undertake their own testing and whether CARB is aware of such testing are

irrelevant to whether CARB alone has authority to determine ATCM compliance.  It does.

Plaintiffs suggest a conflict between Lumber Liquidators' statement that retailers need

not perform deconstructive testing and its settlement with CARB.  *Id.* at 9, ¶ 23.  The suggestion

fails.  The settlement agreement states that "the ATCM does not require testing by retailers," and

liability arises "if non-compliant product is found by [C]ARB."  Mem. in Supp. Ex. 3 at 3, ¶ 13.

It also disclaims any admission of liability and precludes such use by third parties.  *Id.* at 5, ¶ 11.

Finally, Plaintiffs argue that they can demonstrate noncompliance "based upon the failure

of the Defendant to exercise the 'reasonable prudent precautions' required by a reseller with

respect to its suppliers."  Pls.' Opp'n 23.  Just as CARB retains exclusive jurisdiction to

determine formaldehyde-content-based violations, however, so, too, is CARB the sole arbiter of

reasonable-prudent-precaution findings.  As reflected in the settlement agreement, Lumber

Liquidators maintains that it took such precautions, Mem. in Supp. Ex. 3 at 3, ¶ 18, and CARB

agreed to conclude the matter with no admission of liability, *id.* at 4, ¶¶ 18-25.  Plaintiffs cannot

---

[2] Plaintiffs respond by resisting the premise, stating that their claims "do not all hinge on proving an actual ATCM violation."  Pls.' Opp'n 1.  This contention, however, quarrels with the Court's adoption of the notion that "[a]ll twelve counts depend on th[e] assertion" that "Lumber Liquidators sold laminate flooring products that exceeded CARB formaldehyde standards."  Pretrial Order No. 8 (Dkt. 722), at 7 (internal quotation marks omitted).

now manufacture a factual dispute because they are unhappy with CARB's resolution.

In sum, because Plaintiffs cannot present any evidence that Lumber Liquidators products were not CARB compliant, all claims in this case fail as a matter of law.

**II.   Plaintiffs cannot establish Article III standing, which entitles Lumber Liquidators to summary judgment on any claim not concerning the Brandts (Counts I (partial), II-IV, VI-VIII, IX (partial), X (partial), and XII (partial)).**

"[T]he irreducible constitutional minimum of standing contains three elements": (1) "injury in fact—an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of"; and (3) "redress[ability]." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Plaintiffs cannot establish a cognizable injury caused by Lumber Liquidators. *See* Mem. in Supp. 14. Plaintiffs respond that they can do so in two ways: (1) via testimony that had they known "the truth," they would not have purchased Lumber Liquidators products and (2) "by demonstrating that they overpaid." Pls.' Opp'n 21. The first argument fails for reasons discussed in the next section. The second fails on two grounds.

First, on summary judgment, "plaintiffs cannot rest on 'mere allegations' but must offer *evidence* to support standing." *Hummel v. St. Joseph Cty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (quoting *Lujan*, 504 U.S. at 561) (emphasis added). Plaintiffs offer no evidence for their overcharge theory, saying that they "intend to provide" it at class certification. Pls.' Opp'n 22 & n.96. But Plaintiffs' intentions cannot carry their burden. *Envtl. Techs. Council v. South Carolina*, 901 F. Supp. 1026, 1032 (D.S.C. 1995) ("[A]t the summary judgment stage, . . . it is not sufficient for [a party] to simply assert an 'intention to produce evidence' at some future time. Rather, the time is now . . . to come forward with *actual* evidence . . . ." (emphasis in

4

original)), *aff'd sub nom. Envtl. Tech. Council v. Sierra Club*, 98 F.3d 774 (4th Cir. 1996).[3]

Second, multiple courts have held that an overcharge theory, without more, cannot supply Article III standing. For instance, in *Birdsong v. Apple, Inc.*, 590 F.3d 955 (9th Cir. 2009), the plaintiffs asserted that inadequate labeling caused iPods to pose an unreasonable risk of hearing loss. Because they did not allege personal injury and simply speculated about future physical harm to others, they lacked an injury that was either "concrete and particularized" or "actual or imminent." *Id.* at 960-61. As for overcharge, the court expressly held that "the alleged loss in value does not constitute a distinct and palpable injury that is actual or imminent." *Id.* at 961.[4]

