IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE: LUMBER LIQUIDATORS CHINESE-  )
MANUFACTURED FLOORING PRODUCTS      )
MARKETING, SALES PRACTICES AND      )     MDL No. 1:15-md-2627 (AJT/TRJ)
PRODUCTS LIABILITY LITIGATION       )
                                    )

**This Document Relates to ALL Cases**

### FIRST SUPPLEMENTAL RULE 16(B) ORDER

This Order applies to each plaintiff who has asserted or hereafter asserts a claim against Defendant involving any personal injury to that plaintiff or the plaintiff's minor, ward, etc. (hereafter "Personal Injury Plaintiff").

1. <u>Claims Already Pled.</u>  Any Personal Injury Plaintiff who is now named as a plaintiff in any action in this MDL but was omitted from the Report docketed as ECF no. 1164 shall move for inclusion in that list within 14 days.  No response by Defendant is needed.

2. <u>Claims Not Yet Pled.</u>  All additional Personal Injury Plaintiffs' claims shall be pled by amending complaints in actions already before this Court, to add new claims by existing parties and/or add new parties.  (The Court finds that permissive joinder is appropriate under Fed.R.Civ.P. 20[a][1]).  The deadline for amending complaints to add all previously unpled personal injury claims in any action in this MDL, *whether by parties already before the Court or by new plaintiffs,* is January 23, 2018.  Motions to extend that deadline will be disfavored, and lack of adequate preparation time will not be considered good cause as to any presently known claim.  Counsel shall proceed as follows:

      a.    Each amended complaint shall organize the separate claims and prayers for relief of each Personal Injury Plaintiff (or group thereof, e.g. family members) into separate, labeled sections of the pleading (e.g. "VII.  Mary and John Smith's Claims").

      b.    Leave is hereby granted to plaintiffs' counsel in any action in this MDL to file such an amended complaint without a supporting motion, and Defendant shall plead or move in response to each such amended complaint within 21 days.

      c.    Lead Personal Injury Counsel shall collect, for all Personal Injury Plaintiffs who appear as a result of subsections 1 and 2 above, the same information as shown in the list in ECF no. 1164, and shall promptly file a supplemental consolidated Report that reflects this data for all Personal Injury Plaintiffs.

3.    Every current Personal Injury Plaintiff, whether or not previously omitted from the No. 1164 list, who has not served a Supplemental Medical Fact Sheet and Executed Authorization for Release of Medical Records (see ECF no. 1163-4), shall do so within 14 days after entry of this Order.

4.    Every Personal Injury Plaintiff whose claim will be first pled in an amended complaint shall serve a Supplemental Medical Fact Sheet and Executed Authorization for Release of Medical Records (see ECF no. 1163-4) within seven days after his or her amended complaint is filed.

5.    At the Court's direction, defendant has filed interrogatories  (ECF no. 1240) and document requests and requests for entry upon land (ECF no. 1241) directed to "All Personal Injury Plaintiffs."   They are substantially identical to the demands already served on the plaintiffs listed in ECF no. 1164.  Every previously omitted Personal Injury Plaintiff shall serve objections to ECF nos. 1240 and 1241 within 14 days after entry of this Order and responses

within 21 days after entry of this Order. Every Personal Injury Plaintiff whose claim is first pled in an amended complaint shall serve objections to ECF nos. 1240 and 1241 within 7 days after the amended complaint is filed and responses within 14 days after the amended complaint is filed.

6.  Within 60 days after entry of this Order, each Personal Injury Plaintiff, no matter when his or her claim was pled, shall deliver to Defendant's Counsel a report (which may be in letter or other form) from a treating physician or other qualified expert that sets forth to a reasonable degree of medical certainty the following:

   a.  That Personal Injury Plaintiff's specific illness(es) or condition(s) diagnosed or observed by the expert that are related to that Personal Injury Plaintiff's allegations against Defendant;

   b.  The date, at least by month and year, when the expert believes to a reasonable degree of medical or scientific certainty that Personal Injury Plaintiff first developed the illness(es) or condition(s) alleged by that Personal Injury Plaintiff (and, if the expert did not first diagnose an injury, then the identity of the medical provider who did);

   c.  The information communicated by that Personal Injury Plaintiff (or other identified source) about date, amount, and duration of exposure to Defendant's flooring, manner of exposure, and exposure pathway on which the expert relied in forming his or her opinion;

   d.  If the expert believes to a reasonable degree of medical or scientific certainty that exposure to formaldehyde caused that Personal Injury Plaintiff's illness or condition, then a statement to that effect and the bases for that opinion. (The absence of

such an opinion is not an issue at this stage, but Defendant is entitled to know if that opinion has been formed.)

The Court has found it appropriate to require production of these reports for purposes of early discovery and MDL case management, and they are distinct from the Rule 26(a)(2) discovery process. Experts whose reports are produced pursuant to this section and who are not treating physicians may not be deposed on their reports without leave of Court for good cause shown except where the expert also submits a Rule 26(a)(2) report. Experts who are treating physicians may not be deposed before the deadline for service of plaintiffs' Rule 26(a)(2) reports.

7. All plaintiffs' Rule 26(a)(2) expert reports on all issues are due on April 17, 2018. Defendant's reports on all issues are due on May 17, 2018. Any plaintiffs' rebuttal reports are due on May 31, 2018.

8. Counsel's attention is called to paragraphs 6-9 of Pretrial Order No. 7 (ECF no. 603).

January 3, 2018
Alexandria, Virginia

                                                                  /s/
                                          THOMAS RAWLES JONES, JR.
                                          UNITED STATES MAGISTRATE JUDGE