# IN THE UNITED STATE DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED FLOORING PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL Case No.: 1:15-MD-02627 (AJT/TRJ) <br><br> Individual Case No.: 1:17-cv-02083-AJT-TRJ <br><br> Judge: Anthony J. Trenga |
| GEORGE SANCHEZ, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> LUMBER LIQUIDATORS, INC. ET AL., <br><br> Defendants. | Magistrate: T. Rawles Jones, Jr. <br><br> **PLAINTIFFS GEORGE AND MARIA SANCHEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL** <br><br> Zachary J. Murry (OH Bar No. 0087421) <br> **BARKAN & ROBON LTD.** <br> 1701 Woodlands Drive <br> Suite 100 <br> Maumee, Ohio 43537 <br> Phone: (419) 897-6500 <br> Fax: (419) 897-6200 <br> Email: zmurry@barkan-robon.com <br><br> D. Margeaux Thomas <br> The Thomas Law Office PLC <br> 1750 Tysons Boulevard, <br> Suite 1500 <br> Tysons Corner, Virginia 22102 <br> Phone: (703) 957-2577 <br> Fax: (703) 957-2578 <br> Email: mthomas@thomaslawplc.com <br><br> *Attorneys for Plaintiffs* <br> *George and Maria Sanchez* |

Plaintiffs George Sanchez and Maria Sanchez, by and through undersigned counsel hereby file their Memorandum in Opposition to the Defendant's Motion to Compel (ECF Doc. No. 1258). In support of their cause, Plaintiffs state as follows:

## I.    INTRODUCTION

Defendant's Motion and accompanying Memorandum (ECF Doc No. 1259) entreat this Court to issue an Order compelling Plaintiff Sanchez, and other personal injury Plaintiffs, to amend their respective Supplemental Plaintiff Fact Sheets ("PFS") in order to address alleged deficiencies in the responses as well as in the documents produced therewith. While undersigned counsel cannot comment on the veracity of the claims made as to the other personal injury Plaintiffs, Defendant's assertions as they relate to Plaintiff Sanchez's case are both disingenuous and inaccurate in every regard. Defendant's Motion relies on four (4) assertions as to Mr. Sanchez's allegedly deficient responses to his Supplemental PFS:

1. Mr. Sanchez's Supplemental PFS failed to identify a Dr. Gary W. Meade, MD as a provider in response to Question 5;

2. At the time the Supplemental PFS was served, Plaintiff provided medical records from 2012, as opposed to 2007;

3. "Plaintiff refused to provide a timely response and has not asked for an extension of time to respond"; and

4. Plaintiff did not provide a "sworn verification that [he has] searched for and produced all responsive documents."

As to each claim, the actual facts portray a markedly different narrative than the one advanced by Defendant's Motion. Moreover, in filing its Motion to Compel, Defendant failed to adhere to the

express requirements of USDC EDVA Local Civil Rule 37(E).  Accordingly, the Court should deny Defendant's Motion in its entirety as it relates to Plaintiff George Sanchez.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs George and Maria Sanchez's original Complaint was filed in the U.S. District Court for the Northern District of Ohio on March 1, 2017.  The basis for Plaintiffs' claims is that his exposure to the formaldehyde gas emitted by Defendant's flooring products caused him to suffer ulcerated erosions on his upper arms, abdomen, and legs as well as urticarial lesions on his buttocks and trunk.  On April 10, 2017, Plaintiffs' case was transferred to this proceeding pursuant to a Conditional Transfer Order issued by the United States Judicial Panel on Multidistrict Litigation.  On May 17, 2017, in compliance with this Court's Orders, Plaintiff submitted an initial Plaintiff Fact Sheet that fully described Plaintiffs' injuries and produced medical records as far back as 2012.  A copy of George Sanchez's initial PFS is filed herewith as Exhibit 1.

