IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE: LUMBER LIQUIDATORS CHINESE-
MANUFACTURED FLOORING PRODUCTS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

MDL No. 1:15-md-2627 (AJT/TRJ)

This Document Relates Only To:
*Gaus et al. v. Lumber Liquidators, Inc., et al.*
Case No. 1:17-cv-02810-AJT-TRJ

## PLAINTIFFS' MOTION TO STAY

COME NOW the Plaintiffs, by their counsel, and move to stay any further proceedings herein as to their claims until the court has issued a ruling on the motion to remand which is currently pending.  The grounds in support of this motion to stay are set forth more fully in the accompanying memorandum of law.

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO STAY

The present case was filed on October 4, 2017 in state court, then transferred to this court on April 5, 2018.  In their complaint, the Plaintiffs allege that they purchased flooring from a Lumber Liquidator's store in Wheeling, West Virginia.  The complaint here is focused on misrepresentations made by a local store employee.  Because the employee misrepresented material facts regarding the flooring in the course of the sale, Plaintiffs purchased and used the flooring. Specifically, it is alleged:

> 6.      Plaintiffs purchased their laminate flooring from the Lumber
> Liquidators store in Wheeling, West Virginia on February 28, 2015. Before taking
> possession of the laminate flooring at issue, Plaintiff Bryan Gaus asked a Lumber
> Liquidator's store employee if this was the same flooring type that had recently

been featured on the news as being dangerous. The Lumber Liquidator employee/agent assured Mr. Gaus that it was not the flooring type at issue in the "60 Minutes" report. But for this representation that the flooring was not the type that was featured on the "60 Minutes" broadcast, Mr. Gaus would not have accepted delivery of the flooring and would not have installed it in his home.

The material misrepresentations by Lumber Liquidator's store employee are the linchpin of the Plaintiffs' case, as their complaint makes clear:

> 11.     Regardless of whether or not the product was actually defective or dangerous in any way, Plaintiffs would not have accepted delivery of the flooring and installed it in their home had the Defendants not informed Plaintiffs that it was not the type of flooring featured on "60 Minutes" as allegedly defective and dangerous. This misrepresentation is the basis of Lumber Liquidators' liability to the Plaintiffs in this action.

Consequently, the liability issues here are largely distinct from the MDL issues. The flooring purchase was ordered before, but not delivered to the local store until after, the 60 minutes show aired. Plaintiff, Bryan Gaus, was aware that laminate flooring had been featured on a "60 Minutes" segment, and he specifically asked if this was the same flooring type that was reported as dangerous. He was then falsely assured that the flooring was a different product altogether, and he completed the purchase and accepted delivery on the strength of that false statement. There are both consumer fraud and personal injury aspects to the case. The family, including two young children, had only minimal treatment for respiratory symptoms. The sole personal injury claim pertains to Plaintiffs' emotional distress relating to the fear of future disease under *Marlin v. Bill Rich Const., Inc.,* 198 W.Va. 635, 482 S.E.2d 620 (1996). The remaining claims are more along the lines of consumer fraud.

The Plaintiffs filed an earlier, broader complaint, but voluntarily dismissed it. Their October 2017 complaint was much more narrowly written than the first one. It alleges a variety of consumer-related claims, including fraud and violations of West Virginia's statutory consumer laws, but it does not allege or seek recovery for any manufacturing defect or present physical disease or symptoms of

any kind.  As such, defendants have failed to show the requisite amount in controversy.  The reasons

for remand, including the following:

- There is no claim for punitive damages.
- The complaint does not include the minor children as parties.
- The complaint clarifies that there is no allegation of a present disease.  Indeed, it plainly says that the Plaintiffs are not even seeking recovery of medical bills.
- The only monetary figure appearing in the complaint is $2,000, representing the price of the flooring and the amount of out-of-pocket loss they suffered.  There are no other figures providing any basis for federal jurisdiction.
- The Plaintiffs made a pre-suit settlement demand of only $35,000—far below the threshold required for asserting federal jurisdiction.

Despite all of this, the Defendants jointly removed the case to federal court.  Because the

Defendants have failed to prove that the amount in controversy exceeds the jurisdictional threshold,

remand is warranted.  The Plaintiffs urge the court to issue a stay order until the remand motion has

been decided.

"Without jurisdiction [a] court cannot proceed at all in any cause." *Steel Co. v. Citizens for a*

*Better Environment*, 523 U.S. 83, 94 (1998).  The requirement of jurisdiction is foundational and

must, therefore, be addressed by the court as a threshold concern: "The requirement that jurisdiction

be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the

United States' and is 'inflexible and without exception.'" *Id.* (citing *Mansfield, C. & L.M.R. Co. v.*

*Swan,* 111 U.S. 379, 382 (1884)).

