**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| IN RE: LUMBER LIQUIDATORS ) <br> CHINESE-MANUFACTURED FLOORING ) <br> PRODUCTS MARKETING, SALES ) <br> PRACTICES AND PRODUCTS LIABILITY ) <br> LITIGATION ) | MDL No. 1:15-md-2627(AJT/TRJ) |

**This Document Relates to:**
*Choe et al v. Lumber liquidators, Inc.,* **1:17cv2812**
*Thomas et al v. Lumber Liquidators, Inc.,* **1:17cv2808**
*Stein et al v. Lumber Liquidators, Inc.,* **1:16cv2794**
*Craig, et al v. Lumber Liquidators, Inc.,* **1:18cv2816**

---

**MEMORANDUM OPINION AND ORDER**

The Court has been dealing for some time, formally and informally, with assertions by MDL plaintiffs with personal injury claims ("PI Plaintiffs" in "PI Cases") that they have had inadequate discovery. The disputes have crystallized into demands by four sets of plaintiffs that they are entitled to an additional Rule 30(b)(6) deposition of Defendant and perhaps its Board of Directors (motions to compel [or join in one] docketed as ECF nos. 1464, 1523, 1568, and 1596) and Defendant's reciprocal motion for a protective order (ECF no 1466). As discussed below, the Court finds that these plaintiffs are not entitled to further deposition discovery.

The history of the dispute provides useful context.

The substantial majority of the actions in this multidistrict litigation contain only property damage claims. Lead Counsel for all plaintiffs in the MDL conducted a Rule 30(b)(6) deposition of Defendant. Defendant was also deposed under rule 30(b)(6) in the companion MDL, no. 1:16md2743, and that transcript and other discovery there are available foe use by the parties here. As PI Plaintiffs repeatedly observe, the inquiries at those depositions did not include either

formaldehyde's alleged causation of personal injuries in general or in particular, or Defendant's management's knowledge or action (or lacks thereof) respecting such alleged causation.

Even before those depositions, Defendant's entire executive management team had been completely replaced since the events that led to this litigation. Therefore, to meet its responsibilities for the depositions Defendant found it necessary to educate at length a deponent who had not been involved in any of the events in issue and had no personal knowledge of any relevant event. (See, e.g., ECF no. 1535 at 8-9.)

The PI Cases did not receive separate treatment until December 5, 2017, when they were set on a separate case track with separate Lead PI Counsel. (ECF no. 1234) Since then all but a handful have settled.

The first round of litigation of the present dispute was the wide-ranging motion to compel (ECF no. 1458) filed by Lead PI Counsel on behalf of all remaining PI Plaintiffs, which the Court heard on May 21, 2018. A fair amount of confusion, misinformation, and misunderstanding between the two sides was resolved at that hearing.

The principal matter left unresolved was the issue of one or more additional Rule 30(b)(6) depositions. Lead PI Counsel had demanded: "Defendant should be compelled to arrange for the Fed. R. Civ. P. 30 (b)(6) deposition of Defendant applicable to all Plaintiffs. This deposition will address [a] list of topics relevant to the distinct issues in the personal injury cases -- state product liability warning and warranty claims and state punitive damages claims…. Defendant should be compelled to arrange for Defendant's Special Committee / Board Member depositions…." ECF no. 1458 at 3. Defendant argued vigorously on brief and at the hearing that voluminous discovery already had on these matters, including two 30(b)(6) depositions, was adequate, and that the burden caused by a new deposition would be heavy and inappropriate.

2

The Court's response was to craft a procedure that would (a) provide all PI Plaintiffs with additional unlimited interrogatory discovery on their topics, and then (b) allow the Court to decide on that record whether these plaintiffs actually needed an additional Rule 30(b)(6) opportunity notwithstanding the burden on Defendant. On May 23, 2018, the Court ordered in ECF no. 1482:

> (1) (a) No further deposition of defendant through Fed. R. Civ. P. 30(b)(6) will be allowed until further order. To avoid duplicative discovery the parties shall proceed as follows. A plaintiff in any captioned action may serve, within seven (7) days, one or more interrogatories on Defendant, with a copy by email to me. Such service shall constitute a certification by counsel that the subject of the interrogatory was not covered adequately to meet that plaintiff's needs either in (i) a previous Rule 30(b)(6) deposition of Defendant or (ii) Defendant's answer to an interrogatory in that plaintiff's action or one available in the MDL plaintiffs' discovery database.
>
> (b) Defendant shall answer or object to these interrogatories within ten (10) days, with a copy by email to me. A sustained objection that the subject of an interrogatory was adequately covered in a previous Rule 30(b)(6) deposition or an answer to an interrogatory in that plaintiff's action or in the discovery database will be cause for an award of counsel fees.
>
> (c) The Court will conduct any necessary hearing(s) by telephone, and will thereafter determine whether any remaining plaintiff needs to conduct a Rule 30(b)(6) deposition on any issue(s). Failure to have served an interrogatory on an issue under ¶ (a) will be deemed waiver on that issue.
>
> (2) In each remaining action any disputes over written discovery previously served in that action will be resolved by motion to compel. Any motion shall be preceded by an email to Defendant's counsel outlining why the discovery is needed and not covered by discovery available in the database, and then by a good faith effort by both sides to "meet and confer" by telephone. Any hearing on such a motion to compel will be by telephone.
>
> (3) Whether Defendant's board members or Covington & Burling may be deposed will be resolved on Defendant's motions to quash (nos. 1466 and 1468). Separate oppositions to those motions to quash shall be filed in each remaining action. Extended discussion of general discovery precedents is unnecessary: just tell me why you need the discovery under the law of the jurisdiction whose law will apply at your trial, with citation to statute and precedent applicable to your client(s).

