IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE: LUMBER LIQUIDATORS )<br>CHINESE-MANUFACTURED FLOORING )<br>PRODUCTS MARKETING, SALES )<br>PRACTICES AND PRODUCTS LIABILITY )<br>LITIGATION )<br>_____ ) | MDL No. 1:15-md-2627 (AJT/MSN) |

This Document Relates to ALL Cases
_____

| | |
|---|---|
| IN RE: LUMBER LIQUIDATORS )<br>CHINESE-MANUFACTURED FLOORING )<br>DURABILITY MARKETING AND SALES )<br>PRACTICE LITIGATION )<br>_____ ) | MDL No. 1:16-md-2743 (AJT/MSN) |

This Document Relates to ALL Cases
_____

**ORDER**

These consolidated actions have been referred to the Court by the Judicial Panel on Multidistrict Litigation (the "JPML") and consist of MDL No. 1:15-md-2627 ("the Formaldehyde MDL") and MDL No. 1:16-md-2743 ("the Durability MDL").[1]

On or about March 15, 2018, Class Counsel, on behalf of the respective classes, and Defendant entered into a Settlement Agreement with respect to all claims in both the Formaldehyde MDL and the Durability MDL. [Doc. 1618-1] ("the Settlement Agreement").

By Order dated June 15, 2018, the Court granted Plaintiff's Motion for Conditional Certification of Class, Preliminary Approval of Class Action Settlement, and Scheduling of Final Approval Hearing. [Doc. 1524] ("Preliminary Approval Order").

---

[1] Unless indicated otherwise, all docket references refer to the docket entries in the Formaldehyde MDL (MDL No. 1:15-md-2627).

By Order dated October 9, 2018, this Court granted Plaintiffs' Motion for Final Approval of Class Action Settlement. In that Order, this Court issued a final approval of the Settlement Agreement in all respects. [Doc. 1705].

By Order dated November 15, 2018, this Court granted Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses and Service Awards to Class Representatives; and awarded Class Counsel attorneys' fees in the amount of $10,080,000. [Doc. 1726].

On November 8, 2018, Objector Diana Cantu-Guerrero filed a notice of appeal in the Durability MDL, thereby appealing this Court's October 9, 2018 Order approving the Settlement Agreement and all orders and opinions merged therein. MDL No. 1:16-md-2743, [Doc. 162].

On December 14, 2018, Objector Brice M. Johnston filed a notice of appeal in the Formaldehyde MDL, appealing this Court's November 15, 2018 Order awarding Class Counsel attorneys' fees in the amount of $10,080,000. [Doc. 1750].

By Order dated January 31, 2019, at the parties' request pursuant to Paragraph 11 of the Settlement Agreement, this Court dismissed with prejudice and without costs all complaints pending in both the Formaldehyde MDL and the Durability MDL and dismissed with prejudice and without costs the litigation as between the Released Parties and Defendant, with the Formaldehyde MDL and the Durability MDL to remain open administratively in order to manage the remaining opt-out litigation. [Doc. 1774] (together with [Doc. 1705], the "Final Approval Order and Judgment").[2]

On March 10, 2020, the United States Court of Appeals for the Fourth Circuit affirmed this Court's October 9, 2018 Order granting a final approval of the Class Action Settlement,

---

[2] Unless defined herein, all capitalized terms shall have the definition ascribed to them in the Settlement Agreement.

concluding that the Settlement Agreement was fair, reasonable, and adequate. *See In re: Lumber Liquidators Chinese-Manufactured Flooring Products Marketing, Sales Practices and Products Liability Litigation*, 952 F.3d 471 (4th Cir. 2020). At the same time, the Fourth Circuit vacated this Court's attorneys' fee award in its November 15, 2018 Order [Doc. 1726] and remanded the issue of attorneys' fees and costs for further proceedings. *In re: Lumber Liquidators*, 952 F.3d at 492.

On August 7, 2020, the time to seek review of the Fourth Circuit's March 10, 2020 decision before the United States Supreme Court expired without any appeal being taken. Accordingly, the remanded issue regarding attorneys' fees and costs has returned to this Court.

The Settlement Agreement provides that "[w]ithin sixty (60) days of the Effective Date, the Settlement Administrator [Angeion Group] will distribute the checks and the vouchers," selected by the participating class members. Settlement Agreement ¶ 14.C.; *see also id*., ¶ 1.rr "Effective Date" is defined as:

> [T]he first date by which all of the following events shall have occurred: (1) The Court has entered the Preliminary Approval Order[;] (2) [t]he Court has entered the Final Approval Order and Judgment approving the Settlement Agreement in all respects, dismissing the Formaldehyde MDL and the Durability MDL, including all of the Complaints, with prejudice[;] [and] (3) [t]he time for appeal from the Final Approval Order and Judgment shall have expired, or if any appeal of the Final Approval Order and Judgment as to the Settlement Agreement is taken, that appeal shall have been finally determined by the highest court, including any motions for reconsideration and/or petitions for writ of certiorari, and which Final Approval Order and Judgment is not subject to further adjudication or appeal.

Settlement Agreement ¶ 1.u. (emphasis added).

Accordingly, it appearing that both the Formaldehyde MDL and the Durability MDL have been DISMISSED with prejudice and that no further appeal can be taken from the Court's October 9, 2018 Order approving the Settlement Agreement in all respects, which has been

affirmed on appeal, or the Court's January 31, 2019 Order, dismissing with prejudice the Formaldehyde MDL and the Durability MDL; and that all conditions precedent to the accrual of the Effective Date have been satisfied, it is hereby ORDERED that:

1. Both the Formaldehyde MDL and the Durability MDL shall be administratively closed, the time to appeal the Court's October 9, 2018 Order [Doc. 1705] or the Court's January 31, 2019 Order [Doc. 1774] having expired and those Orders [Docs. 1705, 1774] no longer being subject to further adjudication or appeal; and nothing in this Order shall be deemed to create a new appealable order with respect to either the Settlement Agreement as it pertains to either the Formaldehyde MDL or the Durability MDL or to otherwise extend the time in which to file another appeal from either the Court's October 9, 2018 Order [Doc. 1705] or the Court's January 31, 2019 Order [Doc. 1774].

2. The "Effective Date" has now accrued as of the date of this Order and, pursuant to the terms of the Settlement Agreement, the Settlement Administrator shall, no later than sixty (60) days after entry of this Order, distribute cash from the Escrow Account and the voucher portion of the Settlement to qualified claimants in the manner set forth in the Settlement Agreement.

3. The Court retains jurisdiction for the purposes of enforcing the Settlement Agreement as to any future cases that may be transferred to this Court by the JPML for inclusion within the Formaldehyde MDL or the Durability MDL, determining the attorneys' fees, costs, and expenses owed to Class Counsel and any other issues related thereto; and adjudicating any remaining claims of those class members who have properly

opted-out of the Settlement or whose personal injuries claims are not within the scope of the Settlement Agreement.

The Clerk is directed to forward copies of this Order to all counsel of record.

**IT IS SO ORDERED**

/s/
_____
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
September 3, 2020