*In re iPhone Application Litigation*, 6 F. Supp. 3d 1004 (N.D. Cal. 2013), is on all fours with this case. There, the court held allegations that the plaintiffs overpaid for iPhones by virtue of misrepresentations from Apple insufficient to confer Article III standing on causation grounds, instead requiring "actual reli[ance]." *Id.* at 1015. Also instructive is *Prohias v. Pfizer, Inc.*, 485 F. Supp. 2d 1329 (S.D. Fla. 2007), where the plaintiffs alleged that Pfizer had misrepresented the heart-disease-reducing effects of Lipitor. The court held the plaintiffs' overcharge theory "too speculative to constitute an injury-in-fact under Article III." *Id.* at 1336.[5]

---

[3] Plaintiffs seek shelter in the stay of damages discovery. Pls.' Opp'n 22 n.96. But at present, their overcharge theory goes not to damages, but to standing. The stay, therefore, is irrelevant. And the Court may not defer this issue, for it "must address standing before it addresses the merits" on summary judgment. *Nat'l Cmty. Reinvestment Coal. v. Nat'l Credit Union Admin.*, 290 F. Supp. 2d 124, 131 (D.D.C. 2003); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998).

[4] To be specific, *Birdsong* addressed whether the plaintiffs had statutory standing under the UCL. But the court made clear that the statute incorporates Article III requirements and then decided the issue under those requirements. 590 F.3d at 959-62 & n.4.

[5] Similar cases abound. *See, e.g.*, *District of Columbia ex rel. Walker v. Merck & Co. (In re Vioxx Prod. Liab. Litig.)*, 874 F. Supp. 2d 599, 607 (E.D. La. 2012); *Rikos v. Procter & Gamble Co.*, 782 F. Supp. 2d 522, 531 (S.D. Ohio 2011); *Williams v. Purdue Pharma Co.*, 297 F. Supp. 2d 171, 177 (D.D.C. 2003). The overcharge theory, *Prohias* explained, depended on "the faulty premise that the price of Lipitor fluctuates based on the public's knowledge of Lipitor's benefits"—i.e., that the market for Lipitor is economically efficient—"even though

Plaintiffs oversimplify two cases that they say approved this theory under Article III. *Estrada v. Johnson & Johnson*, No. 2:14-cv-01051-TLN-EFB, 2015 WL 1440466 (E.D. Cal. Mar. 26, 2015), says that a plaintiff "must allege she was deceived, and either paid a premium for the product or would have purchased an alternative product." *Id.* at \*3. *Pirozzi v. Apple Inc.*, 913 F. Supp. 2d 840 (N.D. Cal. 2012), also required more than overcharge. *See id.* at 846-47 (dismissing claims because the plaintiff did not "allege specifically which statements she found material to her decision to purchase"). Here, Plaintiffs argue that evidence of overcharge is itself sufficient, even absent personal deception or reliance. *Estrada* and *Pirozzi* say otherwise.

Plaintiffs (besides perhaps the Brandts) lack standing to proceed with their claims.[6]

### III. Plaintiffs fail to refute Lumber Liquidators' entitlement to summary judgment on the California consumer-protection claims (Counts II-IV).

All three California consumer-protection statutes at issue—the Unfair Competition Law (UCL), the False Advertising Law (FAL), and the Consumer Legal Remedies Act (CLRA)—contain reliance requirements, and there is no genuine dispute that Plaintiffs cannot meet them. *See* Mem. in Supp. 14-18. Indeed, Plaintiffs concede that only the Brandts testified to having seen or heard a representation concerning formaldehyde before purchasing their flooring. Not a single Plaintiff saw the CARB label on the product packaging at that time. Consequently, any claim turning on affirmative misrepresentations indisputably fails and is subject to summary judgment. And, for reasons that follow, any claim turning on omissions likewise falls short.

---

drug prices . . . are fixed by the product's manufacturer." 485 F. Supp.2d at 1337. Even if market efficiency obtained, the court said, determining "the *hypothetical* price at which Lipitor would sell if not for the allegedly misleading advertisements" would be "too speculative to be the premise of an 'actual injury' under Article III." *Id.* (emphasis in original).

[6] Additionally, Laura Washington lacks standing because she suffered no concrete and particularized injury. Her claims rest on economic harm, but she did not spend any money on the flooring. *See* Mem. in Supp. 14. Given Plaintiffs' utter failure to respond to this argument, Lumber Liquidators is entitled to summary judgment on all of Laura Washington's claims.