On September 6, 2017, Magistrate Judge Jones ordered that each personal injury plaintiff serve a sworn Supplemental PFS on the Defendant that provided additional information related to the plaintiffs' respective personal injury claims. (ECF Doc. No. 1202).  Plaintiff's Supplemental PFS, which provided all requested information, was served on Defendant's counsel on September 21, 2017.[1]  A copy of the Supplemental PFS is attached hereto as Exhibit 2.  Contemporaneous therewith, Plaintiffs provided all medical records in their possession custody and control as well as numerous photographs of Mr. Sanchez's injuries and all other documentation then-available that was relevant in any way to their claims.

---

[1] Mr. Sanchez was unable to execute the document until that day.  Counsel served it on Defendant the same day that it was executed and worked amicably with defense counsel to resolve the issue of the three (3) day delay.

On January 5, 2018, counsel received the Letter identified as Exhibit I to Defendant's Memorandum in Support of their Motion to Compel. Counsel, who was returning from a series of out-of-town depositions, contacted attorney Robert Redmond via telephone within a half hour of receiving the letter via electronic mail. A screenshot from counsel's phone showing the details of the call is attached hereto as Exhibit 3. During the call counsel explained that additional medical records were being gathered but had not yet been received. Counsel further suggested, as Plaintiff would be responding to Defendant's written discovery requests by or before January 19, 2018, that any issues could be held in abeyance pending Plaintiffs' responses to those requests. Attorney Redmond stated that he did not disagree with that approach and counsel believed the matter resolved.

On January 19, 2018, Plaintiffs' served their responses to Defendant's written discovery requests. Included in that production was a sworn verification of Mr. Sanchez that he had "searched for and produced all responsive documents"---i.e. exactly the verification that Defendant sought in its instant motion. A copy of the verification is filed herewith as Exhibit 4. Counsel also believes that a HIPAA-compliant medical authorization, executed by Mr. Sanchez was also produced to Defendant at that time.[2]

In spite of Plaintiffs' efforts to fully comply with their obligations under the Supplemental PFS, on January 23, 2018, Defendant filed the instant Motion. As noted above, their most notable contention as to Plaintiffs' alleged non-compliance is the supposed failure to identify Dr. Gary W. Meade, MD as a provider in response to Question 5. However, Dr. Meade is a pathologist who never actually provided any care and treatment to Mr. Sanchez and certainly

---

[2] Counsel reviewed his file and was unable to find a letter or other communication specifically confirming that the HIPAA-compliant Release was sent on January 19. However, Plaintiff did subsequently forward another such release and remains willing to execute any such release necessary in order to allow Defendant the ability to obtain any of Mr. Sanchez's medical records that they so desire.

was not someone from whom Mr. Sanchez "sought" treatment. Instead, Dr. Meade was apparently engaged to perform a **diagnostic** evaluation of a skin tag that was removed from Mr. Sanchez's person in June 2012. A copy of the pathology report is filed herewith as Exhibit 5. The sum total of his appearance in Mr. Sanchez's medical record is comprised of a single page report that was produced as part of the file of Mr. Sanchez's former primary care physician. Finally, Plaintiff has sought to further supplement his production of medical records by providing copies of records that were received subsequent to the service of his original discovery responses in order to fully comply with his continuing obligations under the Federal Rules of Civil Procedure's discovery rules.

## II.  LAW AND ARGUMENT

### A.  Defendant's Claim Regarding Plaintiff's Allegedly Deficient Identification of Dr. Meade is Both Moot and Baseless.

Defendant apparently seeks a court order to compel Plaintiff George Sanchez to amend his Supplemental PFS to add Dr. Meade as a medical provider. In answering Question 5 of the Supplemental PFS, Mr. Sanchez fully responded and identified all "medical providers from whom [he has] **sought** treatment from 2007 to the present." As noted above, Dr. Meade was never sought out by Mr. Sanchez and never had any contact with Mr. Sanchez. Instead, Dr. Meade is a pathologist whose only relationship to any medical care provided to Mr. Sanchez was, at best, as a third party diagnostician who prepared a pathology report following analysis of a skin tag removed from Mr. Sanchez's person in June 2012. More importantly, Defendant was provided with a complete copy of any and all medical records related to Dr. Meade's "treatment" of Mr. Sanchez as part of the file of Mr. Sanchez's primary care physician. These files were provided to Defendant with Plaintiffs' initial PFS in May 2017. Thus, Dr. Meade was identified in Plaintiff's medical record as early as May 2017, well before the present Motion was even a

"twinkle in the eye" of the Court. As such, Defendant's request that Mr. Sanchez amend his Supplemental PFS to add Dr. Meade should be deemed moot.