As a consequence, a court must first turn its attention to a motion to remand—and determine

whether it has jurisdiction to act—before addressing other, non-jurisdictional motions.  This rule has

been consistently followed by this court.  See, e.g., *Gillespie v. Marriott International, Inc.*, 2015 WL

8752135 (E.D. Va. 12/14/15)("As jurisdiction is required before proceeding to the merits, the Court

will first address the motion to remand."); *Rathore v. Bank of America, N.A.*, 2011 WL 2077538 (E.D.

Va. 5/24/11)("Because a decision in Plaintiff's favor on the issue of subject matter jurisdiction would

3

render this Court powerless to decide the pending motions to dismiss, the Court first addresses Plaintiff's Motion to Remand."); *Termini v. Life Ins. Co. of North America*, 464 F.Supp.2d 508 (E.D. Va. 2006)("Because the court must first determine whether it has proper subject matter jurisdiction over this case, the court will first address plaintiff's motion to remand."); see also *Ford v. Wellmont Health System*, 2009 WL 4544099 (W.D. Va. 11/30/09)("At the outset, the court will discuss the jurisdictional facts relevant to the court's consideration of the plaintiff's Motion To Remand, which must be addressed first in order to determine whether the court has proper jurisdiction over the matter.").

This court also possesses the power to stay proceedings in light of "economy of time and effort for itself, for counsel, and for litigants." *Yearwood v. Johnson & Johnson, Inc.*, No. RDB–12–1374, 2012 WL 2520865, at *3 (D. Md. June 27, 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Williford v. Armstrong World Indus.*, 715 F.2d 124, 127 (4th Cir.1983). The decision whether to grant a stay focuses on three factors: "(1) whether judicial resources will be saved and duplicative litigation avoided if the case is consolidated in an MDL; (2) prejudice to the party opposing the stay; and[,] (3) the moving party's hardship and inequity if the action is not stayed." *Wood v. Johnson & Johnson*, No. WDQ–12–1572, 2012 WL 3240934, at *2 (D.Md. Aug. 3, 2012).

Granting a stay here will permit the court to focus--as it should--on the threshold issue of jurisdiction. If jurisdiction is lacking, then the case will have to be remanded to state court for further proceedings. Thus, a stay of any MDL proceedings will insure that the court makes the most effective use of its time and resources: "[P]ublic interest lies in the most efficient use of judicial resources, ensuring that litigation is conducted in the appropriate forum, and in federal courts determining jurisdiction issues promptly. ... [T]he most efficient use of judicial resources requires the Court to act

expeditiously on the pending remand motion. Indeed, '[i]t is presumed that a cause lies *outside* [of the federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'"   *Micron Tech., Inc.,* 354 F. Supp. 2d at 740 (internal citations omitted)(emphasis added).

Next, we consider the possibility of prejudice to the parties.  Prejudice to the Defendants is minimal.  This matter was transferred here on April 5, 2018.  However, the potential for prejudice to the Plaintiffs is substantial, especially in light of the fact that the MDL has been ongoing for two years.  Much has already transpired that will bind the Plaintiffs.  There are already procedural orders in place that will impose aggressive time limitations for discovery and other disclosures, including experts.  On April 10, Plaintiffs' counsel was provided with an email from lead counsel listing a host of forms that must be completed in connection with the MDL and a May 8 deadline for expert reports and a May 31 discovery cut-off.  Because jurisdiction is a threshold issue, this court should stay this proceeding as to these Plaintiffs' claims—lest they, to their prejudice, be forced to go through needless motion practice before the MDL and be made subject to harsh time limitations.

For all of these reasons, the Plaintiffs respectfully request that the court stay all MDL proceedings as to them and proceed first to decide the jurisdictional issues raised via their previously-filed motion to remand.

Respectfully Submitted,

By: _____

Jason E. Causey WV Bar No. 9482
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV  26003
(304) 242-8410 phone
jcausey@bordaslaw.com
*Counsel for Gaus Plaintiffs*

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE: LUMBER LIQUIDATORS CHINESE-
MANUFACTURED FLOORING PRODUCTS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

MDL No. 1:15-md-2627 (AJT/TRJ)

This Document Relates Only To:
*Gaus et al. v. Lumber Liquidators, Inc., et al.*
Case No. 1:17-cv-02810-AJT-TRJ

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of April, 2018, I delivered a true and correct copy of the foregoing **PLAINTIFFS' MOTION TO STAY** as indicated, to the following:

Clerk                              *Via Federal Express*
US District Court Eastern District of VA
401 Courthouse Square
Alexandria, VA  22314

Diane P. Flannery, Esq.         *Via E-Mail and Regular Mail*
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916

Elizabeth Thomas, Esq.          *Via E-Mail and Regular Mail*
MCGUIREWOODS LLP
EQT Plaza
625 Liberty Avenue, 23rd and 27th Floors
Pittsburgh, PA  15222-3142

By:  _____
Jason E. Causey WV Bar No. 9482
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV  26003
(304) 242-8410 phone
jcausey@bordaslaw.com
*Counsel for Gaus Plaintiffs*

6