The manifest purpose and intended effect of that order was to allow any PI Plaintiff to make, by interrogatory, any inquiry relevant to personal injury causation or damages that had not yet been made by lead Plaintiffs' Counsel, or Lead PI Counsel, or that PI Plaintiff's own counsel, with further deposition still available if Defendant left a plaintiff's legitimate needs unmet.

The *Choe* and *Thomas* plaintiffs served ten interrogatories in response to the May 23 Order, which Defendant answered. Neither the *Stein* nor *Craig* plaintiffs (nor any other PI Plaintiff) served any interrogatories, and by the terms of the May 23 Order they thereby waived their rights to further relief.

On June 14, 2018, the *Choe* and *Thomas* plaintiffs, apparently ignoring or attempting to circumvent the May 23 Order, filed a "MOTION FOR LEAVE TO TAKE DEPOSITION OF DEFENDANT'S 30(B)(6) REPRESENTATIVE AND REPRESENTATIVE OF THE SPECIAL COMMITTEE" (ECF no. 1523). That motion failed to acknowledge, much less discuss, Defendant's recently-served interrogatory answers, and argued that the PI Plaintiffs are entitled as a matter of law under all circumstances to an additional Rule 30(b)(6) deposition. After reviewing Defendant's opposition to that motion and concluding that a hearing on compliance with the May 23 Order was needed, the Court told *Choe* and *Thomas* counsel by email:

> [Counsel for Choe and Thomas] may file a reply brief by June 28 if you wish, with particular attention to this language from my order: "just tell me why you need the discovery under the law of the jurisdiction whose law will apply at your trial, with citation to statute and precedent applicable to your client(s). " Put another way, what information do you need to prove your case or defend against them, that you're entitled to in discovery, that you don't already have or have access to?

Counsel's response was to file a brief (ECF no. 1567) that began by asserting, "The Court has asked that Plaintiffs address the following question, specifically, in this Reply Brief: What information is needed to prove your case or defend your case, that you're entitled to in discovery,

4

that you don't already have or have access to? The immediate response to that question is – the depositions requested in the pending motion." *Id* at 1.

The *Stein* and *Craig* plaintiffs have sought, in manners that are arguably inadequate procedurally, to join in the *Choe-Thomas* motion. No other PI Plaintiff has acted. On July 24, 2018, the Court conducted a hearing on compliance with the May 23 order and on all relevant pending motions, and called for one additional round of briefing, and took all matters under advisement.

************

> Rule 26(b)(2)(C) provides that
>
> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

This broad, discretionary, case-specific authority allows, indeed demands, tailored and balanced solutions to unusual problems, especially those that crop up in complex matters such as MDLs. While Defendant may have read too much into it in this dispute, these PI Plaintiffs appear to have ignored it altogether.

Throughout this dispute, Defendant has argued steadfastly that the volume and expanse of the document and interrogatory discovery discovery in the property damage portion of this MDL, its substantial overlap with the issues in these PI Cases, and the existence of the Rule 30(b)(6) testimony already available (both here and in the companion MDL), solve the PI

5

Plaintiffs' problems. That argument is good as far as it goes, but it ignores the realities that in this MDL, Lead Plaintiffs' Counsel did not focus on personal injury issues; the Rule 30(b)(6) deposition(s) did not deal specifically with personal injury causation; PI Plaintiffs were not allowed to take separate discovery until later; and there might well be issues important to PI Plaintiffs that had not been covered in the earlier deposition(s).[1]

These plaintiffs, on the other hand, have blindly and obstinately insisted that they are absolutely entitled to their own 30(b)(6) deposition, under all circumstances, no matter what, because no other discovery tool can ever equal the opportunity for their own separate oral examination of a corporate representative. They ignore the reciprocal reality of this MDL: There is no one left in Lumber Liquidators management who was involved in the events that led to this litigation or the decisions (or lack thereof) these PI Plaintiffs say they want to explore. In that absence, the best if not only record of what did and didn't happen is the voluminous, and apparently complete, documentary record Defendant has already provided in discovery. Therefore, it seems highly unlikely, if not impossible, that a deposition answer from a corporate representative without personal knowledge would differ materially from an interrogatory answer on the same issue. More to the point PI Plaintiffs seem to pursue, it seems equally unlikely that the usually-crucial cross examination element of deposition discovery would actually come into play in the circumstances presented here. Against this is balanced the obvious and substantial burden on Defendant of preparing one or more ignorant deponents on the events (or non-events) these plaintiffs want to ask more questions about.