### A.      Plaintiffs do not dispute that any presumption of reliance is subject to rebuttal on summary judgment.

On summary judgment, a defendant can rebut any presumption of reliance arising from a representation's materiality.  *See* Mem. in Supp. 15-17.  Plaintiffs make no contrary contention.

### B.      The record rebuts any presumption of reliance.

Plaintiffs concede that the FAL *does* require individual reliance on an affirmative misrepresentation, Pls.' Opp'n 16, but they offer no argument that any of the California Plaintiffs can satisfy this element.  Lumber Liquidators is therefore entitled to summary judgment on Count III.  Plaintiffs also admit that the UCL and CLRA require reliance.  They state, however, that "for an omissions-based claim, that only means showing that the defendants' nondisclosure was an immediate cause of the plaintiff's injury."  Pls.' Opp'n 16 (citing *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015)).  They later state that their overcharge theory establishes the requisite causation under these statutes.  *Id.* at 22.[7]

Plaintiffs cut California law off at the knees.  In *Daniel*, the Ninth Circuit referenced "the plaintiff's injury-producing *conduct*" and then explained that a plaintiff must show "'that, had the omitted information been disclosed, [he or she] *would have been aware of it and behaved differently*.'"  806 F.3d at 1225 (quoting *Mirkin v. Wasserman*, 858 P.2d 568, 574 (Cal. 1993)) (emphases added).  Behaving differently means that the plaintiff "would not, in all reasonable probability, have entered into the transaction."  *Cadlo v. Owens-Illinois*, Inc., 23 Cal. Rptr. 3d 1, 5 (Cal. Ct. App. 2004); *see also In re Tobacco II Cases*, 207 P.3d 20, 39 (Cal. 2009).  The other

---

[7] Plaintiffs say that Lumber Liquidators treats their claims as requiring individual reliance on affirmative misrepresentations and has therefore waived summary judgment with respect to omissions.  Pls.' Opp'n 16-18.  That is not true.  Lumber Liquidators addressed Plaintiffs' omission theory regarding formaldehyde content at length.  *See* Mem. in Supp. 19-24.  Moreover, Lumber Liquidators did not limit its other arguments to affirmative misrepresentations, instead discussing misrepresentations generally, a category that includes negative misrepresentations—to wit, omissions.  *See, e.g.*, *id.* at 15-18.

cases that Plaintiffs say addressed UCL/CLRA causation did not.  *See* Pls.' Opp'n 22.[8]

Plaintiffs cannot satisfy these rules.  They did not care about formaldehyde in their flooring until Anderson Cooper said that they should.  With the arguable exception of the Brandts, none even considered formaldehyde when selecting flooring.  At the time, most were not even aware that laminate contains formaldehyde.  None has ever made another purchasing decision based on formaldehyde content.  And, even after seeing *60 Minutes*, most have continued to use their flooring just as they otherwise would have.  That is not reliance.

Plaintiffs' CLRA count does not refer to omissions, rendering summary judgment appropriate.  *See* Compl. ¶¶ 183-93.  In any event, Plaintiffs fail both prongs of the *Mirkin* standard.  They offer no evidence that "had the omitted information been disclosed, [they] would have been aware of it," *Mirkin*, 858 P.2d at 574, and their obliviousness to any issue surrounding formaldehyde at the time of purchase indicates the opposite.  Instead, Plaintiffs try to shift their burden to Lumber Liquidators, arguing that "Defendant cannot show indisputable evidence the Plaintiffs would not have learned of the safety-related information and acted differently."  Pls.' Opp'n 20.  That is not how summary judgment—or anything in the legal system—works.

As to behaving differently, *see Mirkin*, 858 P.2d at 574, Plaintiffs point only to isolated snippets of their testimony for the proposition that "each would not have purchased the flooring had they known of safety risks, high formaldehyde levels, or state agency investigations."  Pls.' Opp'n 17.  This misstates the record as to certain members of couples and, in a dispositive manner, as to both of the Washingtons.[9]  As to all Plaintiffs, "unsupported speculation" is

---

[8] The first pertained to the RICO statute.  *Negrete v. Allianz Life Ins. Co.*, 287 F.R.D. 590, 606-07 (C.D. Cal. 2012).  And the second is an incorrect application of Article III.  *Khoday v. Symantec Corp.*, Civ. No. 11-180 (JRT/TNC), 2014 WL 1281600, at *34 (D. Minn. Mar. 13, 2014) (relying on statutory and class-certification standing analyses, which are inapposite).