Further, Defendant's claim is baseless as Dr. Meade was never sought out or otherwise engaged by Mr. Sanchez to provide medical treatment. Dr. Meade's limited appearance in Mr. Sanchez's medical record and single page pathology report is but a "leaf on the tree." To suggest that Mr. Sanchez was required to disclose Dr. Meade when he had not sought treatment from him goes beyond the plain language of the Supplemental PFS's Question 5. To require otherwise would necessitate the laundry listing of every radiologist who reviewed an X-Ray or any other professional that provided limited, one-off, diagnostic services to Mr. Sanchez's healthcare providers. Plaintiffs' fully complied with the spirit and the letter of the Supplemental PFS in responding to Question 5. The Court should deny Defendant's Motion.

  **B.**  **Mr. Sanchez Produced all Documents in Possession Custody and Control and has Supplemented His Production in Accordance with Federal Rule of Civil Procedure 26(e).**

As noted above, at the time that Mr. Sanchez served his Supplemental PFS, he produced all responsive documents and medical records that were in his possession, custody, and or control. In addition, When Mr. Sanchez served his discovery responses on Defendant on January 19, 2018---prior to the filing of the present Motion---he also executed the verification requested by the Defendant affirming that he:

> searched for and produced all documents responsive to Defendant Lumber Liquidator's Plaintiff Fact Sheet, Plaintiff Supplemental Fact Sheet, and Defendant Lumber Liquidator's Interrogatories and Requests for Production of Documents to the extent that such documents are in my possession, custody, and/or control.

Exhibit 4. In addition, since that time, Plaintiff has supplemented his production with additional documents that were received following service of his discovery responses.

As correctly noted by the Defendant in its Memorandum, documents requested pursuant to a Plaintiff Fact Sheet are treated as document requests made pursuant to Fed. R. Civ. P. 34. (Def. Mem., ECF Doc. No. 1259, at 8). Accordingly, such requests are subject to the limitation of Rule 34 that it "extends only to documents which an adverse party has **in his possession, custody, or control.**" *Greene v. Sears, Roebuck & Co.*, 40 F.R.D. 14, 16 (N.D.Ohio 1966). In regards to medical records in a personal injury case, federal courts have routinely held that a plaintiff is not required to affirmatively obtain additional documents requested by a defendant from medical providers, not already in the plaintiff's physical possession, custody or control in order to comply with Rule 34. *See e.g., Id.*; *Clark v. Vega Wholesale Inc.*, 181 F.R.D. 470, 472 (D.Nev.1998) ("The relationship between the Plaintiff and her doctor is not sufficient to establish control."); *Cmty. Ass'n Underwriters of Am., Inc. v. Queensboro Flooring Corp.*, No. 3:10-CV-1559, 2014 WL 12603510, at *2 (M.D. Pa. June 24, 2014); 8B Charles A. Wright, et al., Federal Practice and Procedure § 2210 (3d ed.) (observing that "[a] party has been found not to control the records of a doctor who has examined him or her") (citing cases). *See also Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1427 (7th Cir.1993) ("But the fact that a party could obtain a document if it tried hard enough and maybe if it didn't try hard at all does not mean that the document is in its possession, custody, or control; in fact it means the opposite.")

In this case, Plaintiffs did provide the Defendant with all medical records in their physical possession, custody, and control. Moreover, Plaintiff sought to appropriately supplement their production as additional records---from medical treatment obtained years before the purchase of the defective flooring by Plaintiffs or its installation in Plaintiffs' home---were obtained. Finally, Plaintiff has provided and is continually willing to provide, an executed HIPAA-complaint authorization for Defendant to obtain medical records from any provider that it so chooses.