---

[1] Any PI Case issues about sufficiency of prior document discovery appear to have been resolved.

These considerations, including the Court's desire to avoid incorrect assumptions, led the Court to structure the procedure in the May 23 Order. The Court's goal was to give these PI Plaintiffs everything they need, by interrogatory if sufficient, by corporate deposition if necessary.

The Court finds that to the extent PI Plaintiffs took advantage of that procedure, it was successful, because they have Defendant's responsive answers to the inquiries they wanted to make; and their dissatisfaction with the answers is irrelevant because there is virtually no possibility that an answer obtained in a Rule 30(b)(6) deposition would be materially different.

Defendant's managers did what they did, and didn't do what they didn't do. Evidence of their actions and inactions, and their thoughts and opinions if any at the time, is already available in the present record or else it is not available at all from Defendant.

The core of these PI Plaintiffs' position is found in Plaintiffs' Joint Supplemental Brief:

> [E]ach of these Plaintiffs' product liability claims contain an element of constructive knowledge, or, in other words, what the Defendant reasonably should have known about the dangers of the relevant product. Therefore, it is imperative for Plaintiffs to have an opportunity to learn what reasonable steps were taken by Defendant to determine whether its product was safe for use, and, in this specific context, to determine the potential for formaldehyde to cause injuries.
> * * *
> On these issues, Lumber Liquidators' interrogatory responses, as they should, do frame the defense that will be raised at trial. This is the limited value of written Interrogatory responses. From these responses, it seems likely that the Defendant will assert at trial that they took reasonable steps to learn the dangers of formaldehyde, concluded that formaldehyde was not really that dangerous, and therefore took limited action to warn consumers about the potential that formaldehyde could be the cause of current or future injuries. But discovery does not end there. Learning the basis of these defenses, in order to explore this reasoning with expert witnesses, and to otherwise avoid trial by ambush is the primary purpose of discovery.

ECF no. 1601 at 3, 5. The Court finds that both of their central assertions are wrong. The Court has examined Defendant's answers to the *Choe-Thomas* interrogatories, and finds that the factual

7

basis for the defenses in issue is fully described, i.e. exactly what Defendant did and didn't do, and why. And, as a matter of law, Defendant is both bound and limited at trial and otherwise by its answers, so that ambush is not an option.

In short, PI Plaintiffs will argue that Defendant should have done more than it did respecting formaldehyde's dangers. As to what Defendant in fact did, they need the proverbial stationary target to attack. The Court finds that the *Choe* and *Thomas* plaintiffs have that in defendant's interrogatory answers, and that in this MDL another deposition will not provide a larger or clearer target. (And, though the *Stein* and *Craig* plaintiffs didn't serve interrogatories, the Court finds that Defendant's answers to the interrogatories already served are responsive to their needs as asserted by all moving plaintiffs in ECF no. 1601 at 9-27. In particular, Defendant is bound and limited by its sworn statements about the first scientific article about formaldehyde's relevant dangers, and any plaintiff with contrary evidence can attack at will at trial.) To the extent more questions could be asked, see ECF no. 1601 at 6, additional interrogatories would have been as good if not better for the reasons discussed above, and these plaintiffs have no one but themselves to blame for not taking advantage of the opportunity the Court gave them -- unlimited interrogatories.

The Court also finds that for analogous reasons, as well as for the reasons argued by Defendant about the chronology of Board actions relative to dates of purchase by plaintiffs, an apex deposition of the Special Committee would not provide any significant benefit to PI Plaintiffs and that the burden on Defendant and its Board member would far outweigh any minor benefit to a plaintiff.

For these reasons the Court finds, pursuant to Fed. R. Civ. P. 26(b)(2)(C), that all moving plaintiffs have all the discovery to which they are entitled with respect to the subject matter of

8

their respective motions; that the *Stein* and *Craig* plaintiffs have waived their rights with respect to a corporate deposition of Defendant; and that Defendant is entitled to a protective order foreclosing any further deposition discovery of Defendant generally and its Board's Special Committee in particular.

On all of the foregoing findings, PI Plaintiffs' motions to compel additional Rule 30(b)(6) discovery (ECF nos. 1523, 1568, and 1596) are DENIED, and Defendant's motion for a protective order to prevent further deposition of Defendant (ECF no. 1466) is GRANTED.

It is so ORDERED.

Alexandria, Virginia  
August 16, 2018    _____/s/_____  
THOMAS RAWLES JONES, JR.  
United States Magistrate Judge