[9] Plaintiffs say—and the record reflects—that Lila testified only that "she looks at

"insufficient to overcome summary judgment." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996). Consequently, "mere conclusory assertions, unsupported by specific facts, made in depositions . . . are not sufficient to defeat a proper motion for summary judgment." *MCI Telecommc'ns Corp. v. Ameri-Tel, Inc.*, 881 F. Supp. 1149, 1155 (N.D. Ill. 1995)). "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). That is precisely what Plaintiffs do here, invoking "threadbare conclusory recitals" by way of ipse dixit. *Brod v. Sioux Honey Ass'n, Coop.*, 927 F. Supp. 2d 811, 828 (N.D. Cal. 2013) (disregarding allegation that the plaintiff "would not have purchased" something as conclusory), *aff'd*, 609 F. App'x 415 (9th Cir. 2015); *see Treadaway v. Damon Corp.*, No. 03-CV-72650-DT, 2004 WL 3372010, at *11 (E.D. Mich. Sept. 30, 2004) (same).

Again, *iPhone* is on point. The court rejected declarations stating that the plaintiffs had held understandings that Apple would protect their personal information from disclosure (the subject of the alleged misrepresentations). This was inadequate to establish reliance for both Article III and UCL/CLRA standing, the court held, because the plaintiffs did not "provid[e] any evidence whatsoever concerning the basis for this understanding." 6 F. Supp. 3d at 1019-20.

Summary judgment is appropriate on Plaintiffs' California consumer-protection claims.[10]

---

product labels and tries to avoid purchasing products that may exacerbate respiratory issues" and that Laura "similarly seeks to avoid products that may have harmful health effects." Pls.' Opp'n 14, ¶ 43. These generalized sentiments cannot carry Plaintiffs' burden. To conclude that Lila or Laura would not have purchased laminate flooring from Lumber Liquidators had they weighed information concerning formaldehyde content against all other relevant factors, the Court would have to engage in the forbidden act of "building . . . one inference upon another." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

[10] Summary judgment is particularly justified on any UCL claim resting on Proposition 65 or the California "Greenwashing" Statute. *See* Compl. ¶¶ 168, 170. Plaintiffs do not respond

**IV.    Plaintiffs fail to refute Lumber Liquidators' entitlement to summary judgment on the others states' consumer-protection claims (Counts V-VIII).**

Plaintiffs also sued Lumber Liquidators under the Florida Deceptive and Unfair Trade Practices Act (DUTPA), New York General Business Law  (GBL) § 349 *et seq.*, the Texas Deceptive Trade Practices Act (DTPA), and the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA).  These claims come up short on multiple measures, *see* Mem. in Supp. 18-19, including for lack of materiality, as addressed in a subsequent section.

As with California's FAL, Plaintiffs concede that "[a]ctual reliance on an affirmative misrepresentation is . . . essential for claims under the Texas [DTPA]," Pls.' Opp'n 16, yet venture no argument that the Texas Plaintiffs can satisfy this element.  Accordingly, Lumber Liquidators is entitled to summary judgment on Count VII.[11]

Plaintiffs next cite cases stating that the remaining statutes do not require reliance.  But Lumber Liquidators did not say that they do, instead noting that Illinois and New York "require personal deception" because each Plaintiff must have been duped, which is "[s]imilar" to reliance.  Mem. in Supp. 18.  Specifically, "to prevail in a cause of action under [GBL] §§ 349 and 350, the plaintiff must prove that [he or she] was deceived by [the defendant's] misrepresentations or omissions and that as a result the plaintiff suffered injury."  *Solomon v. Bell Atl. Corp.*, 777 N.Y.S.2d 50, 55 (N.Y. App. Div. 2004).  Illinois law is the same.  *See Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 164 (Ill. 2002).[12]

Plaintiffs' citations do not undermine these principles: indeed, Plaintiffs admit that an

---

to Lumber Liquidators' arguments regarding those provisions.  *See* Mem. in Supp. 18 n.3.

[11] Apparently confused about the meaning of "essential," Plaintiffs proceed to state that breach of an implied warranty provides an alternative avenue to Texas DTPA liability.  Pls.' Opp'n 16 n.92.  But Plaintiffs' implied-warranty claims fail on the grounds discussed below.

[12] Even if Florida law allows something less, Plaintiffs' DUTPA claim falls short for lack of unlawful conduct, at least.  *See* Mem. in Supp. 18.