Accordingly, Defendant has the same right to obtain its requested records as Mr. Sanchez does. As noted by the U.S. District Court for the District of Nevada:

> Nothing in these rules prohibits a plaintiff from voluntarily providing, and a defendant from accepting, a signed medical authorization so that the defendant can obtain the plaintiff's medical records and bills directly from the providers.

*Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593 (D.Nev.2011).

Plaintiffs have fully complied with the requirements of the Supplemental PFS as well as with those of Rule 24. Defendant cannot demand that the Plaintiffs' produce documents that they do not have. Accordingly, Defendant's Motion must be denied.

### C.  In Filing its Motion Defendant Failed to Comply with Local Rule 37(E).

Local Rule 37 provides as follows:

> Counsel shall confer to decrease, **in every way possible** the filing of unnecessary discovery motions. **No motion concerning discovery matters may be filed until counsel shall have conferred in person or by telephone to explore with opposing counsel the possibility of resolving the discovery matters in controversy.** The Court will not consider any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good faith effort has been made between counsel to resolve the discovery matters at issue.

*Id*. (Emphasis added.)

In this case, Counsel Defendant has plainly failed to meet and confer "in person or by telephone to explore with [Plaintiff's] counsel the possibility of resolving the discovery matters in controversy" *before* filing their Motion to Compel. *See id*. As discussed above, Plaintiff counsel contacted Defendant's attorney immediately upon receipt of the Defendant's January 5, 2018, letter and represented a willingness to work amicably and collaboratively to resolve any discovery dispute. Plaintiffs further affirmatively attempted to resolve any issues with the service of the requested verification on January 19, and by the supplementation of their

8

document production. In spite of these efforts, Defendant elected to proceed with the instant Motion.

It is self-explanatory that only by conferring in good faith *before* the filing of discovery motions, can parties work in good faith to resolve outstanding discovery matters and avoid or "decrease, in every way possible the filing of unnecessary discovery motions." *Id*. Before filing a motion concerning a discovery dispute, "counsel shall have conferred in person or by telephone." *Id*. Defendant's Counsel did not do this and thus, in accordance with Local Rule 37, the Court should not consider Defendant's motion.

### III.   CONCLUSION

The "purpose of the Plaintiff's Fact Sheet [is] to give each defendant the specific information necessary to defend the case against it." *In re Phenylpropanolamine (PPA) Products Liab. Litigation*, 460 F.3d 1217, 1234 (9th Cir.2006). The Plaintiff Fact Sheet and the discovery process are not intended to serve as a cudgel by which a litigant with superior resources may harass an opposing party through the filing of obstreperous discovery motions premised on legally and factually dubious grounds. Plaintiffs George and Maria Sanchez have fully complied with the Court's orders and their obligations under the Federal Rules of Civil Procedure. The Court should deny Defendant's Motion.

Dated: February 7, 2018                                  Respectfully submitted,

**BARKAN & ROBON LTD.**

By: /s/Zachary J. Murry_____
Zachary J. Murry (OH Bar No. 0087421)
**BARKAN & ROBON LTD.**
1701 Woodlands Drive
Suite 100
Maumee, Ohio 43537
Phone:  (419) 897-6500
Fax:    (419) 897-6200
Email: zmurry@barkan-robon.com

**THE THOMAS LAW OFFICE PLC**

By: /s/D. Margeaux Thomas
D. Margeaux Thomas
Virginia Sate Bar No. 75582
The Thomas Law Office PLC
1750 Tysons Boulevard, Suite 1500
Tysons Corner, VA 22102
Telephone: 703-957-2577
Facsimile: 703-957-2578
Email: mthomas@thomaslawplc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2018, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system.  This filing will cause a copy of the same to be served, via a Notice of Electronic Filing, upon counsel of records in this matter.

/s/
D. Margeaux Thomas
Virginia State Bar No. 75582
Attorney for George and Maria Sanchez
The Thomas Law Office PLC
1750 Tysons Boulevard, Suite 1500
Tysons Corner, VA 22102
Telephone: 703-957-2577
Facsimile: 703-957-2578
Email: mthomas@thomaslawplc.com