Illinois claim cannot rest on mere overcharge.  Pls.' Opp'n 22 n.95.  As for New York, they rely on a single decision that they say validated this theory, *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014).  But *Ebin*, a class-certification case, discussed not whether the plaintiffs could fulfill the causation element, but whether they had alleged a classwide injury.  *See id.* at 568-69.  Furthermore, *Ebin* cited no supporting case law.  A mass of precedent confirms that New York requires personal deception.[13]

Plaintiffs could not have been personally deceived for the same reasons that they did not rely on Lumber Liquidators' alleged misrepresentations.  They were altogether ignorant of and indifferent to the issue of formaldehyde in laminate flooring at the time of purchase.  They could not have been duped by anything that Lumber Liquidators did or did not say on that issue.

The record warrants summary judgment on all of Plaintiffs' consumer-protection claims.

**V.    Plaintiffs fail to refute Lumber Liquidators' entitlement to summary judgment on the fraudulent-concealment claims (Count I).**

Plaintiffs' fraudulent-concealment claims fail on multiple elements, including reliance and causation.  They also fail because the omissions to which Plaintiffs point were not material as a matter of law and because Lumber Liquidators had no disclosure obligations beyond any imposed by the ATCM.  *See* Mem. in Supp. 19-24.  And at the threshold, these claims fail because Plaintiffs impermissibly attempt to transmute the allegations in the Complaint.

---

[13] *See, e.g.*, *In re Clorox Consumer Litig.*, 301 F.R.D. 436, 447 (N.D. Cal. 2014); *Pillar v. Takhar Grp. Collection Servs.*, Ltd., No. 12-CV-355A SR, 2012 WL 6209755, at *3 (W.D.N.Y. Nov. 21, 2012), *report and recommendation adopted*, No. 12-CV-355A, 2012 WL 6209114 (W.D.N.Y. Dec. 13, 2012); *Hooks v. Forman Holt Eliades & Ravin LLC*, No. 11 CIV. 2767 LAP, 2012 WL 3322637, at *8 (S.D.N.Y. Aug. 13, 2012), *vacated on other grounds*, 717 F.3d 282 (2d Cir. 2013); *Sweringen v. N.Y. State Dispute Resolution Ass'n*, No. 1:05-CV-428(NAM/DRH), 2010 WL 572204, at *4 (N.D.N.Y. Feb. 16, 2010); *Pelman v. McDonald's Corp.*, 272 F.R.D. 82, 92 (S.D.N.Y. 2010); *Newman v. RCN Telecom Servs., Inc.*, 238 F.R.D. 57, 77 (S.D.N.Y. 2006).

### A.    Plaintiffs improperly shift the alleged omissions on which their claims rest.

In Count I of the Complaint, Plaintiffs identify the omission in question as follows: "Lumber Liquidators concealed and suppressed material facts concerning the content of formaldehyde in its Chinese-made laminate flooring products."  Compl. ¶ 158; *see also id.* ¶¶ 159, 161.  All other descriptions of alleged omissions follow the same contours.  *See id.* ¶¶ 13, 51, 54, 60, 149, 150, 151(e), 169, 197, 207-08, 211, 223, 230-31, 235.

Now, however, Plaintiffs say that Lumber Liquidators was actually obliged to disclose all of the following allegations:



Pls.' Opp'n 18; *see also id.* at 17.

None of these claims appeared in the Complaint, so Plaintiffs may not state them now. "A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment."  *Shanahan v. City of Chic.*, 82 F.3d 776, 781 (7th Cir. 1996). Allowing this would defeat the notice function of the federal pleading rules by forcing parties to shoot at a moving target.  *See Barclay White Skanska, Inc. v. Battelle Mem'l Inst.*, 262 F. App'x 556, 563 (4th Cir. 2008) (collecting cases).  This is especially true as to the claims at issue here, which are subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b). Plaintiffs' new claims, therefore, are improper, and the Court should disregard them.

Before doing so, however, it bears briefly noting that the new omissions theories are

flawed for numerous additional reasons.  For example, a company involved in a dialogue with a state agency after receiving a letter of inquiry has no legal duty to tell consumers about the investigation.  *See In re Lions Gate Entm't Corp. Sec. Litig.*, No. 14-CV-5197 (JGK), 2016 WL 297722, at *8 (S.D.N.Y. Jan. 22, 2016). ██████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████  In short, Lumber Liquidators was not obligated to disclose inflammatory, unsupported allegations conjured by lawyers long after the fact.  *Cf. Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1277 (D.C. Cir. 1994) (declaring "the use of a particular pejorative adjective . . . immaterial as a matter of law").

Plaintiffs contend that ATCM compliance is irrelevant to their concealment claims, Pls.' Opp'n 17, but they are wrong.  The Complaint directly draws just such a connection by referencing CARB standards or unlawful formaldehyde levels with respect to omissions.  *See* Compl. ¶¶ 13, 51, 54, 60, 149, 150, 169, 197, 207-08, 211, 223, 230, 231, 235.  The only law governing formaldehyde in consumer products anywhere in the country is the ATCM, and the only entity that can determine ATCM compliance is CARB, which has not declared a violation here.  There is no other legal obligation to disclose formaldehyde content.  Moreover, any suggestion that Lumber Liquidators concealed a safety defect is misleading.  *See, e.g.*, *id.* at 5, ¶ 13.  Even if a product exceeds CARB standards, it is not necessarily unsafe.  Here, the Consumer Product Safety Commission concluded that Lumber Liquidators' Chinese laminate products do not pose a substantial health hazard and declined to institute a mandatory product

recall.  *See* U.S. Consumer Prod. Safety Comm'n, Release Number: 16-198, http://www.cpsc. gov/en/Recalls/2016/Lumber-Liquidators-Laminate-Flooring/ (last visited Aug. 31, 2016).

A.      **Plaintiffs have not established a material dispute regarding duty to disclose.**

Each of the states at issue requires a defendant to disclose material facts only where it has a well-defined duty to do so.  Lumber Liquidators had no duty to disclose anything regarding formaldehyde content in Florida, Illinois, Texas, or New York.  *See* Mem. in Supp. 22-23.

In Florida, a duty to disclose arises only "when one party has information that the other party has a right to know because of a fiduciary or other relation of trust or confidence between them."  *TransPetrol, Ltd. v. Radulovic*, 764 So. 2d 878, 879-80 (Fla. Dist. Ct. App. 2000) (internal quotation marks omitted).  Illinois follows the same rule.  *See Miller v. William Chevrolet/GEO, Inc.*, 762 N.E.2d 1, 13 (2001).  Plaintiffs do not dispute this standard and do not argue that they can satisfy it.  Accordingly, summary judgment is warranted on these claims.[14]

The Texas Supreme Court has likewise held that "[g]enerally, no duty of disclosure arises without evidence of a confidential or fiduciary relationship."  *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998).  Plaintiffs do not argue that any such relationship existed here, nor could they.  Instead, they cite *Hoffman v. AmericaHomeKey, Inc.*, 23 F. Supp. 3d 734 (N.D. Tex. 2014), which noted that "some courts have recognized" a broader disclosure obligation and then held the complaint inadequate even under the expanded formulation.  *Id.* at 744-45 (citing *Hoggett v. Brown*, 971 S.W.2d 472, 487 (Tex. Ct. App. 1997)).  In *Bradford v. Vento*, 48 S.W.3d 749 (Tex. 2001), however, the Texas Supreme Court explicitly noted that *Hoggett* oversteps

---

[14] Curiously, Plaintiffs say that Lumber Liquidators' observation that the Brandts could arguably establish a genuine dispute as to causation precludes summary judgment on their Florida concealment claim.  Pls.' Opp'n 22.  But, of course, duty and causation are separate elements, and summary judgment is appropriate if either fails.

precedent and declined to adopt its rule.  *Id.* at 755-56.  *Hoffman* fails to account for this conflict, notwithstanding the Fifth Circuit's extended discussion in *United Teacher Associates Insurance Co. v. Union Labor Life Insurance Co.*, 414 F.3d 558 (5th Cir. 2005).  There, the court explained that "[a] reasonable jurist might well conclude, certainly after *Bradford*, that a duty to disclose exists in Texas only in the context of a confidential or fiduciary relationship. This court has so held in [*Coburn Supply Co., Inc. v. Kohler Co.*, 342 F.3d 372, 377-78 (5th Cir. 2003)], the only Fifth Circuit case that discusses the relevant portion of *Bradford*."  *Id.* at 566.

Finally, for New York, Plaintiffs do not attempt to pass the test set forth in *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993), nor could they.  Rather, they rely on *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 647 N.E.2d 741, 745 (N.Y. 1995), to argue that New York requires a seller to disclose material information in its exclusive possession.  That case, however, involved a "single cause of action," under GBL § 349.  *Id.* at 744.  The court did not address common-law concealment.

Lumber Liquidators had no duty to disclose in Florida, Illinois, Texas, or New York.

**B.  Plaintiffs have not established a genuine dispute regarding materiality.**

Materiality requires that a reasonable consumer would "'attach importance'" to the matter in question "'in determining his choice of action in the transaction.'"  *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2002-03 (2016) (quoting Restatement (Second) of Torts § 538).  Plaintiffs agree.  Pls.' Opp'n 19.  And as the Restatement makes clear, reasonable in this context means "ordinary" and "normal"—that is, not "idiosyncra[tic]."  Restatement (Second) of Torts § 538 cmts. d, f.  Consumers must, therefore, commonly attach importance to the matter in question.  *See* Mem. in Supp. 21-22.

Plaintiffs do not offer any evidence that consumers commonly attach importance to the

amount of formaldehyde in laminate flooring.  At most, they point to evidence that they claim

shows that Lumber Liquidators and Plaintiffs themselves do.  Pls.' Opp'n 19-20.[15]  Plaintiffs'

testimony, which is based on hypotheticals and contradicted by their pre-purchase behavior, is

insufficient for the same reasons as to reliance.  It is also irrelevant, for materiality is not

subjective.  *See Brod*, 927 F. Supp. at 829.  The fact that only one state regulates in this area

indicates that formaldehyde levels do not affect consumer purchasing decisions in an objectively

material way.  So, too, does the fact that, despite formaldehyde's presence in a myriad of home

goods from deodorant to wallpaper, consumers do not receive information about formaldehyde

levels in those products.  Plaintiffs' omission theory, as pleaded, would subject all sellers of all

products containing formaldehyde to a blanket disclosure duty.  *See* Mem. in Supp. 20-21.[16]

 The Court should grant summary judgment on the fraudulent-concealment claims.

## VI. Plaintiffs fail to refute Lumber Liquidators' entitlement to summary judgment on the remaining negligent-misrepresentation claim (Count XI).

 The only negligent-misrepresentation claim that survived Lumber Liquidators' Motion to

Dismiss was the Brandts'.  Because, at a minimum, Plaintiffs fail to offer any evidence that

---

[15] It bears noting that Lumber Liquidators decided to stop selling Chinese laminate products to avoid market confusion, not because of noncompliance with CARB standards.  *See* Lumber Liquidators, Lumber Liquidators Announces Fourth Quarter and Full Year 2015 Financial Results, http://investors.lumberliquidators.com/2016-02-29-Lumber-Liquidators-Announces-Fourth-Quarter-And-Full-Year-2015-Financial-Results (last visited Aug. 31, 2016).

[16] Plaintiffs do not dispute that courts may decide materiality as a matter of law.  *See* Mem. in Supp. 22 n.4.  Nevertheless, they nitpick that Lumber Liquidators did not provide any citations applying this rule.  Pls.' Opp'n 19 n.93.  Such cases are readily available.  *See, e.g.*, *Avon Hardware Co. v. Ace Hardware Corp.*, 998 N.E.2d 1281, 1289-90 (Ill. Ct. App. 2013).  Indeed, courts in the Fourth Circuit regularly apply this principle in the securities-fraud context, which involves substantially the same conception of materiality.  *See, e.g.*, *Greenhouse v. MCG Capital Corp.*, 392 F.3d 650, 653 (4th Cir. 2004); *Marsh Grp. v. Prime Retail, Inc.*, 46 F. App'x 140, 146 (4th Cir. 2002); *Hillson Partners Ltd. P'ship v. Adage, Inc.*, 42 F.3d 204, 213 (4th Cir. 1994); *Raab v. Gen. Physics Corp.*, 4 F.3d 286, 289 (4th Cir. 1993); *In Re PEC Sols. Sec. Litig.*, No. 03-CV-331, 2004 WL 1854202, at *7, *9 (E.D. Va. May 25, 2004), *aff'd sub nom. In re PEC Sols., Inc. Sec. Litig.*, 418 F.3d 379 (4th Cir. 2005); *Krim v. Coastal Physician Grp., Inc.*, 81 F. Supp. 2d 621, 627-30 (M.D.N.C. 1998), *aff'd*, 201 F.3d 436 (4th Cir. 1999).

CARB even tested, let alone declared a violation for, St. James Burnet Russet 12 mm laminate flooring, the Brandts cannot establish any misrepresentation.  *See* Mem. in Supp. 24.

## VII.  Plaintiffs fail to refute Lumber Liquidators' entitlement to summary judgment on the implied-warranty and Magnuson-Moss claims (Counts IX and X).

A plaintiff may premise a Magnuson-Moss claim on the violation of a "written warranty," as defined by the statute, or a state-law implied warranty.  As for the former, the CARB label—which reads "CARB [number] CALIFORNIA 93120 PHASE 2 Compliant for Formaldehyde"—is not a "written affirmation of fact or written promise" and does not contain the requisite temporal element.  15 U.S.C. § 2301(6)(A).  It is a mere product description, which multiple courts have held insufficient to trigger liability.  Additionally, a supplier purchase order to which the Complaint points cannot support a consumer claim.  *See* Mem. in Supp. 25-27. Plaintiffs now state that they "are not advancing a claim premised upon a written warranty for the reasons noted by Defendant."  Pls.' Opp'n 28.  They have consequently abandoned this claim, rendering summary judgment appropriate.

As for an implied warranty, Plaintiffs now limit their theory to alleging that the CARB label violated U.C.C. § 2-314(2)(f), which provides that the implied warranty of merchantability pledges that goods "conform to the promises or affirmations of fact made on the container or label."  Pls.' Opp'n 28-29.  This, too, is an abandonment, as the Complaint premises implied-warranty claims on multiple other bases, including fitness for ordinary use.  *See* Compl. ¶¶ 242-44, 256.  And having just conceded that the label does not constitute an affirmation or promise as to a written warranty, Plaintiffs cannot contend the opposite as to an implied warranty.  The logic by which courts have excluded product descriptions from the Magnuson-Moss definition of a written warranty applies with equal force here.  *Cf. Strumlauf v. Starbucks Corp.*, Case No. 16-cv-01306-TEH, 2016 WL 3361842, at *4 (N.D. Cal. June 17, 2016) (disregarding as

"farfetched" a "claim that the description on the Starbucks menu of the fluid ounces associated with each size amounts to 'promises or affirmations of fact made on the container or label'").

Plaintiffs' implied-warranty and Magnuson-Moss claims fail as a matter of law.

**VIII.    Plaintiffs concede that Lumber Liquidators is entitled to summary judgment on the declaratory-relief claim (Count XII).**

Summary judgment on the declaratory-relief claim is appropriate for seven independent reasons. *See* Mem. in Supp. 28-30. Plaintiffs respond to two (at most) by incorrectly asserting that CARB has declared an ATCM violation here. *See* Pls.' Opp'n 28. They then acknowledge that their own claim is probably moot. *Id.* Count XII fails as a matter of law.

**IX.**    ██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████





**CONCLUSION**

For the foregoing reasons and those stated previously, Lumber Liquidators respectfully

requests that the Court grant summary judgment in its favor on all claims in the Complaint—or,

alternatively, on particular claims or issues as warranted, *see* Fed. R. Civ. P. 56(g).

DATED:  August 31, 2016                   Respectfully submitted,

                                          LUMBER LIQUIDATORS, INC.
                                          By Counsel

                                          */s/ Diane P. Flannery*

Diane P. Flannery (VSB No. 85286)
E-mail: dflannery@mcguirewoods.com
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
804.775.1015 (Telephone)
804.698.2047 (Facsimile)
*Defendant's Co-Lead Counsel*

/s/ William L. Stern
William L. Stern (Pro Hac Vice)
E-mail: wstern@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
415.268.7000 (Telephone)
415.268.7522 (Facsimile)
*Defendant's Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2016, a true and correct copy of the foregoing was filed electronically with the clerk of this Court using the CM/ECF system, and in accordance with Local Rules and the procedures adopted in the Initial Order and Pretrial Order No. 1A. This filing will cause a copy of the same to be served, via a Notice of Electronic Filing, upon all counsel of record in this matter.  I also hereby certify that, on the same day, a true and correct copy of the foregoing was served by U.S. Mail upon the remaining unrepresented party, listed below:

**Karriem v. Lumber Liquidators, Inc.,** No. 1:15-cv-2765
**Elijah Karriem (*pro se*)**
1404 Asbury Court
Hyattsville, MD 20782

*/s/ Diane P. Flannery*
Diane P. Flannery, Esq. (VSB No. 85286)
E-mail: dflannery@mcguirewoods.com
McGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
804.775.1015 (Telephone)
804.698.2047 (Facsimile)
*Defendant's Co-Lead Counsel*